# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLUMBIA

| | | |
|---|---|---|
| DENISE M. CLARK, | ) | |
| 11101 Old Coach Rd., Potomac, MD 20854, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| FEDER SEMO and BARD, P.C., | ) | Case No. 07 CV-_____ |
| 1350 Connecticut Ave., N.W., Suite 600, | ) | |
| Washington, DC 20036; | ) | |
| FEDER SEMO and BARD, P.C. | ) | |
| RETIREMENT PLAN and TRUST, | ) | |
| 1350 Connecticut Ave., N.W., Suite 600, | ) | |
| Washington, D.C. 20036; | ) | |
| JOSEPH E. SEMO, | ) | |
| 6530 Bradley Blvd., Bethesda, MD 20817; | ) | |
| HOWARD M. BARD, | ) | |
| 1726 21st St., N.W., Washington, DC 20009, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

This Complaint concerns the loss of almost 50% of the value of the Plaintiff's retirement benefits in violation of ERISA's "anti-cutback" protection for accrued benefits and ERISA's disclosure requirements. In conjunction with the termination of a pension plan, Defendants eliminated an annuity option and an actuarially-equivalent lump sum option and required participants to instead accept severely-discounted distributions, which caused the Plaintiff to lose nearly one-half of the value of her retirement benefits. In violation of ERISA's disclosure requirements, the summary plan description ("SPD") never disclosed the potential for any such losses on a plan termination.

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over the subject matter of this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331.

2.    Venue is proper in this Court under 29 U.S.C. § 1132(e) because Feder, Semo and Bard, P.C., the Feder, Semo and Bard P.C. Retirement Plan and Trust, and Defendant Howard M. Bard reside or may be found in the District of Columbia, because the Retirement Plan is administered in the District of Columbia, and because Plaintiff Denise M. Clark worked and earned benefits in the District and the breaches of duty took place in this District.

## THE PARTIES

3.    Plaintiff Denise Clark resides in Potomac, Maryland. Ms. Clark worked in the District of Columbia for Feder, Semo and Bard, P.C. as an attorney beginning in 1993. She became managing partner of the law firm in October 2000.  She terminated employment with the firm on July 31, 2002, and currently is the General Counsel for the Hotel Employees and Restaurant Employees International Union Welfare and Pension Funds in Aurora, Illinois. Ms. Clark is a "participant" in the Feder, Semo and Bard, P.C. Retirement Plan and Trust under ERISA § 3(7), 29 U.S.C. §1002(7).

4.    Defendant Feder, Semo and Bard, P.C. is a corporation organized in the District of Columbia.  Feder, Semo and Bard, P.C., was a law firm specializing in

employee benefits law until September 30, 2005. The firm ceased the active practice of law on that date but continues to exist as a corporation. Defendant Feder, Semo and Bard, P.C., is the "plan sponsor" for the Feder, Semo and Bard, P.C. Retirement Plan and Trust within the meaning of ERISA § 3(16)(B), 29 U.S.C. §1002(16)(B). Defendant Feder, Semo and Bard, P.C., also serves as the "Plan administrator" for the Feder, Semo and Bard, P.C. Retirement Plan and Trust within the meaning of ERISA § 3(16)(A), 29 U.S.C. §1002(16)(A). As the Plan administrator, Feder, Semo and Bard, P.C., is a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. §1002(21)(A).

5.    Defendant Feder, Semo and Bard, P.C. Retirement Plan and Trust (hereafter the "Feder Semo Retirement Plan" or "Retirement Plan") is a defined benefit retirement plan for the current and former employees of the law firm of Feder, Semo and Bard, P.C. The Feder Semo Retirement Plan is an "employee benefit plan" as defined in ERISA § 3(3), 29 U.S.C. §1002(3), and an "employee pension benefit plan" as defined in ERISA § 3(2)(A), 29 U.S.C. §1002(2)(A). The Retirement Plan can be found in the District of Columbia because it was administered from the District of Columbia and because employees earned and received benefits in the District of Columbia.

6.    Defendants Joseph E. Semo and Howard M. Bard are trustees for the Feder Semo Retirement Plan. As trustees, Messrs. Semo and Bard are "fiduciaries" for the Retirement Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. §1002(21)(A).

## FACTUAL ALLEGATIONS

7.    After nearly 10 years of service, Plaintiff Denise Clark terminated her employment with Feder, Semo and Bard, P.C. on July 31, 2002. As a result of her service, she was vested under the Retirement Plan and had a right to receive her accrued benefits.

8.    Section 8.4 of the Retirement Plan document, as restated on October 1, 2002, is titled "Timing of Distribution." It provides that:

> if a Participant's Accrued Benefit exceeds $15,000, such Participant's benefit...shall not be distributed earlier than (1) the completion of the Plan's valuation following the fifth (5th) anniversary of the Participant's termination of employment, (2) death, (3) the attainment of the Participant's Normal Retirement Date or (4) if the Participant has at least five (5) Years of Service, the attainment of age 63 and incurrence of a one-year Break-in-Service.

