UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | | |
|---|---|---|
| DENISE M. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| FEDER SEMO and BARD, P.C., | ) | Case No. 07-CV-470 (JDB) |
| FEDER SEMO and BARD, P.C. | ) | |
| RETIREMENT PLAN and TRUST, | ) | |
| JOSEPH E. SEMO, and | ) | |
| HOWARD M. BARD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**JOINT RULE 16.3 REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3(a) and this Court's April 6, 2007

Order, Stephen R. Bruce, counsel for Plaintiff, and Jason H. Ehrenberg, counsel for

Defendants, conferred on April 25, 2007 and May 7-8, 2007 concerning the topics listed

in LCvR 16.3(c) and respectfully submit the following joint report outlining the results of

the conference:

**Statement of the Case**

**For the Plaintiff**: Ms. Denise Clark worked for Feder, Semo and Bard, P.C. as an

attorney for nearly ten years until July 31, 2002.  As a result of her employment, she was a

participant in the Feder, Semo and Bard, P.C. Retirement Plan and Trust (the "Retirement

Plan" or the "Feder Semo Retirement Plan") and had a vested right to receive the benefits

she accrued under the plan's benefit formula.

Sections 8.3 and 8.4 of the Retirement Plan document provided Ms. Clark with the

option of receiving her accrued benefits in the form of: (1) an annuity, or (2) a lump sum

based on the value of that annuity five years after she terminated her employment, which

based on her July 31, 2002 termination of employment was August 1, 2007.  On

September 5, 2003, the Board of Directors of Feder, Semo and Bard, P.C. amended the

Retirement Plan to freeze the accrual of future retirement benefits effective September 30,

2003.

On July 29, 2005, a "Second Amendment" to the Retirement Plan was adopted

which removed the five-year restriction on the receipt of benefits. As a result, Ms. Clark

had the option of taking a lump sum distribution equal to the present value of her annuity

on or after August 1, 2005.  However, she was not told about this amendment until

September 2, 2005, when she received a letter and benefit statement indicating that her

accrued benefit was $4,860.55 per month beginning at age 65.

Less than a month later, on September 29, 2005, Ms. Clark received another letter

telling her and other participants that the Board of Directors of Feder, Semo and Bard,

P.C. terminated the Retirement Plan effective September 26, 2005 and stating that "all

benefits will be distributed" as a result.  An attached benefits statement indicated that Ms.

Clark's lump sum benefit would be $166,541.71.  The benefits statement did not offer her

(1) the annuity of $4,860.55 per month, or (2) the option of receiving a lump sum

payment based on the present value of that annuity. The present value of the $4,860.55

monthly annuity was over $312,000. As a result, Ms. Clark was being offered only a little

over 53% of the value of her retirement benefits.

Feder, Semo and Bard, P.C. has taken the position that Ms. Clark is not entitled to

a lump sum actuarial equivalent of her $4,860.55 annuity benefit. An outside counsel for

the firm, William Anspach, admits that the present value would have been $312,380.83 as

of October 31, 2005, but states that her benefits have been "pro-rata reduced to match the

plan's assets."  Mr. Anspach characterizes Ms. Clark's entitlement to the $312,380.83 as

"windfall" from the application of low interest rates in the computation of the lump sum

amount.

Plaintiff alleges two grounds for relief under ERISA:

1.      The "anti-cutback" rule in ERISA §204(g), 29 U.S.C. §1054(g), does not

permit the reduction or elimination of an optional form of benefit, including any reduction

or elimination resulting from a plan termination.  See Treas. Reg. 1.411(d)-3(a)(1).

Optional forms of benefits are also protected against changes that are made "directly or

indirectly" or by "multiple" or "serial" amendments.  Treasury Reg. 1.411(d)-3(a)(2)(ii)

and (iii); Treas. Reg. 1.411(d)-4, Q&A-2(c).  Thus, Ms. Clark's right to receive her

$4,860.55 in accrued benefits as an annuity or a lump sum actuarial equivalent could not

be reduced or eliminated.

2.      The Department of Labor's regulations on ERISA disclosures provides that

if a plan is "not insured" by the PBGC, the summary plan description ("SPD") "shall

contain a statement of this fact, and [the] reason for the lack of insurance." 29 C.F.R.

2520.102-3(m)(1). The SPD for the Feder Semo Retirement Plan stated that "benefits

under this Plan are insured by the PBGC if this Plan has more than 25 participants...on

termination, if the Plan does not have sufficient assets to pay the benefit, the PBGC will

provide all or part of that benefit."The SPD did not state that the Retirement Plan was

"not insured" by the PBGC, nor did it state any reason for lack of insurance.  The SPD

also did not "clearly identify[] circumstances that may result in [the] loss of the benefits"

that the Retirement Plan promised to provide.  The summary annual report for the plan

year ending September 30, 2004, furthermore, showed that the Retirement Plan had 28

participants.

