# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLUMBIA

DENISE M. CLARK,                           )
                                           )
                          Plaintiff,       )
       vs.                                 )        Case No. 07 CV-470 (JDB)
                                           )
FEDER SEMO and BARD, P.C.,                 )
FEDER SEMO and BARD, P.C.                  )
RETIREMENT PLAN and TRUST,                 )
JOSEPH E. SEMO,                            )
HOWARD M. BARD,                            )
                                           )
                          Defendants.      )
_____     )

## AMENDED COMPLAINT

This Complaint concerns the loss of almost 50% of the value of the

Plaintiff's retirement benefits in violation of ERISA's "anti-cutback" protection

for accrued benefits and ERISA's disclosure requirements and fiduciary duties. In

conjunction with the termination of a pension plan, Defendants eliminated an

annuity option and an actuarially-equivalent lump sum option and required

participants to accept severely-discounted distributions, which caused the Plaintiff

to lose nearly one-half of the value of her retirement benefits. In violation of

ERISA's disclosure requirements, the summary plan description ("SPD") never

disclosed the potential for any such losses on a plan termination. In violation of

their fiduciary duties, the trustees ignored these protective rules and failed to

marshal and properly distribute all of the plan's assets to participants.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over the subject matter of this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331.

2.      Venue is proper in this Court under 29 U.S.C. § 1132(e) because Feder, Semo and Bard, P.C., the Feder, Semo and Bard P.C. Retirement Plan and Trust, and Defendant Howard M. Bard reside or may be found in the District of Columbia, because the Retirement Plan is administered in the District of Columbia, and because Plaintiff Denise M. Clark worked and earned benefits in the District and the breaches of duty took place in this District.

## THE PARTIES

3.      Plaintiff Denise Clark resides in Potomac, Maryland. Ms. Clark worked in the District of Columbia for Feder, Semo and Bard, P.C. as an attorney beginning in 1993. She became managing partner of the law firm in October 2000. She terminated employment with the firm on July 31, 2002, and currently is the General Counsel for the Hotel Employees and Restaurant Employees International Union Welfare and Pension Funds in Aurora, Illinois. Ms. Clark is a "participant" in the Feder, Semo and Bard, P.C. Retirement Plan and Trust under ERISA § 3(7),

29 U.S.C. §1002(7).

4.    Defendant Feder, Semo and Bard, P.C. is a corporation organized in the District of Columbia. Feder, Semo and Bard, P.C., was a law firm specializing in employee benefits law until September 30, 2005. The firm ceased the active practice of law on that date but continues to exist as a corporation. Defendant Feder, Semo and Bard, P.C., is the "plan sponsor" for the Feder, Semo and Bard, P.C. Retirement Plan and Trust within the meaning of ERISA § 3(16)(B), 29 U.S.C. §1002(16)(B). Defendant Feder, Semo and Bard, P.C., also serves as the "Plan administrator" for the Feder, Semo and Bard, P.C. Retirement Plan and Trust within the meaning of ERISA § 3(16)(A), 29 U.S.C. §1002(16)(A). As the Plan administrator, Feder, Semo and Bard, P.C., is a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. §1002(21)(A).

5.    Defendant Feder, Semo and Bard, P.C. Retirement Plan and Trust (hereafter the "Feder Semo Retirement Plan" or "Retirement Plan") is a defined benefit retirement plan for the current and former employees of the law firm of Feder, Semo and Bard, P.C. The Feder Semo Retirement Plan is an "employee benefit plan" as defined in ERISA § 3(3), 29 U.S.C. §1002(3), and an "employee pension benefit plan" as defined in ERISA § 3(2)(A), 29 U.S.C. §1002(2)(A). The Retirement Plan can be found in the District of Columbia because it was

administered from the District of Columbia and because employees earned and

received benefits in the District of Columbia.

