## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLUMBIA

DENISE M. CLARK,                )
                               )
          Plaintiff,            )
                               )
vs.                             )    Case No. 07-CV-00470 - JDB
                               )
FEDER SEMO and BARD, P.C., *et al.*,  )
                               )
          Defendants            )
_____)

## MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Feder, Semo and Bard, P.C., Feder, Semo and Bard, P.C. Retirement Plan and Trust, Joseph Semo and Howard M. Bard, (collectively "Defendants"), by and through their counsel, hereby respectfully move the Court pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings in favor of Defendants as to Plaintiff's Complaint.  As set forth more fully in the attached Memorandum of Law in Support of Motion for Judgment on the Pleadings, judgment on the pleadings in favor of Defendants is appropriate because the Complaint fails to state a claim upon which relief can be granted.  Defendants also respectfully request an award of attorneys' fees and costs associated with their filing of this Motion.

Dated:  June 22, 2007

Respectfully submitted,

*//s// Jason H. Ehrenberg*

_____
James C. Bailey (D.C. # 462391)
Jason H. Ehrenberg (D.C. # 469077)
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
T:  (202) 465-4729
F:  (202) 318-7071
E:  jhe@becounsel.com

**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June 2007, a copy of the foregoing

was served on the following via the District Court's ECF electronic filing system:


Stephen R. Bruce
805 15th Street, N.W.
Suite 210
Washington, D.C.  20005


*//s// Jason H. Ehrenberg*
_____
Jason H. Ehrenberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

DENISE M. CLARK,               )
                               )
            Plaintiff,         )
                               )
vs.                            )
                               )    Case No. 07-CV-00470 - JDB
FEDER SEMO and BARD, P.C.,     )
                               )
            *et al.*,          )
                               )
            Defendants         )
_____)

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Feder, Semo and Bard, P.C., Feder, Semo and Bard, P.C. Retirement Plan and Trust, Joseph Semo and Howard M. Bard, (collectively "Defendants"), by and through their counsel, hereby respectfully move the Court pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings in favor of Defendants as to Plaintiff Denise M. Clark's Amended Complaint.

I.      **Introduction**

This is an action brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., in which Plaintiff Denise M. Clark, an experienced employee benefits attorney, seeks pension benefits in the form of money damages. The essential facts are not in dispute. Plaintiff applied for a pension benefit and received less money than the amount to which she claimed entitlement. Plaintiff appealed the benefit decision,

1

asserting that she was entitled to additional pension benefits, and lost her appeal. The administrative record developed below establishes that Plaintiff is not entitled to additional benefits.

Rather than bring an action for benefits under ERISA – perhaps because Plaintiff recognizes that the administrative record supports Defendants' benefits decision – Plaintiff casts the instant action in a novel and unauthorized way, in a plain effort to circumvent ERISA's well-established remedial scheme. Indeed, Plaintiff makes up Counts I and II of the Amended Complaint – without a shred of authority for the "legal theories" upon which she bases her claims. At Count III of the Amended Complaint, Plaintiff purports to allege a breach of fiduciary duty – but on that count, she fails to state a cognizable claim, and even if she did, ERISA forecloses her from obtaining the monetary relief that she seeks. At bottom, a cursory review of the Amended Complaint demonstrates that Plaintiff's manufactured claims are a transparent effort to engage Defendants in costly discovery. Thankfully, ERISA's carefully crafted remedial scheme precludes Plaintiff from engaging in such gamesmanship.

