## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DENISE M. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07 CV 470 (JDB) |
| | ) | |
| FEDER SEMO and BARD, P.C., | ) | |
| FEDER SEMO and BARD, P.C. | ) | |
| RETIREMENT PLAN and TRUST, | ) | |
| JOSEPH E. SEMO, and | ) | |
| HOWARD M. BARD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Stephen R. Bruce
Allison C. Caalim
805 15th St., NW
Suite 210
Washington, D.C. 20005

Attorneys for Plaintiff

# Table of Contents

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    Defendants Have Not Satisfied the Standard for a Rule 12(c) Motion for
      Judgment On the Pleadings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.   Claims I Alleges that Defendants Illegally Eliminated an Optional Form
      of Benefit and Claim II Alleges that Defendants Failed to Disclose that
      Nearly 50% of the Value of a Participant's Benefit Could Be Lost on Plan
      Termination; Under the Notice Pleading Standard of FRCP 8, Plaintiff
      Has More Than Given Fair Notice of These Claims. . . . . . . . . . . . . . . . . . 4

III.  Claim III Alleges that the Individual Trustees Breached Their Fiduciary
      Duties By Failing to Collect, Marshal and Properly Distribute Plan Assets
      and By Failing to Comply With ERISA's Anti-Cutback Rule and Its
      Disclosure Requirements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      A.    Claim III Alleges Separate Breaches of Fiduciary Duty; Moreover,
            FRCP 8(e)(2) Allows a Plaintiff to Plead Alternative Theories of
            Recovery. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      B.    A Prayer that Losses Be Recovered Is Cognizable Under ERISA
            §§502(a)(2) and (a)(3); A Prayer that Retirement Benefits Be Paid
            Does Not Transform the Relief Sought Into Money Damages. . . . . 17

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

## FEDERAL CASES

*American Medical Ass'n v. United Healthcare Corp.*, 2002 WL 3143668
(S.D.N.Y. 2002) ................................................................... 14

*Arakelian v. Nat'l Western Life Ins. Co.*, 724 F. Supp. 1033 (D.D.C. 1989) 11

*Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996) ............... 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955 (2007) ......... 6

*Bell v. Exec. Committee of the United Food & Commer. Workers Pension
Plan*, 191 F. Supp. 2d 10 (D.D.C. 2002) ................................. 18

*Bellas v. CBS*, 73 F. Supp. 2d 493 (E.D.Pa. 1999) ..................................... 16

*Bowen v. Massachusetts*, 487 U.S. 879 (1988) .......................................... 19

*Bradley v. Smith*, 235 F.R.D. 125 (D.D.C. 2006) ......................................... 4

*Brown v. Califano*, 75 F.R.D. 497 (D.C. Cir. 1977) ..................................... 8

*Central Laborers' Pension Fund v. Heinz*, 541 U.S. 739 (2004) ........... 7, 11

*Chang v. United States*, 338 F. Supp. 2d 20 (D.D.C. 2004) ........................ 4

*Chappell-Johnson v. Powell*, 440 F.3d 484 (D.C. Cir. 2006) ...................... 6

*Conley v. Gibson*, 355 U.S. 41 (1957) .......................................................... 6

*Crawford v. La Boucherie Bernard, Ltd.*, 815 F.2d 117 (D.C. Cir. 1987) .. 18

*Cress v. Wilson*, 2007 WL 1686687 (S.D.N.Y. June 6, 2007) ................... 12

*Degnan v. Publicker Industries*, 83 F.3d 27 (1st Cir. 1996) ........................ 8

*DeGuiseppe v. Vertis, Inc.*, 2005 U.S. Dist. LEXIS 20308 (E.D.Pa. 2005) .............................................................................. 10, 14

*Devlin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76 (2d Cir. 2001)   16

*Donaldson v. Pharmacia Corp.*, 435 F. Supp. 2d 853 (S.D.Ill. 2006) ........   10

*Eddy v. Colonial Life Insurance Co*, 919 F.2d 747 (D.C. Cir. 1990) .........   11

*In re Enron Corp. Sec., Derivative & ERISA Litigation*, 284 F. Supp. 2d 511 (S.D. Tex. 2003) ............................................................... 8

*Everett v. USAir Group*, 927 F. Supp. 478 (D.D.C. 1996), *aff'd*, 132 F.3d 770 (D.C. Cir. 1998) ............................................................... 11

*Frommert v. Conkright*, 433 F.3d 254 (2d Cir. 2006) ............................. 5, 9

