**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COLUMBIA**

| | |
|---|---|
| DENISE M. CLARK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FEDER SEMO and BARD, P.C., )<br>)<br>*et al.*, )<br>)<br>Defendants )<br>_____) | Case No. 07-CV-00470 - JDB |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Feder, Semo and Bard, P.C., Feder, Semo and Bard, P.C. Retirement Plan and Trust, Joseph Semo and Howard M. Bard, (collectively "Defendants"), by and through their counsel, hereby respectfully submit their Reply in support of their Motion for Judgment on the Pleadings (the "Motion") in favor of Defendants as to Plaintiff Denise M. Clark's Amended Complaint.

**I.   Introduction**

This is an uncomplicated action in which Plaintiff seeks pension benefits in the form of money damages.  However, rather than bring a "plain vanilla" claim for pension benefits under ERISA, Plaintiff initially framed the instant action in a novel and unauthorized way, in an obvious effort to circumvent ERISA's well-established remedial scheme and drive up the cost of this litigation.  The Court previously viewed this gamesmanship with disfavor and ordered Plaintiff to

1

amend her initial complaint to clearly set forth her claims. Plaintiff chose to ignore this directive and filed an Amended Complaint that was in all practical respects identical to her initial complaint.

Plaintiff now admits in her Opposition to Defendants' Motion -- more than *four months* after she initiated this action, more than *two months* after the Court ordered her to amend her complaint to clearly set forth her claims, and only after Defendants have been saddled with the burden and expense of moving to dismiss Plaintiff's vague and ambiguous allegations -- that the nub of her case is a claim for collection of pension benefits brought pursuant to Section 502(a)(1)(B) of ERISA. Plaintiff continues her obfuscation, however, by averring in her Opposition that she seeks (identical) relief via claims for breach of fiduciary duty brought pursuant to Sections 502(a)(2) and 502(a)(3) of ERISA.

Under ERISA, Plaintiff's claims brought pursuant to Sections 502(a)(2) and 502(a)(3) are unauthorized in the present action. Accordingly, the Court should order that these claims be dismissed as to all Defendants. The only claim that should remain is Plaintiff's claim for benefits brought pursuant to Section 502(a)(1)(B) of ERISA asserted at Counts I and II of the Amended Complaint.

## III.    Legal Standard

At the outset, Plaintiff cites the wrong legal standard for the Motion. Whether judgment may be entered on the pleadings is a question informed by the facts and injuries alleged, as well as by the remedies sought. *Crummett v. Metropolitan Life Ins. Co.,* Civil Action 06-01450 (HHK),

2007 U.S. Dist. LEXIS 50956, *9 (D.D.C. July 16, 2007). A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. Rule 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Dale v. Exec. Office of the President*, 164 F. Supp. 2d 22, 24 (D.D.C. 2001). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Wilson v. Libby Jr. et al.*, Civ. Action No. 06-1256 (JDB), 2007 U.S. Dist. LEXIS 51978, * 15 (July 19, 2007), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1964 (2007). Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Finally, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Id.* (citations omitted).

**IV.   Argument**

Although it has taken her more than four months, Plaintiff now admits that the crux of her case is a claim for pension benefits brought pursuant to Section 502(a)(1)(B) of ERISA. Plaintiff affirmatively states in her Opposition that, through her Amended Complaint, she seeks relief pursuant to Sections 502(a)(1)(B), 502(a)(2) and 502(a)(3) of ERISA. Plaintiff specifically argues in

her Opposition that she can maintain a Section 502(a)(1)(B) claim in this action. [*See* Opp. at 8-9 (citing cases).] Because Plaintiff can maintain a claim for pension benefits under Section 502(a)(1)(B), and because Plaintiff is not authorized in this action to pursue relief under Sections 502(a)(2) and 502(a)(3), Defendants are entitled to judgment on the pleadings as to the latter claims. All that should remain is Plaintiff's claim for pension benefits under Section 502(a)(1)(B).