9.    Section 8.3(a) of the Retirement Plan document is titled "Rules for Calculating Optional Forms of Benefits."  It provides that:

> In no event shall the present value of any amount determined under this Section 8.3 be less than the greater of the present value of Accrued Benefit determined by using (1) the Actuarial Equivalent or (2) the applicable interest rate and applicable mortality table as determined under Sections (b) and (c) below.

10.    Prior to September 2005, Ms. Clark expected that she would receive her accrued benefits in the form of an annuity, or else as a lump sum based on the present value of that annuity on or after August 1, 2007, five years after she terminated her employment.

11.    On or about September 5, 2003, the Board of Directors of Feder, Semo, and Bard, P.C. amended the Retirement Plan to freeze the accrual of future retirement benefits

effective after September 30, 2003.

12.     On or about July 29, 2005, a "Second Amendment" to the Retirement Plan was adopted effective August 1, 2005. This amendment provided that "the distribution restrictions set forth in the first sentence to this Section 8.4 apply only to Participants who are or have been a shareholder of the Employer on or after December 31, 2004."

13.     Because Ms. Clark was not a shareholder of Feder, Semo & Bard, P.C. on or after December 31, 2004, she should have been able to take a lump sum distribution equal to the present value of her annuity immediately after August 1, 2005.

14.     Ms. Clark received a letter on or about September 2, 2005, stating that she was eligible to receive her accrued benefit. The accompanying benefit statement indicated that her accrued benefit was $4,860.55 per month beginning at age 65.

15.     On September 26, 2005, the Board of Directors of Feder, Semo and Bard, P.C. approved an amendment to terminate the Retirement Plan effective on that date.

16.     On September 30, 2005, Ms. Clark received a second letter from Feder, Semo and Bard, P.C. informing participants of the plan termination and stating that "all benefits will be distributed" as a result. The attached benefits statement indicated that Ms. Clark's lump sum benefit would be $166,541.71. The statement did not offer her an annuity of $4,860.55 per month or the option of receiving a lump sum payment based on the actuarial present value of that annuity.

17.     On or after September 30, 2005, Ms. Clark requested a lump sum

5

distribution of the $166,541.71 amount and reserved the right to pursue any difference between that distribution and the value of her accrued benefits.

18.    On October 5, 2005, William Anspach, outside counsel for Defendant Feder, Semo, and Bard, P.C., sent Ms. Clark an e-mail which informed her that the lump sum actuarial equivalent of her $4,860.55 annuity benefit was actually $312,380.83 as of October 31, 2005, but her benefits had been "pro-rata reduced to match the plan's assets."

19.    On October 17, 2005, Ms. Clark hand-delivered a formal written appeal of her benefit calculation to Defendant Feder, Semo and Bard, P.C.

20.    In a letter dated December 14, 2005, Mr. Anspach responded to Ms. Clark's appeal by stating that her benefit was calculated correctly and denying the claim.

21.    Based on the facts recited above, counsel for Ms. Clark requested reconsideration of the denial in letters dated January 6, 2006, and June 13, 2006.   Mr. Anspach's responses on February 14, 2006 and August 15, 2006 characterized Ms. Clark's entitlement to $312,380.83 as a "windfall" from the application of lower "GATT" interest rates in computing the lump sum amount and denied that any optional forms of distribution had been eliminated.

## CLAIM ONE

## REDUCTION OR ELIMINATION OF OPTIONAL FORMS OF BENEFIT IN VIOLATION OF ERISA SECTION 204(G)'s "ANTI-CUTBACK" RULE

22.    The preceding factual allegations are hereby included as if set forth at length.

23.    The reduction or elimination of an optional form of benefit invokes the protections of ERISA § 204(g)(2), 29 U.S.C. §1054(g)(2).  "For purposes of this section, a plan amendment includes any changes to the terms of a plan, including changes resulting from ... a plan termination."  Treas. Reg. 1.411(d)-3(a)(1); see also Treas. Reg. 1.411(d)-4, Q&A-2(a)(3)(ii)(B), Example (2); Revenue Ruling 85-6, 1985-1 C.B. 133; S. Rep. No. 98-575, at 31, 1984 U.S.C.C.A.N. 2547, 2577 ("The bill does not provide an exception to the prohibition against reduction of benefits or elimination of benefit options in the case of a terminated plan"); *Gillis v. Hoechst Celanese Corp.*, 4 F.3d 1137, 1150 (3d Cir. 1995) (Alito, concurring); *Aldridge v. Lily-Tulip*, 953 F.2d 587, 590 (11th Cir. 1992).

24.    Optional forms of benefits are protected against changes that are made "directly or indirectly" or through "multiple" or "serial" amendments. Treas. Reg. 1.411(d)-3(a)(2)(ii) and (iii); Treas. Reg. 1.411(d)-4, Q&A-2(c). Thus, if a plan sponsor adopts an amendment to terminate a plan and optional forms of benefit are directly or indirectly reduced as a result, ERISA § 204(g) is violated.