**For the Defendants**: Defendants' contend that Plaintiff's Complaint fails to state a

claim upon which relief can be granted. Defendants further contend that, to the extent

Plaintiff's Complaint purports to seek relief under ERISA, Defendants acted in

accordance with any obligations imposed upon them by ERISA and/or the relevant

ERISA plan documents and, therefore, Plaintiff is not entitled to any relief.

**LCvR 16.3 Topics:**

1) **Dispositive Motions**:

   Plaintiff does not intend to file dispositive motions before Rule 26(a)(1) disclosures

   and at least limited discovery. Defendants believe that this case should be resolved

   through an early dispositive motion to be filed on or before June 22, 2007 and that this

   case is exempt from the initial disclosure requirements and the Rule 26(f) discovery

   planning requirements pursuant to FRCP 26(a)(1)(E) and LCvR 16.3(b)(1) (pertaining

   to "an action for review on an administrative record"). Plaintiff agrees to the June 22,

   2007 filing date for Defendants' motion.

2) **Joinder of Parties/Amendment of Pleadings by**: Plaintiff originally proposed June

   29, 2007, contingent on Rule 26(a)(1) disclosures by June 1, 2007. Defendants

   propose June 1, 2007, and contend that Rule 26(a)(1) disclosures are not required.

   Plaintiff counter-proposes that the date for joinder of parties or amendment of the

   pleadings be 20 days after a motion concerning Defendants' Rule 26(a)(1) obligations

   is resolved and any such disclosures are produced.

3) **Magistrate Judge**: Defendants do not consent to proceed before a Magistrate Judge.

4) **Possibility of Settlement**:  Defendants do not believe there is a realistic possibility of

   resolving this case through settlement. The Plaintiff does not rule out the possibility of

   settlement, but needs to evaluate the number of other participants who will be affected

   by a resolution favorable to the Plaintiff.

5) **Validity of ADR**:  The Plaintiff believes that ADR may be useful prior to dispositive

motions and trial. After considering the matters in LCvR 16.3(c)(5)(i)-(v), Defendants

do not believe that this case is a candidate for ADR.

6) **Dispositive Motions Deadline** (Plaintiff's proposal):

a)      **Motions**: November 12, 2007.

b)      **Oppositions**: December 3, 2007.

c)      **Replies**: December 21, 2007.

Defendants contend that Plaintiff's Complaint fails to state a claim upon which relief

can be granted. Defendants further contend that, to the extent Plaintiff's Complaint

purports to seek relief under ERISA, Plaintiff is not entitled to any discovery.

Defendants therefore believe that this case should be resolved by an early dispositive

motion.

7) **Pre-Discovery Disclosures**: Plaintiffs propose that the Rule 26(a)(1) disclosures,

including the documents themselves, shall be exchanged on or before June 1, 2007. As

noted above, Defendants contend that Rule 26(a)(1) disclosures are not required.

8) **Discovery**:

a)      **Deadlines** (Plaintiff's proposal):

i)   All Discovery Completed By: October 1, 2007.

ii)  Last Interrogatories, Requests for Admissions and Requests for Production of
     Documents Propounded By: August 15, 2007.

iii) Depositions Completed By: October 1, 2007.

b)    **Limits**: Plaintiff believes that the parties should comply with the discovery

limitations imposed by the Federal Rules of Civil Procedure and that each side

should be limited to ten (10) depositions. As indicated, Defendants object to the

taking of any discovery in this action. Defendants contend that Plaintiff's

Complaint fails to state a claim upon which relief can be granted and can be

resolved by early dispositive motion. Defendants further contend that, to the extent

Plaintiff's Complaint purports to seek relief under ERISA, the case is exempt from

the requirements of LCvR 16.3, see to LCvR 16.3(b) (identifying exempted cases)

and that Plaintiff is not entitled to any additional discovery.

9) **Expert Deadlines**: Plaintiff has not retained any expert witnesses, but reserves the

right to use an accounting expert or experts. Any such expert reports shall be

completed by October 1, 2007. As noted, Defendants object to the taking of any

discovery in this action and also object to any expert reports.

10) **Class Actions**: The parties agree that this case is not an appropriate candidate for

class certification.

11) **Bifurcation**: The parties agree that neither discovery nor the trial should be

bifurcated.

12) **Date for Pre-Trial Conference**: The Plaintiff requests that the date for the pretrial

conference be sixty (60) days after rulings on any dispositive motions. Defendants

contend that no pretrial conference needs to be scheduled because the action will be

resolved by dispositive motions.

13) **Trial Date**: Plaintiff requests that the Court set the trial date at the pretrial

conference. Defendants contend that a firm trial date need not be scheduled because

the action will be resolved by summary judgment.

14) **Other Matters**: None at this time.

Dated:     May 8, 2007.