6. Defendants Joseph E. Semo and Howard M. Bard are trustees for the

Feder Semo Retirement Plan. As trustees, Messrs. Semo and Bard are "fiduciaries"

for the Retirement Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C.

§1002(21)(A).

## FACTUAL ALLEGATIONS

7. After nearly 10 years of service, Plaintiff Denise Clark terminated her

employment with Feder, Semo and Bard, P.C. on July 31, 2002. As a result of her

service, she was vested under the Retirement Plan and had a right to receive her

accrued benefits.

8. Section 8.4 of the Retirement Plan document, as restated on October

1, 2002, is titled "Timing of Distribution." It provides that:

> if a Participant's Accrued Benefit exceeds $15,000, such Participant's
> benefit...shall not be distributed earlier than (1) the completion of the Plan's
> valuation following the fifth (5th) anniversary of the Participant's
> termination of employment, (2) death, (3) the attainment of the Participant's
> Normal Retirement Date or (4) if the Participant has at least five (5) Years
> of Service, the attainment of age 63 and incurrence of a one-year Break-in-
> Service.

9. Section 8.3(a) of the Retirement Plan document is titled "Rules for

Calculating Optional Forms of Benefits." It provides that:

4

In no event shall the present value of any amount determined under this Section 8.3 be less than the greater of the present value of Accrued Benefit determined by using (1) the Actuarial Equivalent or (2) the applicable interest rate and applicable mortality table as determined under Sections (b) and (c) below.

10.     Prior to September 2005, Ms. Clark expected that she would receive her accrued benefits in the form of an annuity, or else as a lump sum based on the present value of that annuity on or after August 1, 2007, five years after she terminated her employment.

11.     On or about September 5, 2003, the Board of Directors of Feder, Semo, and Bard, P.C. amended the Retirement Plan to freeze the accrual of future retirement benefits effective after September 30, 2003.

12.     On or about July 29, 2005, a "Second Amendment" to the Retirement Plan was adopted effective August 1, 2005.  This amendment provided that "the distribution restrictions set forth in the first sentence to this Section 8.4 apply only to Participants who are or have been a shareholder of the Employer on or after December 31, 2004."

13.     Because Ms. Clark was not a shareholder of Feder, Semo & Bard, P.C. on or after December 31, 2004, she should have been able to take a lump sum distribution equal to the present value of her annuity immediately after August 1, 2005.

14. Ms. Clark received a letter on or about September 2, 2005, stating that she was eligible to receive her accrued benefit. The accompanying benefit statement indicated that her accrued benefit was $4,860.55 per month beginning at age 65.

15. On September 26, 2005, the Board of Directors of Feder, Semo and Bard, P.C. approved an amendment to terminate the Retirement Plan effective on that date.

16. On September 30, 2005, Ms. Clark received a second letter from Feder, Semo and Bard, P.C. informing participants of the plan termination and stating that "all benefits will be distributed" as a result. The attached benefits statement indicated that Ms. Clark's lump sum benefit would be $166,541.71. The statement did not offer her an annuity of $4,860.55 per month or the option of receiving a lump sum payment based on the actuarial present value of that annuity.

17. On or after September 30, 2005, Ms. Clark requested a lump sum distribution of the $166,541.71 amount and reserved the right to pursue any difference between that distribution and the value of her accrued benefits.

18. On October 5, 2005, William Anspach, outside counsel for Defendant Feder, Semo, and Bard, P.C., sent Ms. Clark an e-mail which informed her that the lump sum actuarial equivalent of her $4,860.55 annuity benefit was actually

$312,380.83 as of October 31, 2005, but her benefits had been "pro-rata reduced to match the plan's assets."

19.    On October 17, 2005, Ms. Clark hand-delivered a formal written appeal of her benefit calculation to Defendant Feder, Semo and Bard, P.C.

20.    In a letter dated December 14, 2005, Mr. Anspach responded to Ms. Clark's appeal by stating that her benefit was calculated correctly and denying the claim.