As set forth below, Plaintiff's Amended Complaint should be dismissed because (1) an individual pension plan participant – such as Plaintiff here – cannot bring a fiduciary breach to obtain benefits for herself where she has available a claim for benefits, and (2) even if Plaintiff could proceed with a fiduciary breach claim, Plaintiff would not be entitled to the individual relief she seeks. Setting aside Plaintiff's first two counts – which simply have no basis in the law – the fact

that Plaintiff made a strategic decision to cast her third cause of action as one for breach of fiduciary duty and chose not to assert a claim for benefits does not change the fact that benefits – in the form of money damages – are what she ultimately seeks and that Plaintiff's fiduciary breach claim is intertwined with and completely dependant upon a denial of benefits.  [*See*, *e.g.*, AC at Prayer for Relief (requesting that the Court award such relief as necessary to "ensure the Plaintiff's receipt of all retirement benefits").]  The Court should not reward Plaintiff for her backhanded attempt to circumvent ERISA's remedial scheme through vague and (in)artful pleading.

## II.    Factual and Procedural Background

Plaintiff is an experienced ERISA practitioner.  Plaintiff worked for Defendant Feder, Semo and Bard, P.C. (the "Firm") as an employee benefits attorney beginning in 1993.  [AC at 3.]  Plaintiff served as the Firm's Managing Partner from October 2000 until she voluntarily terminated her the employment with the Firm in July 2002 to become the General Counsel for the Hotel Employees and Restaurant Employees International Union Welfare and Pension Funds.  [AC at 3.]  Defendant Feder, Semo and Bard, P.C. Retirement Plan and Trust (the "Plan") is a defined benefit retirement plan.  [AC at 5.]  As a result of her service with the Firm, Plaintiff was eligible to participate in, and did in fact participate in, the Plan.  [AC at 7.]

The Firm ceased operations on September 30, 2005.  [AC at 4.]  On or around that same date, the Board of Directors of the Firm approved an amendment

that terminated the Plan.  [AC at 15.]   On September 30, 2005, Plaintiff received a letter informing her that, due to the Plan's termination, all benefits would be distributed to the Plan's participants.   [AC at 16.]   Plaintiff subsequently challenged Defendant's calculation of her benefit entitlement, requested a lump sum retirement benefit from the Plan, and received a lump sum payment in the amount $166,541.71.  [AC at 17.]  On October 17, 2005, Plaintiff exercised her right under the Plan and ERISA to formally appeal her benefit calculation (Plaintiff claimed entitlement to a higher quantum of benefits - $312,380.83).  [AC at 19.]  By letter dated December 14, 2005, Plaintiff's appeal was denied.  [AC at 20]   Plaintiff subsequently requested "reconsideration" of the denial of her benefits appeal in January 2006 and again in June 2006.  [AC at 21.]  Even though Plaintiff already had exhausted all administrative remedies available to her, and even though all contractual and statutory obligations owed to Plaintiff with regard to the handling of her benefits claim had been fulfilled, Plaintiff's reconsideration requests were considered and responded to, with the responses clearly setting forth the legal and factual rationales for the denial of Plaintiff's claim.  [AC at 21.]

Plaintiff initiated this action by filing her two-count Complaint on March 13, 2007.  [*See* Docket Entry No. 1.]   At Count I of the Complaint, Plaintiff purported to bring a claim pursuant to Section 204(g) of ERISA, 29 U.S.C. § 1054(g), seeking a declaration of a violation of ERISA's "anti-cutback rule" without asserting a benefit claim.  At Count II of the Complaint, Plaintiff purported to bring a claim for an alleged violation of the United States Department of Labor's

("DOL") "regulations on ERISA disclosures," found at 29 C.F.R. § 2520.102-3.
Defendants timely filed their Answer on April 6, 2007.  [*See* Docket Entry No. 6.]
An initial scheduling conference was held on May 11, 2007, at which time
Defendants noted their positions:   (1) that Plaintiff's initial Complaint did not
assert a cognizable claim under ERISA, (2) that Plaintiff should have brought her
claim in the form of an ERISA benefits action, and (3) that Plaintiff's lawsuit was
an improper attempt to obtain costly discovery to which Plaintiff was not entitled
under ERISA.[1]   The Court subsequently ordered Plaintiff to amend her initial
Complaint to clearly set forth the cause(s) of action she sought to bring under
ERISA.  [*See* May 11, 2007 Minute Order.]