*Greer v. Graphic Communs. International Union Officers, Representatives and Organizers Retirement Fund*, 941 F. Supp. 1 (D.D.C. 1996) .........   11

*Hartline v. Sheet Metal Workers' National Pension Fund*, 134 F. Supp. 2d 1 (D.D.C. 2000) .............................................................. 7-8

*Hurley v. Life Insurance Co. of North America*, 2005 U.S. Dist. LEXIS 43038 (D.D.C. 2005) ..................................................... 7, 15-16

*Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033 (D.C. Cir. 2003) ....  6

*Liss v. Smith*, 991 F. Supp. 278 (S.D.N.Y. 1998) ...................................... 13

*Longwood Village Restaurant, Ltd. v. Ashcroft*, 157 F. Supp. 2d 61 (D.D.C. 2001) ........................................................................ 4

*Page v. Pension Ben. Guaranty Corp.*, 968 F.2d 1310 (D.C. Cir. 1992) ......  9

*Plain v. AT&T Corp.*, 424 F. Supp. 2d 11 (D.D.C. 2006) ............................  4

*Richards v. FleetBoston*, 427 F. Supp. 2d 150 (D.Conn. 2006) .................. 10

iii

*Sereboff v. Mid Atlantic Medical Services*, __ U.S. __, 126 S. Ct. 1869
  (2006) ................................................................................ 19

*Suozzo v. Bergreen*, 2002 WL 1402316 (S.D.N.Y. 2002) .......................... 16

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) .................................... 6

*United Mine Workers 1950 Ben. Plan & Trust v. Bituminous Coal
  Operators Association*, 898 F.2d 177 (D.C. Cir. 1990) ........................ 18

*Varity Corp. v. Howe*, 516 U.S. 489 (1996) .................................... 14-15, 17

*Weft, Inc. v. G.C. Investment Assocs.*, 630 F. Supp. 1138 (E.D.N.C. 1986)  10

*West v. AK Steel*, 484 F.3d 395, 2007 WL 1159951 (6th Cir. 2007) ............ 9

## FEDERAL STATUTES AND RULES

ERISA §3(7), 29 U.S.C. §1002(7) ................................................................ 17

ERISA §204(g)(2), 29 U.S.C. §1054(g)(2) .................................................... 2

ERISA §404, 29 U.S.C. §1104 .............................................................. 3, 12

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) .............................. *passim*

ERISA §502(a)(2), 29 U.S.C. §1132(a)(2) .................................... 3, 8, 17-18

ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) ........................................ *passim*

F.R.C.P. 8(a)(2)  ................................................................................ 6

F.R.C.P. 8(e)(2)  .................................................................... 10, 13-14

F.R.C.P. 12(b)(6)  .............................................................................. 4

F.R.C.P. 12(c)  .................................................................................. 4

**Introduction**

Plaintiff Denise Clark was a lawyer, partner, and ultimately managing partner with the law firm of Feder, Semo and Bard, P.C. for a period of ten years ending on July 31, 2002. Pl. Am. Cplt. ¶3. On that date, Ms. Clark became General Counsel of the Hotel Employees and Restaurant Employees International Union (HEREIU) Welfare and Pension Funds in Chicago, Illinois. ¶7. Based on her years of service and salary with Feder Semo, Ms. Clark was entitled to an accrued retirement benefit of $4,860.55 per month starting at age 65. ¶14. The Retirement Plan document provided that a participant could receive his or her benefits in the form of an annuity or in a lump sum based on the present value of that annuity. ¶¶9-10. The Plan provided that the lump sum distribution could not occur until five years following the participant's termination date, which would be August 1, 2007 in Ms. Clark's case. ¶8. At the time of her employment termination, the Feder, Semo Retirement Plan was 100% funded. ¶33.

In September 2003, the Board of Directors of Feder, Semo and Bard amended the Retirement Plan to freeze the accrual of future retirement benefits effective after September 30, 2003. Am. Cplt. ¶11. This amendment did not affect Ms. Clark because her benefits had already accrued. On September 26, 2005, the Board (which by then consisted of the two individually-named Defendants) voted to terminate the Retirement Plan. Am. Cplt. ¶15. Ms. Clark received a letter four

days later informing her of the termination and stating that all benefits would be distributed. The attached benefits statement indicated that her lump sum benefit would be $166,541.71. The statement did not offer her the option of the $4,860.55 monthly annuity and it did not state whether the proffered lump sum represented the actuarial present value of that annuity. ¶17.