### A.     Counts I and II of the Amended Complaint Seek Relief Pursuant to Section 502(a)(1)(B) of ERISA.

Defendants initially moved for judgment on the pleadings as to Counts I and II of Plaintiff's Amended Complaint because these two counts did not assert any of the causes of action specifically enumerated in the ERISA statute. [*See* Motion at 8-9.] Count I of the Amended Complaint referenced only ERISA Section 204(g) (and various Treasury regulations and rulings), while Count II of the Amended Complaint referenced only the DOL's disclosure regulation found at 29 C.F.R. § 2520.102-3. [*See id*.] In response to Defendants' Motion, Plaintiff now argues for the first time that she seeks "relief for the violations pled in Counts I and II under *both* ERISA §§ 502(a)(1)(B) and 502(a)(3)." [*See* Opp. at 8.] Thus, Plaintiff admits that – to the extent she is entitled to any relief for Defendants' alleged wrongdoing – Section 502(a)(1)(B) provides Plaintiff with a cause of

4

action.[1]  [*See* Opp. at 9.]  As noted below, this admission is fatal to Plaintiff's claims brought pursuant to Sections 502(a)(2) and 502(a)(3) of ERISA.

### B. Plaintiff's Section 502(a)(2) Claim Must be Dismissed.

Although her Amended Complaint fails to make any mention of Section 502(a)(2) of ERISA, Plaintiff now asserts that Count III of the Amended Complaint is a claim for breach of fiduciary duty brought pursuant to Section 502(a)(2) (as well as Section 502(a)(3)) of ERISA.  As noted in Defendants' Motion, Plaintiff cannot maintain a claim for individualized relief (*i.e.*, money damages for herself) under Section 502(a)(2) and Defendants are entitled to judgment on the pleadings on this claim.

Section 502(a)(2) incorporates Section 409 of ERISA, which provides that a fiduciary who breaches a plan duty "shall be personally liable to make good to *such plan* any losses to *the plan* resulting from each such breach, and to restore to *such plan* any profits of such fiduciary which have been made through use of assets of *the plan* by the fiduciary."  *See* 29 U.S.C. § 1109(a) (emphasis added).  As the Supreme Court has observed: "[T]he entire text of [Section 409] persuades

---

[1]  Because Plaintiff now asserts that Counts I and II of the Amended Complaint are brought pursuant to Section 502(a)(1)(B) and 502(a)(3) of ERISA, there is no need to address whether Plaintiff has adequately pled these counts or whether she may maintain an independent claim under Section 204(g) of ERISA or 29 C.F.R. § 2520.102-3.  By asserting in her Opposition that she seeks relief for Defendants' alleged violations of Sections 204(g) and 2520.102-3 pursuant to ERISA §§ 502(a)(1)(B) and/or 502(a)(3), Plaintiff implicitly acknowledges that Sections 204(g) and 2520.102-3 do not, themselves, provide her with a cause of action or remedy.  Thus, Plaintiff's lengthy discussions of the "Notice Pleading Standard" of Fed. R. Civ. P. 8 and the Supreme Court's decision in *Central Laborers v. Heinz*, 541 U.S. 739 (2004), are inapposite and need not be addressed herein.

us that Congress did not intend that section to authorize any relief *except for the plan itself.*"  *Mass Mutual Life ins. Co. v. Russell*, 473 U.S. 134, 144 (1985) (emphasis added).  If Congress meant to authorize individual damages claims under Section 502(a)(2), it had only to say so.  Instead, the text emphasizes the precise nature of the remedy provided by Congress:  a remedy restricted to plan losses.  Furthermore, ERISA is a "comprehensive and reticulated statute," *id.* at 146, it implements Congress' various "policy choices," *Pilot Life Ins. Co. v. DeDeaux*, 481 U.S. 41, 54 (1987), and courts should therefore be "especially reluctant to tamper with the enforcement scheme embodied in the statute … by extending remedies not specifically authorized by its text." *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (internal quotation and alteration omitted).

Here, Plaintiff seeks individualized relief in the form of money damages – namely, the difference between the benefits she received from the Plan and the benefits to which she feels she is entitled under the Plan.  She does not seek relief *for the Plan on behalf of the Plan*.  Because Section 502(a)(2) and 409(a) of ERISA do not authorize the individualized relief Plaintiff seeks in this action, Defendants are entitled to judgment on the pleadings as to this claim.  *See*, *e.g.*, *Strom v. Goldman, Sachs & Co.*, 202 F.3d 128, 149 (2d Cir. 1999) (holding that an individual plaintiff cannot proceed under Section 502(a)(2)), *abrogated on other grounds by Knudson*, 534 U.S. at 214-215; *Matassarin v. Lynch*, 174 F.3d 549, 566 (5th Cir. 1999) (affirming grant of summary judgment under Section 502(a)(2)