25.    Sections 8.3 and 8.4 of the Retirement Plan document as restated on October 1, 2002, provided Ms. Clark with an annuity option at normal retirement age or the option of taking a lump sum actuarial equivalent of the normal retirement benefit five years after a termination of employment, i.e., on or after August 1, 2007. The "Second Amendment" dated July 29, 2005 moved this eligibility date up to August 1, 2005.

26.    Under ERISA § 204(g)(2), these optional forms of benefit could not be reduced or eliminated with respect to "accrued benefits." See also Treas. Reg. 1.411(d)-4; *Arakelian v. National Western Life Ins. Co.*, 724 F.Supp. 1033, 1035 (D.D.C. 1989) ("surrender charges" imposed on lump sum distributions violated ERISA 204(g)); *Counts v. Kissack Water and Oil*, 986 F.2d 1322, 1323-25 (10th Cir. 1993) (amendment eliminating lump sum option violated § 204(g)(2)); *Kiefer v. Ceridian Corp.*, 976 F.Supp. 829, 846-47 (D.Minn. 1997) (change in computational methodology reducing benefits violated anti-cutback rule; plan's "efforts to conform to [Tax Reform Act] does not allow them to violate ERISA itself"); *Auwater v. Donohoe Paper Sales Corp. Defined Benefit Pension Plan*, 802 F.Supp. 830, 838 (E.D.N.Y. 1992) ("an optional form of benefit, such as the lump sum option" "cannot be eliminated by Plan Amendment").

27.    Ms. Clark's accrued benefits equaled $4,860.55. Under ERISA, the right to receive those benefits as an annuity or to elect the present value of those benefits on or after August 1, 2007 (or August 1, 2005 under the "Second Amendment") cannot be reduced or eliminated. Paying Ms. Clark only a little over one-half of those benefits is a reduction or elimination of her accrued benefits.

## CLAIM TWO

## VIOLATIONS OF ERISA'S DISCLOSURE REQUIREMENTS

28.    The United States Department of Labor's regulations on ERISA disclosures provide that if a plan is "not insured" by the Pension Benefit Guaranty Corporation, the

summary plan description ("SPD") for the plan shall contain "a statement of this fact, and [the] reason for the lack of insurance." 29 C.F.R. 2520.102-3(m)(1). The regulations further mandate that the SPD must contain a statement "clearly identifying circumstances which may result in [the] loss ... of any benefits that a participant might otherwise reasonably expect the plan to provide on the basis of the description of benefits." 29 C.F.R. 2520.102-3(l).

29.    The SPD for the Feder Semo Retirement Plan stated that:

> Benefits under this Plan are insured by the PBGC if this Plan has more than 25 participants. If PBGC covers the Plan and, on termination, if the Plan does not have sufficient assets to pay the benefit, the PBGC will provide all or part of that benefit.

30.    The summary annual report for the plan year ending September 30, 2004, showed that the Feder Semo Retirement Plan had 28 participants and the actuarial report for 2001 showed that it had 30 participants.

31.    The SPD did not state that the Retirement Plan was "not insured" by PBGC, nor did it state any reason for a lack of insurance.

32.    There was also no statement in the SPD "clearly identifying circumstances which may result in [the] loss of the benefits" that the Retirement Plan otherwise described and promised to provide.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

A.    Declare that the reduction or elimination of the annuity benefit and the

9

option providing Ms. Clark with the lump sum actuarial equivalent of her accrued benefit violates ERISA § 204(g) because it unlawfully reduces or eliminates optional forms of benefit.

      B.     Declare that the statements in the SPD on whether the Feder Semo Retirement Plan is insured do not comply with ERISA's disclosure requirements and that the SPD fails to identify any circumstances in which a participant's entitlement to accrued benefits can be reduced to close to one-half of their value.

      C.     Award such other equitable and remedial relief as the Court deems appropriate to ensure the Plaintiff's receipt of all retirement benefits required to give effect to the Court's declarations.

      D.     Order the Defendants to pay interest, attorneys' fees and expenses.

**DATED** this 13th day of March 2007.

Respectfully submitted,

Stephen R. Bruce
D.C. Bar No. 289066
805 15th St., NW, Suite 210
Washington, D.C. 20005
(202) 371-8013
stephen.bruce@prodigy.net

Attorney for Plaintiff

10

07-470
K
JAB

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Denise M. Clark | Feder Semo and Bard, PC; Feder Semo and Bard, P.C. Retirement Plan and Trust; Joseph E. Semo; Howard M. Bard |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stephen R. Bruce
805 15th St., N.W., Suite 210
Washington, DC 20005
(202) 371-8013

Case: 1:07-cv-00470
Assigned To : Bates, John D.
Assign. Date : 03/13/2007
Description: Clark v. Feder Semo

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ⊙ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Defendants eliminated valuable optional form of retirement benefit in violation of Employee Retirement Income Security Act, 29 U.S.C. 1001, et seq.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** ⌐ ⌐ ⌐ ⌐ ⌐ Check YES only if demanded in complaint    **JURY DEMAND:** YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE March 13, 2007    SIGNATURE OF ATTORNEY OF RECORD _____

JIC

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.