Respectfully submitted,

    /s/ Stephen R. Bruce
Stephen R. Bruce (D.C. # 289066)
805 15th St., NW, Suite 210
Washington, D.C. 20005
Tel: (202) 371-8013
Fax: (202) 371-0121
stephen.bruce@prodigy.net

Attorney for Plaintiff

    /s/ Jason H. Ehrenberg
Jason H. Ehrenberg (D.C. # 469077)
James C. Bailey (D.C. # 462391)
Bailey & Ehrenberg PLLC
1155 Connecticut Ave., NW, Suite 1100
Washington, D.C. 20036
Tel: (202) 465-4729
Fax: (202) 318-7071
jhe@becounsel.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COLUMBIA**

| | | |
|---|---|---|
| DENISE M. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| FEDER SEMO and BARD, P.C., | ) | Case No. 07-CV-470 (JDB) |
| FEDER SEMO and BARD, P.C. | ) | |
| RETIREMENT PLAN and TRUST, | ) | |
| JOSEPH E. SEMO, and | ) | |
| HOWARD M. BARD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S PROPOSED SCHEDULING ORDER**

Upon consideration of the joint report of the parties submitted pursuant to LCvR

16.3(d), and after a scheduling conference held in open Court on May 11, 2007, it is

hereby **ORDERED** that:

1.    Defendants shall file a motion in support of their position that initial disclosures

      under Fed. R. Civ. P. 26(a)(1) and discovery pursuant to Rules 26-37 are not

      permitted no later than May 25, 2007. Plaintiff shall respond by June 15, 2007.

2.    Defendants shall file the early dispositive motion referenced in the Joint Rule 16.3

      Report by June 22, 2007. Plaintiff shall respond by July 16, 2007.

3.    Motions to join third parties or to amend the pleadings shall be filed no later than

      20 days after the Order resolving the motion described in Paragraph 1 and the

      initial disclosures, if any are required, are produced.

4.    Each party may use expert witnesses on accounting. Any such expert reports shall

be completed by October 1, 2007.

5.    Each party is limited to a maximum of ten (10) depositions.

6.    Each party is limited to a maximum of twenty-five (25) interrogatories, including

       discrete subparts.  Responses to all interrogatories shall be made 30 days after

       service.

7.    Each party is limited to a maximum of twenty-five (25) requests for admissions,

       including discrete subparts.  Responses to all requests for admissions shall be

       made 30 days after service.

8.    All discovery shall be completed no later than October 1, 2007.

9.    Dispositive motions, other than the early dispositive motion referred to above,

       shall be filed no later than November 12, 2007; oppositions shall be filed no later

       than December 3, 2007; and replies shall be filed no later than December 21, 2007.

       A motion for extension of time to file a motion, opposition, or reply will be denied

       except upon a showing of good cause. The page limits for briefs referenced in

       LCvR 7(e) are to be followed by the parties.

10.   Discovery material shall not be filed with the Court unless so ordered. See LCvR

       5.2(a).

11.   Counsel are expected to conduct themselves in a civil, polite, and professional

       manner at all times, particularly during discovery. Counsel are referred to LcvR

       26.2 and expected to conform fully with its directives. Moreover, counsel are

required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m) to confer in good faith

in an effort to resolve any discovery dispute before bringing it to the Court's

attention. In the event that counsel are unable to resolve a dispute, counsel shall

contact chambers to arrange for a conference with the Court. Counsel shall not file

discovery motions without a prior telephone conference with the Court and

opposing counsel.

12.    Counsel are expected to evaluate their respective cases for settlement purposes and

make a good faith effort to narrow the factual issues in dispute. If the case settles,

Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

13.    The pre-trial conference shall be held within 60 days after the Court's ruling on

any dispositive motions.

14.    The date for trial shall be set at the pre-trial conference.

15.    This schedule shall not be modified, even where all parties consent, except upon a

showing of good cause and by leave of the Court. See Fed. R. Civ. P. 16(b); LCvR

16.4(b).

**SO ORDERED.**


Date: _____, 2007

_____
JOHN D. BATES
United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA**

| | | |
|---|---|---|
| DENISE M. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| FEDER SEMO and BARD, P.C., | ) | Case No. 07-CV-470 (JDB) |
| FEDER SEMO and BARD, P.C. | ) | |
| RETIREMENT PLAN and TRUST, | ) | |
| JOSEPH E. SEMO, and | ) | |
| HOWARD M. BARD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS' PROPOSED SCHEDULING ORDER**

Upon consideration of the joint report of the parties submitted pursuant to LCvR

16.3(d), and after a scheduling conference held in open Court on May 11, 2007, it is

hereby **ORDERED** that:

1.    Defendants intend to file a dispositive motion in this action and recommends to the

       Court that discovery or other matters, including Rule 26(a)(1) initial disclosures,

       should await a decision on the motion.

2.    Last date for joinder of parties or amendment of pleadings:  June 1, 2007.

3.    Date for filing dispositive motions:  June 22, 2007 (three weeks after the last date

       for joinder of parties or amendment of pleadings), with oppositions and replies to

       be due in accordance with the Local Rules of the United States District Court for

       the District of Columbia.

4.      Date for pretrial conference:  within 60 days after any decision on dispositive

        motions.

5.      Date for trial:  to be set at the pretrial conference.

        **SO ORDERED.**


Date:  _____, 2007             _____
                                           HON. JOHN D. BATES
                                           United States District Judge