21.    Based on the facts recited above, counsel for Ms. Clark requested reconsideration of the denial in letters dated January 6, 2006, and June 13, 2006. Mr. Anspach's responses on February 14, 2006 and August 15, 2006 characterized Ms. Clark's entitlement to $312,380.83 as a "windfall" from the application of lower "GATT" interest rates in computing the lump sum amount and denied that any optional forms of distribution had been eliminated.

## CLAIM ONE

### REDUCTION OR ELIMINATION OF OPTIONAL FORMS OF BENEFIT IN VIOLATION OF ERISA SECTION 204(G)'s "ANTI-CUTBACK" RULE

22.    The preceding factual allegations are hereby included as if set forth at length.

23.    The reduction or elimination of an optional form of benefit invokes

7

the protections of ERISA § 204(g)(2), 29 U.S.C. §1054(g)(2).  "For purposes of

this section, a plan amendment includes any changes to the terms of a plan,

including changes resulting from ... a plan termination."  Treas. Reg. 1.411(d)-

3(a)(1); see also Treas. Reg. 1.411(d)-4, Q&A-2(a)(3)(ii)(B), Example (2);

Revenue Ruling 85-6, 1985-1 C.B. 133; S. Rep. No. 98-575, at 31, 1984

U.S.C.C.A.N. 2547, 2577 ("The bill does not provide an exception to the

prohibition against reduction of benefits or elimination of benefit options in the

case of a terminated plan"); *Gillis v. Hoechst Celanese Corp.*, 4 F.3d 1137, 1150

(3d Cir. 1995) (Alito, concurring); *Aldridge v. Lily-Tulip*, 953 F.2d 587, 590 (11th

Cir. 1992).

24.    Optional forms of benefits are protected against changes that are

made "directly or indirectly" or through "multiple" or "serial" amendments. Treas.

Reg. 1.411(d)-3(a)(2)(ii) and (iii); Treas. Reg. 1.411(d)-4, Q&A-2(c). Thus, if a

plan sponsor adopts an amendment to terminate a plan and optional forms of

benefit are directly or indirectly reduced as a result, ERISA § 204(g) is violated.

25.    Sections 8.3 and 8.4 of the Retirement Plan document as restated on

October 1, 2002, provided Ms. Clark with an annuity option at normal retirement

age or the option of taking a lump sum actuarial equivalent of the normal

retirement benefit five years after a termination of employment, i.e., on or after

August 1, 2007. The "Second Amendment" dated July 29, 2005 moved this eligibility date up to August 1, 2005.

26.    Under ERISA § 204(g)(2), these optional forms of benefit could not be reduced or eliminated with respect to "accrued benefits." See also Treas. Reg. 1.411(d)-4; *Arakelian v. National Western Life Ins. Co.*, 724 F.Supp. 1033, 1035 (D.D.C. 1989) ("surrender charges" imposed on lump sum distributions violated ERISA 204(g)); *Counts v. Kissack Water and Oil*, 986 F.2d 1322, 1323-25 (10th Cir. 1993) (amendment eliminating lump sum option violated § 204(g)(2)); *Kiefer v. Ceridian Corp.*, 976 F.Supp. 829, 846-47 (D.Minn. 1997) (change in computational methodology reducing benefits violated anti-cutback rule; plan's "efforts to conform to [Tax Reform Act] does not allow them to violate ERISA itself"); *Auwater v. Donohoe Paper Sales Corp. Defined Benefit Pension Plan*, 802 F.Supp. 830, 838 (E.D.N.Y. 1992) ("an optional form of benefit, such as the lump sum option" "cannot be eliminated by Plan Amendment").

27.    Ms. Clark's accrued benefits equaled $4,860.55. Under ERISA, the right to receive those benefits as an annuity or to elect the present value of those benefits on or after August 1, 2007 (or August 1, 2005 under the "Second Amendment") cannot be reduced or eliminated. Paying Ms. Clark only a little over one-half of those benefits is a reduction or elimination of her accrued benefits.