Plaintiff filed her Amended Complaint on June 1, 2007.  [*See* Docket Entry
No. 10].  Plaintiff's Amended Complaint is in all practical respects identical to her
initial Complaint.  The only meaningful difference between the initial Complaint
and the Amended Complaint is that Plaintiff has added a vague claim for breach of
fiduciary duty at Count III of the Amended Complaint.  [AC at 33-34.]  Through
the Amended Complaint, Plaintiff seeks a "declaration" that Defendants breached
fiduciary duties owed to Plaintiff as well as an award of additional pension
benefits.  [*See* AC at Prayer for Relief (seeking a declaration that Defendants'
"failed to comply with their fiduciary duties" and requesting an award of such
relief as is necessary to "ensure Plaintiff's receipt of all retirement benefits").]

---

[1]      This point was made during the parties' May 11, 2007 Scheduling Conference
when Plaintiff's counsel stated that Plaintiff was seeking, among other things, to review
the books and records of the Firm for the months preceding its close of business.

### III.    Legal Standard

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. Rule 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Dale v. Exec. Office of the President*, 164 F. Supp. 2d 22, 24 (D.D.C. 2001). As in the case of a motion to dismiss, the court should accept the nonmovant's allegations as true and view the alleged facts in the light most favorable to the nonmoving party. *Id.* at 24. However, a complaint may be dismissed under Rule 12(c) when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Egilman v. Keller & Heckman, LLP*, 401 F. Supp. 2d 105, 109 (D.D.C. 2005).

### IV.    Argument

#### A.    ERISA's Enforcement Scheme.

The Supreme Court repeatedly has emphasized that, in considering the adequacy of the remedy expressly provided by Congress, it is important to recognize that ERISA is a "comprehensive and reticulated statute," whose "carefully crafted and detailed enforcement scheme provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 209 (2002), quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993), quoting *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 361 (1980). The Supreme Court has also emphasized that federal courts should therefore be "especially reluctant to tamper with the enforcement scheme

embodied in the statute by extending remedies not specifically authorized by its text." *Id*.

As relevant here, ERISA's enforcement scheme provides three potential avenues of relief to benefit plan participants and beneficiaries. First, under Section 502(a)(1)(B), a plan participant or beneficiary may assert a claim to recover benefits due under the terms of a plan, to enforce rights under the terms of a plan, or to clarify rights to future plan benefits. 29 U.S.C. § 1132(a)(1)(B). The remedy for claimants under Section 502(a)(1)(B) is payment of benefits or a declaration of rights to future benefits. The payment is from the employee benefit plan itself, not from the plan's fiduciaries. *See* ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1) (providing that a money judgment against a benefit plan generally is only enforceable against the plan as an entity).

Second, Section 502(a)(2) of ERISA provides a plan participant or beneficiary with a claim for relief against a benefit plan fiduciary. In *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985), the Supreme Court held that this claim for relief does not allow individual participants or beneficiaries to recover damages (*e.g.*, benefits, extracontractual damages or punitive damages) for themselves. Accordingly, parties who sue under Section 502(a)(2) do so in effect as a representative of a benefit plan and its participants and beneficiaries as a whole, and all monetary relief is paid directly to the benefit plan. 29 U.S.C. § 1132(a)(2). A benefits plan is not a proper defendant to a Section 502(a)(2) claim. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993).

Third, Section 502(a)(3) provides, in relevant part, that a benefit plan participant or beneficiary may bring an action to obtain "appropriate *equitable* relief" to redress violations of provisions of ERISA or the benefit plan or to enforce any provisions of ERISA or the benefit plan.  29 U.S.C. § 1132(a)(3).  In *Great-West Life & Annuity Ins. Co. v. Knudson*, the Supreme Court held that "appropriate equitable relief" does not include an injunction or declaration ordering defendants to pay money damages which are "the classic form of *legal* relief."  534 U.S. at 205 (emphasis supplied), citing *Mertens*, 508 U.S. at 256 (1993).