After Ms. Clark raised questions, an outside counsel for Feder, Semo and Bard, P.C. and its Retirement Plan wrote to Ms. Clark on October 5, 2005, conceding that the lump sum actuarial equivalent of her $4,860.55 annuity was $312,380.83 as of October 31, 2005. The letter told her that her benefits had been "pro-rata reduced" to the $166,541.71 amount "to match the plan's assets." Am. Cplt. ¶18. Ms. Clark appealed the benefit determination but Defendants denied her appeal and requests for reconsideration. ¶¶19-21. As a result, Ms. Clark has lost nearly 50% of the value of her retirement benefits.

On March 13, 2007, Ms. Clark filed a two-count Complaint alleging that:

(1)     Defendants impermissibly reduced or eliminated an optional form of benefit in violation of ERISA §204(g)(2), 29 U.S.C. §1054(g)(2), by eliminating her right to receive her accrued benefits in the form of an annuity or the lump sum actuarial equivalent of that annuity; and

(2)     Defendants violated ERISA's disclosure requirements by failing to disclose in the Summary Plan Description ("SPD") that the Retirement Plan was "not insured" by the Pension Benefit Guaranty Corporation and by failing to identify the circumstances under which losses of

2

nearly 50% of the value of retirement benefits could occur.

On June 1, 2007, Plaintiff amended her Complaint to add a third claim that:

(3)    The individual Defendant Trustees breached their fiduciary duties under ERISA §404, 29 U.S.C. §1104, by (a) allowing the Plan's funded status to dwindle from close to 100% funding at the end of 2001 to less than 55% funding without taking actions to maintain the Plan; (b) failing to collect all contributions due the Plan after the 2001 plan year; (c) miscalculating the Plan's liabilities to a former owner and principal partner of Feder, Semo and Bard, P.C.; and (d) failing to marshal and properly distribute all of the plan's assets to participants.

Claim III also alleges the trustees breached their fiduciary duties to conform with the statutory requirements of ERISA, including by failing to protect optional forms of benefit and failing to disclose the potential losses on plan termination.

Defendants' answer to the amended complaint denies practically all of the factual allegations. Dkt. #13. Defendants have now filed a motion for judgment on the pleadings, asserting that Claims I and II should be dismissed because the Complaint does not specify whether those claims fall under ERISA Section 502(a)(1)(B), Section 502(a)(2), or Section 502(a)(3). Defs. Br. at 8. Defendants also urge that the breach of fiduciary claim be dismissed because the relief sought is otherwise available as a claim for benefits under Section 502(a)(1)(B) or, alternatively, because Ms. Clark is asserting a claim for money damages which she is forbidden to do. *Id*. at 9. As shown below, Defendants' motion fails to come

3

near to meeting the standards for dismissal under Rule 12(c) and should be denied.

## I.    Defendants Have Not Satisfied the Standard for a Rule 12(c) Motion for Judgment On the Pleadings.

The standard of review for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as the standard for a motion to dismiss for failure to state a claim under FRCP 12(b)(6). *Plain v. AT&T Corp.*, 424 F. Supp. 2d 11, 20 n.11 (D.D.C. 2006). Defendants cannot succeed on such a motion unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Longwood Village Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 66 (D.D.C. 2001). "[I]f there are allegations in the complaint which, if proved, would provide a basis for recovery," the Court cannot grant judgment on the pleadings. *Bradley v. Smith,* 235 F.R.D. 125, 126 (D.D.C. 2006); accord, *Chang v. United States*, 338 F. Supp. 2d 20, 21 (D.D.C. 2004). Here, Plaintiff makes clear allegations "which, if proved, would provide a basis for recovery."

## II.    Claim I Alleges that Defendants Illegally Eliminated an Optional Form of Benefit and Claim II Alleges that Defendants Failed to Disclose that Nearly 50% of the Value of a Participant's Benefit Could Be Lost on a Plan Termination; Under the Notice Pleading Standard of F.R.C.P. 8, Plaintiff Has More Than Given Fair Notice of these Claims.

At the May 10, 2007 scheduling conference, Defendants' counsel argued that Plaintiff's first two claims constitute a "plain-vanilla benefits case" under

4

ERISA Section 502(a)(1)(B). 5/10/2007 Tr. at 8 and 10.  In the present motion,

Defendants shift grounds and argue that Claims I and II should be dismissed

because they "do not assert any of the causes of action specifically enumerated in

the ERISA statute," namely, ERISA §§502(a)(1)(B) or 502(a)(3). Defs. Br. at 8.[1]

Essentially, Defendants now ask the Court to dismiss Claims I and II based

on a technical pleading requirement. Defendants fault the Complaint for not

labeling Claim I and I as ERISA "Section 502(a)(1)(B)" or "502(a)(2) or (a)(3)."