because plaintiff's allegations "concern only her individual account"); *Parker v. BankAmerica Corp.*, 50 F.3d 757, 768 (9th Cir. 1995) ("Any recovery for a violation of section 1132(a)(2) must be on behalf of the plan as a whole, rather than inuring to individual beneficiaries"); *Tregoning v. American Community Mut. Ins. Co.*, 12 F.3d 79, 83 (6th Cir. 1993); *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993) ("*Russell* …bars [plan participants and beneficiaries] from suing under Section 502(a)(2) because [they] are seeking damages on their own behalf, not on behalf of the Plan"); *Physicians HealthChoice, Inc. v. Trustees of Auto. Employee Ben. Trust*, 988 F.2d 53, 54 (8th Cir. 1993) ("The Supreme Court has construed [Section 409(a)] literally … that section [does not] 'authorize any relief except for the plan itself'").

### C. Plaintiff's Section 502(a)(3) Claim Must Be Dismissed.

Plaintiff asserts that Counts I, II and III of the Amended Complaint are brought, in part, pursuant to Section 502(a)(3) of ERISA. This claim fails for two independent reasons: (1) because Plaintiff has available – and indeed is asserting in this action – a claim for pension benefits under Section 502(a)(1)(B); and (2) because Plaintiff is not entitled to the relief she seeks through Section 502(a)(3) – namely, money damages.

### 1. Plaintiff is Precluded From Asserting a Fiduciary Breach Claim Because She Has Available a Benefits Claim.

Plaintiff's Section 502(a)(3) claim(s) must be dismissed because Plaintiff has available, and has confirmed that she is asserting in this action, a claim for denial of benefits.

Contrary to Plaintiff's bare assertions in her Opposition, where (as here) a pension plan participant has available a claim for benefits under Section 502(a)(1)(B), a claim for breach of fiduciary duty under Section 502(a)(3) cannot stand. As noted in Defendants' Motion, all but one of the Circuit Courts (the Second Circuit in *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76 (2d. Cir. 2001)) that have decided the issue have interpreted the Supreme Court's decision in *Varity Corp. v. Howe*, 516 U.S. 489 (1996), to hold that a breach of fiduciary duty claim cannot stand where, as here, a plaintiff has available a claim for benefits under Section 502(a)(1)(B). [*See* Motion at 9-14 (citing and discussing cases).][2] Because Plaintiff has (1) conceded that she has available an a Section 502(a)(1)(B) claim for benefits, and (2) in fact asserted a Section 502(a)(1)(B) claim for benefits, *see* Opp. at 8-9, Defendants are entitled to

---

[2] The Second Circuit has held -- not necessarily in disagreement with its sister circuits -- that *Varity* does not create a bright-line rule barring equitable claims where benefits-denial claims are asserted, but rather simply stands for the proposition that where adequate remedies lie elsewhere, claims under Section 502(a)(3) "normally [will] not be appropriate." *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76 (2d. Cir. 2001).

judgment on the pleadings as to Plaintiff's Section 502(a)(3) fiduciary breach claim.³

This Court recently noted that whether judgment may be entered on the pleadings is a question informed by the facts and injuries alleged, as well as by the remedies sought, and where the pleadings make it apparent that the plaintiff has adequate remedies elsewhere, Section 502(a)(3) claims may be dismissed. *See Crummett v. Metropolitan Life Ins. Co.*, 2007 U.S. Dist. LEXIS 50956 at *9 (granting motion for judgment on the pleadings and dismissing Section 502(a)(3) claim for breach of fiduciary duty). Such adequacy is apparent here. Try as she may to have the Court believe that her lawsuit challenges more than a mere pension benefits denial, the gravamen of Plaintiff's action is that she was improperly denied benefits, and the remedies she seeks are wholly directed at recovering for that denial. [*See* Motion at 9-14.] Plaintiff alleges no other injuries and seeks no other remedies. Should she prevail, her remedies under Section 502(a)(1)(B) will make her whole and equitable relief will be unnecessary. Should Plaintiff lose, it will be because she is not entitled to recover at all. In these circumstances, Plaintiff's remedies pursuant to Section 502(a)(1)(B) are

---

³ It is telling that Plaintiff has chosen to ignore the long line of circuit court cases holding that participants may not maintain a simultaneous claim for benefits and for breach of fiduciary duty. Plaintiff has completely ignored this authority and has attempted to direct the Court's attention to the few district court decisions from other jurisdictions that have allowed individuals to maintain both claims on the basis of Fed. R. Civ. P. 8's mention of alternative pleading. [*See* Opp. at 9-10.] Plaintiff's complete failure to recognize this circuit court authority can only be viewed as an admission that the authority is fatal to her position.

adequate and Plaintiff's Section 502(a)(3) claim must be dismissed. [*See*, *e.g.*, Motion at 9-14; *Crummett*, 2007 U.S. Dist. LEXIS 50956 at *9.]