## CLAIM TWO

### <u>VIOLATIONS OF ERISA'S DISCLOSURE REQUIREMENTS</u>

28.     The United States Department of Labor's regulations on ERISA

disclosures provide that if a plan is "not insured" by the Pension Benefit Guaranty

Corporation, the summary plan description ("SPD") for the plan shall contain "a

statement of this fact, and [the] reason for the lack of insurance." 29 C.F.R.

2520.102-3(m)(1). The regulations further mandate that the SPD must contain a

statement "clearly identifying circumstances which may result in [the] loss ... of

any benefits that a participant might otherwise reasonably expect the plan to

provide on the basis of the description of benefits." 29 C.F.R. 2520.102-3(l).

29.     The SPD for the Feder Semo Retirement Plan stated that:

> Benefits under this Plan are insured by the PBGC if this Plan has
> more than 25 participants. If PBGC covers the Plan and, on
> termination, if the Plan does not have sufficient assets to pay the
> benefit, the PBGC will provide all or part of that benefit.

30.     The summary annual report for the plan year ending September 30,

2004, showed that the Feder Semo Retirement Plan had 28 participants and the

actuarial report for 2001 showed that it had 30 participants.

31.     The SPD did not state that the Retirement Plan was "not insured" by

PBGC, nor did it state any reason for a lack of insurance.

32.    There was also no statement in the SPD "clearly identifying circumstances which may result in [the] loss of the benefits" that the Retirement Plan otherwise described and promised to provide.

## CLAIM THREE

### BREACHES OF ERISA'S FIDUCIARY DUTIES

33.    Upon information and belief, the approximately 47% shortfall in the distribution to the Plaintiff was due in whole or in part to breaches of fiduciary duty under ERISA §404, 29 U.S.C. §1104, by the Plan's trustees, including: (1) allowing the Plan's funded status to dwindle from close to 100% funding at the end of 2001 to less than 55% funding without taking appropriate actions to maintain the Plan, (2) failing to collect all contributions due the Retirement Plan after the 2001 plan year, (3) miscalculating the Plan's liabilities to the former owner and principal partner of the law firm, and/or counting some or all of the plan's liabilities to him twice, and (4) otherwise mishandling and negligently failing to review the accounting of the Plan's liabilities to participants and the collection, marshaling, and distribution of its assets.

34.    The trustees have also breached their fiduciary duties under ERISA §404(a)(1)(D) by failing to protect accrued benefits, including benefit options, and by failing to disclose the plan's lack of insurance and the consequences of plan

termination as set out in Claims One and Two.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

A.    Declare that the reduction or elimination of the annuity benefit and the option providing Ms. Clark with the lump sum actuarial equivalent of her accrued benefit violates ERISA § 204(g) because it unlawfully reduces or eliminates optional forms of benefit.

B.    Declare that the statements in the SPD on whether the Feder Semo Retirement Plan is insured do not comply with ERISA's disclosure requirements and that the SPD fails to identify any circumstances in which a participant's entitlement to accrued benefits can be reduced to close to one-half of their value.

C.    Declare that the trustees failed to comply with their fiduciary duties in the collection, accounting, and distribution of the plan's assets and their duties to comply with ERISA's minimum accrual standards and disclosure requirements.

D.    Award such other legal, equitable and remedial relief as the Court deems appropriate to ensure the Plaintiff's receipt of all retirement benefits required to give effect to the Court's declarations.

E.    Order the Defendants to pay interest, attorneys' fees and expenses.

**DATED** this 1st day of June 2007.

Respectfully submitted,

 /s/ Stephen R. Bruce

Stephen R. Bruce
D.C. Bar No. 289066
805 15th St., NW, Suite 210
Washington, D.C. 20005
(202) 371-8013
stephen.bruce@prodigy.net

Attorney for Plaintiff