Here, Plaintiff endeavors to bypass ERISA's "carefully crafted and detailed" remedial scheme by attempting to assert two causes of action – found at Counts I and II of the Amended Complaint – that are not authorized by ERISA, and by asserting a third cause of action – found at Count III of the Amended Complaint – that is not authorized in the instant case.  It follows that judgment on the pleadings should be entered on Plaintiff's Amended Complaint.

### B.    Counts I and II Do Not State Cognizable Claims Under ERISA.

Counts I and II of Plaintiff's Amended Complaint must be dismissed because they do not assert any of the causes of action specifically enumerated in the ERISA statute.  *See* 29 U.S.C. §§ 1001 *et seq.*  Nowhere in Counts I and II does Plaintiff assert a claim for benefits pursuant to Section 502(a)(1)(B) of ERISA, or a claim for breach of fiduciary duty pursuant to Section 502(a)(2) or (3) of ERISA.  Indeed, Count I of the Amended Complaint references only ERISA

Section 204(g) (and various Treasury regulations and rulings), while Count II of the Amended Complaint references only the DOL's disclosure regulation found at 29 C.F.R. § 2520.102-3. These statutory and regulatory provisions of ERISA do not provide Plaintiff an individual claim for relief. *See* 29 U.S.C. § 1054(g); 29 C.F.R. § 2520.102-3. As such, Counts I and II of the Amended Complaint fail to state claims upon which relief can be granted and judgment should be entered in favor of Defendants on these two counts.

### C. Count III Fails to State a Claim and the Relief Sought is Not Available to Plaintiff.

At Count III of the Amended Complaint, Plaintiff asserts a claim for breach of fiduciary duty under of ERISA. This claim fails and must be dismissed because (1) Plaintiff has available a claim for benefits under Section 502(a)(1)(B) of ERISA, and (2) Plaintiff is not entitled to the relief sought.

### 1. Plaintiff is Precluded From Asserting a Fiduciary Breach Claim Because She Has Available a Benefits Claim.

Plaintiff's breach of fiduciary duty claim at Count III of the Amended Complaint – brought pursuant to ERISA Section 502(a)(3)[2] – must be dismissed because Plaintiff has available a claim for denial of benefits. As an initial matter,

---

[2] Plaintiff cannot seriously argue that Count III of the Amended Complaint asserts a claim for breach of fiduciary duty under Section 502(a)(2) of ERISA. Such a claim would have to be brought on behalf of the Plan and for benefit of the Plan. *See infra* part VI(A). Here, as noted below, Plaintiff seeks only individualized relief – namely, the difference between the benefits she received from the Plan and the benefits to which she feels she is entitled under the Plan. [*See* AC at Prayer for Relief (noting that Plaintiff seeks all relief necessary to "ensure the Plaintiff's receipt of all retirement benefits" and a declaration that Defendants unlawfully reduced Plaintiff's – and only Plaintiff's – retirement benefit).] Moreover, Plaintiff would be hard pressed to argue that she seeks relief on behalf of the Plan where she has included the Plan as a defendant.

there is no question that what Plaintiff is pressing in this action is a claim for individual benefits. It originated in Plaintiff's filing of a benefits claim after receiving retirement benefits from the Plan. After her claim was denied, Plaintiff filed a benefits appeal. Even the most cursory review of the Amended Complaint reveals that Plaintiff's purported fiduciary breach claim at Count III is intertwined with and completely dependent upon a denial of benefits.