*Id*. Defendants' argument is at odds with the notice pleading standard. The implied

suggestion that the recovery can only be under one section is also inconsistent

with the idea that the statutory basis for a claim can arise under more than one

section, i.e., a cause of action for a violation of ERISA §204(g)'s anti-cutback

protection can be brought under both ERISA §§502(a)(1)(B) and 502(a)(3). See,

e.g., *Frommert v. Conkright*, 433 F.3d 254, 270 (2d Cir. 2006).

---

[1] ERISA § 502(a)(1)(B) authorizes a participant or beneficiary of a benefit plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

ERISA § 502(a)(3) authorizes a participant, beneficiary, or fiduciary of a benefit plan to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief  (i) to redress such violations, or (ii) to enforce any provisions of this subchapter or the terms of the plan."

FRCP 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); accord, *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003). In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002), the Supreme Court held that a party does not have to engage in "technical forms of pleading" or plead each factual or legal element in order to give "fair notice" of a claim.  Most recently, in *Bell Atl. Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955, 1974 (2007), the Supreme Court again held that "We do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."

As this Circuit has also held, the notice pleading standard allows parties "later to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues through the liberal opportunity for discovery and other pretrial procedures established by the Rules...A complaint, in other words, need not allege all that a plaintiff must eventually prove."  *Atchinson v. District of Columbia*, 73 F.3d 418, 421-22 (D.C. Cir. 1996). See also *Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006) (under *Swierkiewicz*, requirements of proving a prima facie case "were never intended to be rigid,

6

mechanized, or ritualistic"); *Hurley v. Life Ins. Co. of North America*, 2005 U.S. Dist. LEXIS 43038, *17 (D.D.C. 2005) ("Rule 8 makes clear that elaboration of the grounds for the claim is unnecessary to plead in federal court"); *Hartline v. Sheet Metal Workers' Nat'l Pension Fund,* 134 F.Supp.2d 1, 17 (D.D.C. 2000) (purpose of Rule 8's "minimum pleading standard" "is to give the defendants fair notice of the claim being asserted sufficient to prepare a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata applies").

As *Hurley* and *Hartline* indicate, these principles are not altered because a case is under ERISA. In *Central Laborers v. Heinz*, 541 U.S. 739 (2004), the Supreme Court applied the anti-cutback protection in ERISA §204(g), without ever evaluating whether the relief would ultimately be granted under ERISA §§502(a)(1)(B) or 502(a)(3).  In *Hurley*, supra, the defendants argued that Plaintiffs' claim failed because the complaint did not allege "the basic and necessary elements of a claim under ERISA." *13.  Judge Kollar-Kotelly held that "ERISA does not provide for any specific pleading requirements in its civil enforcement mechanism":

> Importantly, neither the terms of the civil enforcement provisions of ERISA nor the rules of pleading in federal court require Plaintiff to delineate the various elements LINA/CIGNA identifies in order to state a proper claim

7

under ERISA...Therefore, while Plaintiff does not allege LINA/CIGNA's
ERISA factors in neat succession or with technical clarity, reasonable
inferences may be drawn from Plaintiff's Amended Complaint to satisfy
those factors.

*Id.* at *14-16.[2]

Simply put, Ms. Clark's Complaint is not required to label her claims under

Sections 502(a)(1)(B), 502(a)(2) or (a)(3). Moreover, if Plaintiff was required to

plead the relief provisions in the Complaint, the appropriate course of action

would not be to dismiss the claims with prejudice, but to allow the Plaintiff leave

to amend the Complaint.  See *Brown v. Califano*, 75 F.R.D. 497, 499 (D.C. Cir.

1977) ("Ordinarily, the remedy for noncompliance with Rule 8(a) is dismissal with

leave to amend"); *Hartline*, supra, 134 F.Supp.2d at 18 (finding allegations

"insufficiently pled" but granting plaintiff leave to amend their claims).