### 2. Plaintiff is Barred from Obtaining the Relief She Seeks Under Section 502(a)(3).

Plaintiff has not rebutted Defendants' showing that, even if she could bring her 502(a)(3) claim here, that claim would still fail because Plaintiff is not entitled to the relief sought. Defendants are entitled to judgment on the pleadings as to Plaintiff's 502(a)(3) claim on this separate and independent ground.

As relevant here, Section 502(a)(3) provides that a participant may obtain "appropriate equitable relief" to remedy a breach of fiduciary duty. In *Great-West Life & Annuity Ins. Co. v. Knudson*, the Supreme Court held that "appropriate equitable relief" *does not include an injunction or declaration ordering defendants to pay money damages* which are "the classic form of *legal* relief." 534 U.S. at 205 (emphasis supplied) (citations omitted).[4] Here, although Plaintiff has cloaked her claims and prayer for relief in "declaratory" terms, it is clear that all Plaintiff seeks is the payment of additional pension benefits in the form of money damages. [*See* Opp. at 9 (noting that through her claim for benefits brought pursuant to Section 502(a)(1)(B), Plaintiff seeks recovery of benefits); Amended Complaint at Prayer for Relief (requesting the Court "[a]ward such other *legal*, equitable and

---

[4] Courts within this District have strictly interpreted the Supreme Court's decision in *Knudson*. *See*, *e.g.*, *Carabillo v. Ullico Inc. Pension Plan & Trust*, 355 F. Supp. 2d 49 (D.D.C. 2004) (noting that in *Knudson*, the Supreme Court held that "appropriate equitable relief" under Section 502(a)(3) does not include legal relief, such as money damages).

10

remedial relief as the Court deems appropriate *to ensure the Plaintiff's receipt of all retirement benefits* required to give effect to the Court's declarations,") (emphasis added).]

The Supreme Court in *Knudson* warned against "lawyerly inventiveness" in attempting to avoid the limitations of Section 502(a)(3). And "lawyerly inventiveness" is precisely what Plaintiff – an experienced ERISA practitioner – is engaging in here in an attempt to avoid the limitations of Section 502(a)(3). Plaintiff tries to skirt around the issue by devoting only one paragraph of her twenty page Opposition to the issue, ignoring the Supreme Court's decision in *Knudson*, and attempting to direct this Court's attention to *Bowen v. Massachusetts*, 487 U.S. 879 (1988), a case between the State of Massachusetts and the United States Secretary of Health and Human Services that did not even involve ERISA and that has absolutely no application to the present facts. Plaintiff is grasping at straws. Because Section 502(a)(3) of ERISA does not authorize an award of money damages to Plaintiff in this action, and because Plaintiff has presented absolutely no authority to rebut this well-established legal principal, Plaintiff's Section 502(a)(3) claim must be dismissed.

## IV.   Conclusion

For the foregoing reasons, Defendants respectfully request that judgment on the pleadings be granted in favor of Defendants as to Plaintiff's claims brought pursuant to Sections 502(a)(2) and 502(a)(3) of ERISA. All that should remain in this action is Plaintiff's claim brought pursuant to Section 502(a)(1)(B) of ERISA.

Dated:  July 30, 2007               Respectfully submitted,

*//s// Jason H. Ehrenberg*

_____
James C. Bailey (D.C. # 462391)
Jason H. Ehrenberg (D.C. # 469077)
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
T:  (202) 465-4729
F:  (202) 318-7071
E:  jhe@becounsel.com

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July 2007, a copy of the foregoing was served on the following via the District Court's ECF electronic filing system:

>Stephen R. Bruce
>805 15th Street, N.W.
>Suite 210
>Washington, D.C. 20005

>*//s// Jason H. Ehrenberg*
>_____
>Jason H. Ehrenberg