There is no question that all Plaintiff seeks in this action is the difference between the $166,541.71 paid to her from the Plan and the $312,380.83 to which she believes she is entitled from the Plan. *See*, *e.g.*, AC at Introduction (alleging that Defendant's actions "caused the Plaintiff to lose nearly one-half of the value of her retirement benefits"); AC at 17 (alleging that Plaintiff "reserved the right to pursue any difference between that distribution and the value of her accrued benefit"); AC at 19 (noting that on October 17, 2005, Plaintiff "hand-delivered a formal written appeal of her benefits calculation to Defendant Feder, Semo and Bard, P.C."); AC at 20 (noting that Plaintiff's appeal of her benefits claim was denied); AC at 21 (noting that Plaintiff requested reconsideration of the denial of her benefits claim and appeal); AC at 27 (alleging that Plaintiff was paid "only a little over one-half" of the benefits to which she allegedly was entitled under the Plan); AC at 33 (alleging that Plaintiff was denied "approximately 47%" of the distribution to which she alleges she was entitled). Similarly, a review of the relief sought by Plaintiff establishes that all Plaintiff truly seeks in this action is the difference in the benefits paid to her and the benefits to which she believes she is

entitled.  *See* AC, Prayer for Relief (requesting that the Court award such relief as necessary to "ensure the Plaintiff's receipt of all retirement benefits").

There is also no question that Plaintiff's alleged injury is redressable elsewhere in ERISA's scheme, specifically in Section 502(a)(1)(B).  Plaintiff complains that Defendants' actions in administering, amending and terminating the Plan injured her by leading to the denial of benefits to which she claims entitlement.  ERISA Section 502(a)(1)(B) expressly provides that a plan participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan."  29 U.S.C. § 1132(a)(1)(B).  Section 502(a)(1)(B) allows plan participants to obtain individualized review of an allegedly wrongful denial of benefits.  Plaintiff's injury here – the denial of benefits – plainly gives rise to a cause of action under Section 502(a)(1)(B) and as such should have been appealed to this Court under that provision.  Plaintiff – an experienced ERISA attorney – nonetheless has not brought that claim *even after the Court has specifically instructed her to re-plead her claim with clarity*.

There is also no question that where, as here, a pension plan participant has available a claim for benefits under Section 502(a)(1)(B), a claim for breach of fiduciary duty cannot stand.  In *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996), the Supreme Court identified the danger that a beneficiary might attempt to "repackage his or her 'denial of benefits' claim as a claim for 'breach of fiduciary duty'".  516 U.S. at 513.  The Supreme Court found this risk "unlikely to

materialize," however, in part because "[w]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief would normally not be 'appropriate.'" *Id*. at 514-515.

All but one of the Circuit Courts that have decided the issue have interpreted the Supreme Court's decision in *Varity* to hold that a breach of fiduciary duty claim cannot stand where, as here, a plaintiff has available an adequate remedy via a claim for benefits under Section 502(a)(1)(B). *See*, *e.g.*, *Turner v. Fallong Community Health Plan, Inc.*, 127 F.3d 196, 200 (1st Cir. 1997) (holding that beneficiary denied benefits could not sue under Section (a)(3) since the claim was "specifically addressed by [Section (a)(1)]"); *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101 (4th Cir. 2006) (holding that cause of action for breach of fiduciary duty was not appropriate because adequate relief was available for the participant's injury through review of the participant's individual benefits claim under Section 502(a)(1)(B)); *Rego v. Westvaco Corp.*, 319 F.3d 140, 148-49 (4th Cir. 2003) (plaintiff's claim under Section 502(a)(3) dismissed under Rule 12(b)(6) of the Fed. R. Civ. P. because ERISA provided relief for denied benefits under Section 502(a)(1)(B)); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610-11 (5th Cir. 1998) (affirming grant of summary judgment dismissing participant's claims and stating that "[plaintiff's] efforts to justify assertion of breach of a fiduciary duty claim against the Plans by distinguishing such a claim from his claims for coverage and benefits claims are woefully unavailing," and that "[i]f