Although Rule 8 does not require Plaintiff to identify the sections of ERISA

under which relief will be provided in the Complaint, the Plaintiff is more than

willing to tell Defendants and the Court that she will seek relief for the violations

pled in Claims I and II under both ERISA §§502(a)(1)(B) and 502(a)(3). Relief for

---

[2]  See also *Degnan v. Publicker Industries*, 83 F.3d 27, 30 (1st Cir. 1996)
("Courts should not hasten to employ technical rules of pleading and practice to
defeat [ERISA's] goal" of protecting participants); *In re Enron Corp. Sec.,
Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 652 (S.D. Tex. 2003) ("ERISA
does not have heightened pleading requirements, but is subject to the notice
pleading standard of [Rule 8]").

statutory violations of ERISA is plainly covered under Section 502(a)(3), which specifically affords "appropriate equitable relief" to redress "any act or practice which violates any provision of [ERISA]." See *Page v. Pension Ben. Guaranty Corp.*, 968 F.2d 1310, 1315 (D.C. Cir. 1992) ("ERISA § 502(a)(3) allows plan participants to enforce against employers both their obligations under Title I and any more generous terms in a particular plan"). If necessary, the Plaintiff will also seek relief for the violations noticed in Claims I and II under ERISA §502(a)(1)(B). In *Frommert v. Conkright*, supra, 433 F.3d at 270, which involved violations of both §204(g) and disclosure requirements, the Second Circuit adopted the approach that when benefits have been calculated by applying an unlawful plan term, but there is no ongoing violation for which injunctive relief is appropriate going forward, the participant may recover under the lawful plan terms under ERISA §502(a)(1)(B). See also *West v. AK Steel*, 484 F.3d 395, 2007 WL 1159951, *8 (6th Cir. 2007) (Section 502(a)(1)(B) provides appropriate remedy for plan's failure to use "whipsaw calculation" to determine lump sum distributions; although "§502(a)(1)(B) offers redress only for the recovery of benefits, enforcement of rights, or clarification of rights to future benefits under the terms of the Plan, those terms must nevertheless comply with ERISA").

Defendants' implicit suggestion that Plaintiff should cabin her action under

9

one of those relief provisions, Defs. Br. at 8, is contrary to the case law and Fed.

R. Civ. P. 8(e)(2), which states that "A party may set forth two or more statements

of a claim or defense alternately or hypothetically, either in one count or defense

or in separate counts or defenses." "A party may also state as many separate

claims or defenses as the party has regardless of consistency and whether based on

legal, equitable, or maritime grounds." *Id*. These rules are applied in ERISA cases

without special alteration. See, e.g., *Donaldson v. Pharmacia Corp.*, 435

F.Supp.2d 853, 869 n.5 (S.D.Ill. 2006) ("Plaintiffs are entitled to assert claims

under ERISA §502(a)(3) and ERISA §502(a)(1)(B) in the same complaint, and are

not required to elect a remedy before entry of final judgment"); *Richards v.*

*FleetBoston*, 427 F.Supp.2d 150, 180-81 (D.Conn. 2006) ("determining which

remedy is more appropriate would be premature at the motion to dismiss stage")*;*

*DeGuiseppe v. Vertis, Inc.*, 2005 U.S. Dist. LEXIS 20308, *9-10 (E.D.Pa. 2005)

("Federal Rule of Civil Procedure 8(e) permits a party to plead alternative theories

of recovery. Defendant has not provided this court with authority holding that rule

8(e) does not apply to ERISA actions"); *Weft, Inc. v. G.C. Inv. Assocs.*, 630

F.Supp. 1138, 1144 (E.D.N.C. 1986) (Although plaintiffs may not obtain a

duplicative recovery, there is no requirement that they elect one remedy over

another prior to final judgment").

10

Defendants' last ditch argument seems to be that Claims I and II are "not authorized by ERISA." Defs. Br. at 8; see also *id*. at 3 (there is not a "shred of authority" for those claims). This appears to be a throwaway line because it is so clearly belied by the case law, including the Supreme Court decision in *Central Laborers v. Heinz* in an ERISA §204(g) action.  A number of decisions, including in this Circuit, have addressed claims for violations of ERISA §204(g) as well as ERISA's disclosure requirements. See, e.g., *Eddy v. Colonial Life Ins. Co*, 919 F.2d 747, 751-52 (D.C. Cir. 1990) (insurance company had duty to disclose complete and correct information about plaintiff's conversion options); *Everett v. USAir Group*, 927 F. Supp. 478, 482-83 (D.D.C. 1996), aff'd, 132 F.3d 770 (D.C. Cir. 1998) (refusing to dismiss disclosure claim where defendant had "independent duty" to distribute an SPD "calculated to be understood by the average plan participant"); *Greer v. Graphic Communs. Int'l Union Officers, Representatives and Organizers Ret. Fund,* 941 F. Supp. 1, 2 (D.D.C. 1996) (action for violations of Sections 204(g) and 204(h)); *Arakelian v. National Western Life Ins. Co.*, 724 F. Supp. 1033, 1035 (D.D.C. 1989) (summary judgment for plaintiffs where "surrender charges" assessed against vested pension benefits violated ERISA §204(g)).