12

they are distinctions at all, they are without differences"); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615-16 (6th Cir. 1998) ("Because [Section 502(a)(1)(B) provides a remedy for Wilkin's alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to [Section 502(a)(3)]"); *Antolis v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir. 2006); *Wald v. Sw. Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996); *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474-75 (9th Cir. 1997); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287-88 (11th Cir. 2003).[3]   Although the D.C. Circuit has yet to address the issue, this Court has followed the majority of the circuit courts. *See*, *e.g.*, *Hurley v. Life Ins. Co. of North America et al.*, 2005 U.S. Dist. LEXIS 43038, *32 (D.D.C. 2005) (discussing *Varity* and dismissing plaintiff's breach of fiduciary duty claim brought pursuant to Section 502(a)(2) of ERISA).

These courts have not allowed claimants to proceed with fiduciary breach claims where relief was potentially available to them under Section 502(a)(1)(B) because, in *Varity*, "[t]he Supreme Court clearly limited the applicability of [fiduciary breach claims] to beneficiaries who may not avail themselves of Section 502(a)'s other remedies." *Wilkins*, 150 F.3d at 615.  An individual  whose injury consists of a denial of benefits (such as Plaintiff here) "has adequate relief

---

[3]     The Second Circuit is the only Circuit Court to have allowed fiduciary breach claims to stand where a claim for benefits was also available. *See Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89-90 (2d. Cir. 2001).

available for the alleged improper denial of benefits through his right to sue [the benefit plan] directly under Section 502(a)(1)(B)," and thus "relief through the application of [ERISA's fiduciary provisions] would be inappropriate." *Tolson*, 141 F.3d at 610.  To allow a fiduciary breach claim to stand would permit "ERISA claimants to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected." *Wilkins*, 150 F.3d at 616.

Here, because Section 502(a)(1)(B) affords Plaintiff adequate relief for her benefits claim, her cause of action at Count III of the Amended Complaint for breach of fiduciary duty is not appropriate and should be dismissed.  The fact that Plaintiff has made a strategic decision to cast her action as one for breach of fiduciary duty and has chosen not to assert a claim for benefits pursuant to Section 502(a)(1)(B) does not change the fact that benefits are what she ultimately seeks, or that redress is available to her under Section 502(a)(1)(B).  To permit this suit to proceed as a breach of fiduciary duty action would "encourage parties to avoid the implications of Section 502(a)(1)(B) by artful pleading." *Korotynska*, 474 F.3d at 108, citing *Coyne & Delany Co. v. Blue Cross & Blue Shield of Va., Inc.*, 102 F.3d 712, 714 (4th Cir. 1996).

## 2.   Plaintiff is Barred from Obtaining the Relief Sought Under Count III.

Assuming *arguendo* that Plaintiff could bring a claim for breach of fiduciary duty (she cannot), Count III would still fail as Plaintiff is not entitled to the relief sought.  As noted above, ERISA's enforcement scheme provides an

individual participant seeking individualized relief (such as Plaintiff here) with two potential avenues of relief.  First, the individual may assert a claim for benefits under Section 502(a)(1)(B) of ERISA.  Second, in limited circumstances (not present here), an individual participant may bring a claim for breach of fiduciary duty under ERISA Section 502(a)(3).

Here, Plaintiff purports to assert only the latter claim, a claim for breach of fiduciary duty under Section 502(a)(3) of ERISA.  Section 502(a)(3) provides that:

> A civil action may be brought - ... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate *equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3) (emphasis added).  In *Great-West Life & Annuity Ins. Co. v. Knudson*, the Supreme Court held that "appropriate equitable relief" does not include an injunction or declaration ordering defendants to pay money damages which are "the classic form of *legal* relief."  534 U.S. at 205 (emphasis supplied), citing *Mertens v. Hewitt Associates*, 508 U.S. 248, 256 (1993).  *See also Carabillo v. Ullico Inc. Pension Plan & Trust*, 355 F. Supp. 2d 49  (D.D.C. 2004) (noting that in *Great-West*, the Supreme Court held that "appropriate equitable relief" under Section 502(a)(3) does not include legal relief, such as money damages).