In sum, Plaintiff has pled Claims I and II in accordance with Rule 8.

11

Applying the Rule 12(c) standards, Defendants fail to show any reason why the

allegations in Claims I and II cannot, if proven, provide a basis for recovery.

**III.  Claim III Alleges that the Individual Trustees Breached Their
Fiduciary Duties By Failing to Collect, Marshal and Properly
Distribute Plan Assets and By Failing to Comply With ERISA's Anti-
Cutback Rule and Disclosure Requirements.**

Claim III alleges that the loss of nearly 50% of the value of Ms. Clark's

retirement benefits resulted not just from the statutory violations described in

Claims I and II, but also from breaches of fiduciary duty by the Plan's trustees

under ERISA §404, 29 U.S.C. 1104, including the trustees' failure to collect

contributions and maintain the Plan's funding, miscalculation of liabilities, and

failure to properly distribute all of the Plan's assets to participants.

Cases involving breaches of fiduciary duties based on a plan's underfunding

or failure to collect contributions are not unusual. In *Cress v. Wilson*, 2007 WL

1686687 (S.D.N.Y. June 6, 2007), the plaintiffs alleged that Northwest failed to

fund the plan as required under ERISA.  The district court found that in addition to

ERISA's "broadly worded fiduciary obligations," "ERISA imposes specific

minimum funding standards on the sponsors of a plan."  *Id.* at *5.  The court

denied to dismiss plaintiffs' claims, holding that "the plaintiffs ... are alleging

funding deficiencies that were contrary to ERISA requirements.  While the

defendants deny that there was any underfunding using the statutory requirement for minimum funding, that contention raises an issue of fact that cannot be resolved on a motion to dismiss." *Id.* at *6. The Cress plaintiffs also alleged that defendants "failed to provide complete and accurate information about Northwest's financial health and prospects to the Plans' participants and conveyed materially inaccurate information to those participants regarding the company's financial and operational health and prospects." *Id.* at *9. The court held that the scope of the duty to disclose is "decidedly case specific" and that factual questions precluded dismissal of that claim. *Id*. at *10. See also *Liss v. Smith,* 991 F.Supp. 278, 290 (S.D.N.Y. 1998) (failure to investigate and pursue delinquent contributions constituted breach of fiduciary duties under ERISA §404(a)(1)).

### A.    Claim III Alleges Separate Breaches of Fiduciary Duty; Moreover, FRCP 8(e)(2) Allows a Plaintiff to Plead Alternative Theories of Recovery.

Defendants do not contend that fiduciary duties to collect contributions, adequately fund a plan, and properly manage its assets do not exist. Instead, they delphically contend that the Plaintiff cannot pursue a breach of fiduciary duty claim because her "alleged injury is redressable elsewhere in ERISA's scheme, specifically in Section 502(a)(1)(B)," Defs. Br. at 11–even though the first part of Defendants' motion denies that her injuries are redressable under Claims I or II.

13

As explained above, Defendants' argument is at odds with the Federal rules, which allow Plaintiff to plead alternative legal theories. See F.R.C.P. 8(e)(2). The Plaintiff is permitted to pursue claims under both §§502(a)(1)(B) and 502(a)(3) because "[a]t this stage of the proceedings–on a motion to dismiss–it is not clear whether §502(a)(1)(B) will in fact provide Plaintiff with adequate relief." *Deguiseppe v. Vertis, Inc.*, 2005 U.S. Dist. LEXIS 20308, *11 (E.D.Pa. 2005). See also *American Medical Association v. United Healthcare Corp.*, 2002 WL 3143668, *7 (S.D.N.Y. 2002) ("At the pleading stage, it is not for the Court to determine whether there is some set of facts that will permit or preclude recovery under §502(a)(1)(B), but will make out a breach of fiduciary duty claim under §502(a)(3). It is not clear that by asserting the ERISA claims under §§502(a)(3) and 502(a)(1)(B) that plaintiffs are seeking the same relief"). Indeed, the "determination on whether or not Plaintiff is entitled to equitable relief should be deferred pending determination of the availability of legal relief," which "must depend on the evidence produced after Defendants have answered and discovery is completed." *Deguiseppe*, supra, at *11-12.