In her prayer for relief, Plaintiff, a Plan participant, requests that the Court (1) declare that Defendants violated ERISA and breached fiduciary duties owed to Plaintiff, (2) "[a]ward such other *legal*, equitable and remedial relief as the Court deems appropriate *to ensure the Plaintiff's receipt of all retirement benefits*

15

required to give effect to the Court's declarations," and (3) "[o]rder the Defendants to pay interest, attorneys' fees and expenses." [AC at Prayer For Relief (emphasis added).] That Plaintiff has chosen to cloak her request for an award of money damages – *i.e.*, pension benefits – in a request for "declaratory" relief does not render the award "equitable relief" under Section 502(a)(3). The Supreme Court in *Great-West* warned against "lawyerly inventiveness" in attempting to avoid the limitations of Section 502(a)(3). The Courts of Appeal have also cautioned against lawyers "artfully pleading" in connection with ERISA. *See*, *e.g.*, *Harrow v. Prudential Ins. Co. of America*, 279 F.3d 244, 253 (3d Cir. 2002) (rejecting plaintiffs' attempt to recast claim for benefits as one for breach of fiduciary duty in order to avoid the exhaustion requirement imposed upon ERISA benefits claims).

Here, Plaintiff's request for a declaration that Defendants' actions were wrongful and request for an award "to ensure the Plaintiff's receipt of all retirement benefits required to give effect to the Court's declarations" is one such "artful" but transparent attempt to obtain retirement benefits – *i.e.*, money damages – under an ERISA plan. Simply put, Plaintiff seeks legal relief. To capitulate to Plaintiff's request (1) would be to vitiate the explicit language of Section 502(a)(3), and (2) would be contrary to the statutory scheme enacted by Congress. Because Section 502(a)(3) of ERISA does not authorize an award of money damages, Count III of the Amended Complaint must be dismissed.

**IV.    Conclusion**

For the foregoing reasons, Defendants respectfully request that judgment on the pleadings be granted in favor of Defendants as to the entire Amended Complaint.  Defendants further respectfully request an award of attorneys' fees and costs associated with their defense of Plaintiff's claims.

Dated:  June 22, 2007                              Respectfully submitted,

                                                           *//s// Jason H. Ehrenberg*
                                                           _____
                                                           James C. Bailey (D.C. # 462391)
                                                           Jason H. Ehrenberg (D.C. # 469077)
                                                           BAILEY & EHRENBERG PLLC
                                                           1155 Connecticut Avenue NW
                                                           Suite 1100
                                                           Washington, D.C. 20036
                                                           T:  (202) 465-4729
                                                           F:  (202) 318-7071
                                                           E:  jhe@becounsel.com

                                                           **Attorneys for Plaintiff**

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June 2007, a copy of the foregoing

was served on the following via the District Court's ECF electronic filing system:

> Stephen R. Bruce
> 805 15th Street, N.W.
> Suite 210
> Washington, D.C.  20005

> *//s// Jason H. Ehrenberg*
> _____
> Jason H. Ehrenberg

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA**

| | |
|---|---|
| DENISE M. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-CV-00470 - JDB |
| | ) |
| FEDER SEMO and BARD, P.C., *et al.*, | ) |
| | ) |
| Defendants | ) |
| _____ | ) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Amended Complaint, and Plaintiff's Response thereto, it is hereby

ORDERED that the Defendants' Motion be, and the same is hereby GRANTED; and it is further

ORDERED that Plaintiff's Amended Complaint is hereby dismissed with prejudice.


_____
Hon. John D. Bates

Copies to:

Stephen R. Bruce
805 15th Street, N.W.
Suite 210
Washington, D.C.  20005

James C. Bailey
Jason H. Ehrenberg
Bailey & Ehrenberg PLLC
1155 Connecticut Ave, N.W.
Suite 1100
Washington, D.C.  20036