To support their position, Defendants rely on a misreading of *Varity Corp. v. Howe*, 516 U.S. 489 (1996). There, the Supreme Court held that a breach of fiduciary duty claim <u>can be brought</u> by an individual plaintiff under ERISA §

14

502(a)(3), as well as §502(a)(2), because §502(a)(3) "act [s] as a safety net,

offering appropriate equitable relief for injuries caused by [ERISA] violations that

§ 502 does not elsewhere adequately remedy." *Id.* at 512. The Court found that,

given ERISA's objectives of requiring fiduciaries to act "solely in the interest of

the participants and beneficiaries," "it is hard to imagine why Congress would

want to immunize breaches of fiduciary obligation that harm individuals by

denying injured beneficiaries a remedy." *Id.* at 513. Defendants' confusion stems

from a later passage. In response to a suggestion from one of the Varity's amici

that lawyers could "dress[]" up benefit claims in "fiduciary duty clothing" and

"characterize a denial of benefits as a breach of fiduciary duty," the Court stated

that "where Congress elsewhere provided adequate relief for a beneficiary's

injury, there will likely be no need for further equitable relief, in which case such

relief normally would not be appropriate." *Id.* at 514, 515. Defendants rely on this

dicta to support their argument. Defendants further cite *Hurley*, supra, 2005 U.S.

Dist. LEXIS 43038, *32, in which Judge Kollar-Kotelly relied on the same

statement to dismiss a breach of fiduciary duty claim where the plaintiff alleged a

"valid claim in Count I for denial of benefits."

     Defendants fail to recognize that Ms. Clark's case is not like *Hurley*'s or the

other cases that have relied on the dicta from *Varity*. *Hurley* concludes that the

plaintiff's fiduciary duty claim was essentially "preempted" because it "completely depended upon the denial of benefits that forms the basis of his cause of action in Count I under Section 502(a)((1)(B)."  2005 U.S. Dist. LEXIS 43038 at *33. Here, by contrast, Plaintiff is clearly not engaged in any "artful pleading" to dress a claim for benefits as a claim for breach of fiduciary duty. Indeed, at the status conference, Defendants asked that any breach of fiduciary duty claim be pled separately on the ground that such claims were not encompassed in the existing claims. Tr. at 9. As another district court held,

> Plaintiff does not complain simply of a denial of benefits.  Rather, he contends that CBS's conduct in adopting and implementing the Amendment and in failing to inform Class members of their eligibility for Special Retirement Pensions under the pre-Amendment terms of the Plan violated its fiduciary duties to discharge its duties solely in the interest of the participants and beneficiaries of the Plan, to exercise care, prudence and diligence in the performance of its responsibilities, and to administer the Plan in accordance with the documents and instruments governing the Plan and in accordance with ERISA...Simply stated, Section 1132(a)(1)(B) does not provide redress for fiduciary violations.

*Bellas v. CBS*, 73 F.Supp.2d 493, 499 (E.D.Pa. 1999); accord *Devlin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76, 90 (2d Cir. 2001) (*Varity Corp.* does not eliminate a private cause of action for breach of fiduciary duty when another potential remedy is available; instead, the district court's remedy is limited to such equitable relief as is considered appropriate"); *Suozzo v. Bergreen*, 2002 WL

1402316, *5 (S.D.N.Y. 2002) (citing *Varity* as holding that "ERISA claims for breach of fiduciary duty are not necessarily duplicative of claims for benefits").

If Defendants' position were accepted, the result would appear to be to preclude many of the breach of fiduciary duty claims that *Varity* authorized. Because a participant is, by definition, a current or former employee "who is or may become eligible to receive a benefit," ERISA §3(7), 29 U.S.C. 1002(7), defendants could practically always assert that the breach of fiduciary duty action should be precluded because the participant has redress elsewhere. Rather than following *Varity*, Defendants' position would interpret *Varity*'s dicta in a manner that upends the holding. Compare 516 U.S. at 513.

### B.    A Prayer that Losses Be Recovered Is Cognizable Under ERISA §§502(a)(2) and (a)(3); A Prayer that Retirement Benefits Be Paid Does Not Transform the Relief Sought Into Money Damages.

Defendants alternatively contend that Ms. Clark cannot obtain relief for the violations alleged in Claim III because, according to Defendants, she seeks money damages which are unavailable under ERISA §502(a)(3). The Amended Complaint does not specify whether relief for Claim III is under ERISA §§502(a)(2) or 502(a)(3) so it is unclear how Defendants cabin Claim III to the

17

latter.[3] Again, Plaintiff does not intend to seek relief under only one of those sections, but will seek relief under both.

As indicated, the first flaw in Defendants' argument is that it ignores the fact that the violations pled in Claim III can be redressed under both ERISA §502(a)(2) and 502(a)(3). ERISA §502(a)(2) covers not only equitable relief, but also legal relief for losses resulting from a breach of fiduciary duty. See, e.g., *United Mine Workers 1950 Ben. Plan & Trust v. Bituminous Coal Operators Ass'n*, 898 F.2d 177, 182 n.6 (D.C. Cir. 1990) (if trustees improperly misused contributions and mismanaged trust assets, "BCOA is entitled to bring a civil enforcement action to recover money on behalf of the Trust under 29 U.S.C. § 1132(a)(2)"); *Crawford v. La Boucherie Bernard, Ltd.*, 815 F.2d 117, 119 (D.C. Cir. 1987) ("where a party has breached his fiduciary duty, the courts have broad authority under the statute to fashion remedies for redressing any breach and for protecting the interests of participants and beneficiaries"); *Bell v. Exec. Comm. of the United Food & Commer. Workers Pension Plan*, 191 F. Supp. 2d 10, 12 (D.D.C. 2002) (plaintiffs sought "restitution to the Plan for losses caused by the

---

[3] Defendants drop a footnote which asserts that "Plaintiff cannot seriously argue that Count III asserts a claim ... under Section 502(a)(2)." Defs. Br. at 9 n.2. Defendants also assert that the Plaintiff is "hard pressed to argue" for recovery under Section 502(a)(2). *Id.* While this may foreshadow a defense, these types of assertions are clearly insufficient to justify a Rule 12(c) dismissal.

alleged breach of fiduciary duty" under 502(a)(2); "any trustee found to have breached his or her fiduciary duty to the Plan in the Bell lawsuit is personally liable for damages").

Defendants' argument with respect to ERISA §502(a)(3) also falls short. ERISA §502(a)(3) authorizes the courts "to enjoin any act or practice which violates any provision of this title or the terms of the plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this title or the terms of the plan." As the Supreme Court held in *Bowen v. Massachusetts*, 487 U.S. 879, 893 and 895 (1988), "[t]he fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as 'money damages'." That the benefits are monetary "cannot transform the nature of the relief sought–specific relief, not relief in the form of damages." In *Sereboff v. Mid Atlantic Medical Services*, __ U.S. __, 126 S.Ct. 1869, 1874 (2006), the Supreme Court specifically stated that "ERISA provides for equitable remedies to enforce plan terms, so the fact that the action involves a breach of contract can hardly be enough to prove relief is not equitable; that would make Section 502(a)(3)(B)(ii) an empty promise."

Because Ms. Clark alleges facts consistent with her breach of fiduciary duty claims upon which relief can be granted under either ERISA §§502(a)(2) or (a)(3),

Defendants cannot be entitled to dismissal of Claim III.

**Conclusion**

 For the foregoing reasons, Defendants have failed to establish that they deserve judgment on the pleadings under Rule 12(c) on any of Plaintiff's claims, and their motion to dismiss should be denied.

DATED: July 16, 2007

       Respectfully submitted,

        /s/ Stephen R. Bruce
       Stephen R. Bruce (D.C. Bar. No. 289066)
       Allison C. Caalim (D.C. Bar No. 494372)
       805 15th St., NW, Suite 210
       Washington, D.C. 20005
       (202) 371-8013
       (202) 371-0121 (f)
       stephen.bruce@prodigy.net

       Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 16th day of July 2007, a true

and correct copy of (1) Plaintiff's Opposition to Defendants' Rule 12(c) Motion

for Judgment on the Pleadings, (2) the Proposed Order and (3) this Certificate of

Service was sent via CM/ECF electronic filing, addressed to the following parties:

> James C. Bailey
> Jason H. Ehrenberg
> BAILEY & EHRENBERG PLLC
> 1155 Connecticut Ave NW
> Suite 1100
> Washington, D.C. 20036
>
> Attorneys for Defendants

                                        /s/ Stephen R. Bruce

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DENISE M. CLARK,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )        Civil Action No. 07 CV 470 (JDB)
                                    )
FEDER SEMO and BARD, P.C.,          )
FEDER SEMO and BARD, P.C.           )
RETIREMENT PLAN and TRUST,          )
JOSEPH E. SEMO, and                 )
HOWARD M. BARD,                     )
                                    )
                Defendants. )
_____ )

## Proposed Order

Upon consideration of Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Amended Complaint, Plaintiff's Opposition thereto, and the entire record in this matter, it is this ____ day of _____ 2007:

**ORDERED** that Defendants' Motion for Judgment on the Pleadings is hereby **DENIED**.

                                    _____
                                    JOHN D. BATES
                                    United States District Judge