UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DENISE M. CLARK,**

    **Plaintiff,**

        v.

**FEDER SEMO & BARD, P.C., et al.,**

    **Defendants.**

Civil Action No. 07-0470 (JDB)

## MEMORANDUM OPINION

Plaintiff Denise Clark brings this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. In her complaint, she alleges that she was improperly denied almost 50% of the value of her retirement benefits in violation of ERISA's anti-cutback protection for accrued benefits, ERISA's disclosure requirements, and fiduciary duties imposed by ERISA. Currently before the Court is defendants' motion for judgment on the pleadings. Upon careful consideration of the motion, the parties' memoranda, the applicable law, and the entire record, the Court will grant in part and deny in part defendants' motion.

### BACKGROUND

The following facts are alleged by plaintiff, who is a participant in the Feder, Semo and Bard, P.C. Retirement Plan and Trust ("Plan"). Am. Compl. ¶ 3. Plaintiff worked as an attorney at Feder, Semo and Bard, P.C. ("FS&B"), in the District of Columbia for almost ten years. Id. In October 2000, plaintiff became the managing partner of the firm, and she remained in that

position until July 2002, when plaintiff terminated her employment with the firm. Id. Based upon the retirement plan documents, plaintiff believed she was vested under the Plan and would receive her accrued benefits on or after August 1, 2007, five years after she terminated her employment with the firm. Id. ¶ 10.

In September 2003, the Board of Directors of FS&B amended the Plan to freeze the accrual of future retirement benefits effective after September 20, 2003, and on September 26, 2005, the Board approved an amendment that terminated the Plan. Id. ¶¶ 11, 15. Days later, on September 30, 2005, the firm ceased the active practice of law. Id. ¶ 4. Plaintiff thereafter received a letter from FS&B, which stated that all benefits would be distributed as a result of the Plan's termination. Id. ¶ 16. The letter included a statement summarizing plaintiff's benefits, which indicated plaintiff was entitled to a lump sum benefit of $166,541.71. Id.

Believing she was entitled to more, plaintiff requested the lump sum distribution of $166,541.71 and reserved the right to pursue any difference between that distribution and the value of her accrued benefits. Id. ¶ 17. After plaintiff inquired about the benefits calculation, outside counsel for FS&B sent plaintiff an e-mail on October 5, 2005, informing her that the lump sum actuarial equivalent of her $4,860.55 per month annuity benefit was $312,380.83 as of October 31, 2005, but that her benefits had been "pro-rata reduced to match the plan's assets." Id. ¶ 18. Plaintiff exercised her right under the Plan to appeal the benefit determination, but defendants denied her appeal. Id. ¶¶ 19, 20. Plaintiff subsequently made two requests for reconsideration, which defendants responded to and denied with explanation. Id. ¶ 21.

Plaintiff thereafter filed a two-count complaint in this Court on March 13, 2007, and defendants filed their answer on April 6, 2007. See Docket Entry Nos. 1, 6. At the Initial

Scheduling Conference held with the Court on May 11, 2007, defendants noted their position that plaintiff's complaint did not assert cognizable claims under ERISA. Following the conference, the Court ordered plaintiff to file an amended complaint by not later than June 1, 2007, and plaintiff complied. See May 11, 2007 Minute Order. The amended complaint is nearly identical to her original complaint, with the addition of Claim Three for "Breaches of ERISA's Fiduciary Duties." See Am. Compl. ¶¶ 33-34.

Defendants have moved for judgment on the pleadings. In defendants' motion, they originally requested judgment on the pleadings for the entirety of plaintiff's amended complaint. Defendants asserted that plaintiff's first two causes of action had no basis in law because they did not specify whether the claims fell under ERISA § 502(a)(1)(B), § 502(a)(2), or § 502(a)(3). Defendants also argued that the third cause of action for breach of fiduciary duty should be dismissed because the relief sought was otherwise available under § 502(a)(1)(B) as a claim for benefits. Plaintiff's opposition asserts that her amended complaint seeks relief pursuant to sections 502(a)(1)(B), 502(a)(2), and 502(a)(3), even though those provisions are never explicitly cited in the amended complaint. Defendants now accept plaintiff's posture and argue that the only claims that should remain are plaintiff's claims for benefits brought pursuant to § 502(a)(1)(B). As discussed below, this Court agrees, and defendants' motion for judgment on the pleadings therefore will be granted in part and denied in part.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(c), a motion for judgment on the pleadings shall be granted if the moving party demonstrates that "no material fact is in dispute and that it is entitled to judgment as a matter of law." Peters v. Nat'l R.R. Passenger Corp., 966 F.2d 1483, 1485 (D.C.

Cir. 1992) (internal quotation omitted). The appropriate standard for reviewing a motion for judgment on the pleadings is the same as that applied to a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Dale v. Exec. Office of the President, 164 F. Supp. 2d 22, 24 (D.D.C. 2001).

      All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp., 127 S. Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp., 127 S. Ct. at 1965 (citations omitted). Hence, although "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is impossible, and 'that a recovery is very remote and unlikely,'" id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the "threshold requirement" of Fed. R. Civ. P. 8(a)(2) is "that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief,'" id. at 1966 (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

I.      **Plaintiff's Claims Under § 502(a)(1)(B)**

Section 502(a)(1)(B) of ERISA provides that "a participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Although plaintiff never cites § 502(a)(1)(B) in her amended complaint, her opposition states that she "is more than willing to tell Defendants and the Court that she will seek relief for the violations pled in Claims I and II under both ERISA §§ 502(a)(1)(B) and 502(a)(3)." Pl.'s Opp. at 8.

Because the gravamen of plaintiff's complaint is a claim for individual benefits -- the difference between the lump sum distribution she received and the alleged value of her accrued benefits -- and because defendants have now conceded that plaintiff can maintain a § 502(a)(1)(B) claim in this action, plaintiff may go forward with Claims I and II arising under § 502(a)(1)(B).

II.     **Plaintiff's Claims Under § 502(a)(3)**

Section 502(a)(3) provides that "a participant, beneficiary, or fiduciary" may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). In plaintiff's opposition, she now asserts that she will seek relief on Claims I, II, and III pursuant to § 502(a)(3). In response, defendants contend that plaintiff's "Section 502(a)(3) claim(s) must be dismissed because Plaintiff has available, and has confirmed that she is

asserting in this action, a claim for denial of benefits."  Defs.' Reply at 8.

In arguing that a denial of benefits claim under § 502(a)(1)(B) preempts a breach of fiduciary duty claim under § 502(a)(3), defendants rely on Varity Corp. v. Howe, 516 U.S. 489 (1996).  There, the Supreme Court held that § 502(a)(3) authorizes some individualized claims for breach of fiduciary duty when a plaintiff's injury would not find adequate relief in another part of section 502.  Id. at 512.  The Supreme Court concluded that § 502(a)(3) is a "catchall" provision that acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy."  Id.  The Court further stated that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"  Id. at 515.

The D.C. Circuit has not addressed whether a plaintiff may proceed with claims under both § 502(a)(1)(B) and § 502(a)(3).  But the majority of circuits that have decided this issue have held that a breach of fiduciary duty claim cannot stand where a plaintiff has an adequate remedy through a claim for benefits under § 502(a)(1)(B).  See, e.g., Korotynska v. Metro. Life Ins. Co., 474 F.3d 101, 107 (4th Cir. 2006) (holding that "§ 1132(a)(1)(B) affords the plaintiff adequate relief for her benefits claim, and a cause of action under § 1132(a)(3) is thus not appropriate"); Antolik v. Saks, Inc., 463 F.3d 796, 803 (8th Cir. 2006) ("[W]here a plaintiff is provided adequate relief by the right to bring a claim for benefits under . . . § 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B).") (quotation omitted); Tolson v. Avondale Indus., Inc., 141 F.3d 604, 610 (5th Cir. 1998) ("Because [plaintiff] has adequate redress for disavowed claims through his right to bring suit

pursuant to section 1132(a)(1), he has no claim for breach of fiduciary duty under section 1132(a)(3)."). But see Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 89-90 (2d Cir. 2001) (holding that "Varity Corp. did not eliminate a private cause of action for breach of fiduciary duty when another potential remedy is available; instead, the district court's remedy is limited to such equitable relief as is considered appropriate").

In ruling on similar motions, two judges in this district have relied on this majority interpretation to dismiss breach of fiduciary duty claims when the plaintiffs had adequate remedies under § 502(a)(1)(B) to recover for their alleged denial of benefits. See Crummett v. Metro. Life Ins. Co., 2007 WL 2071704, at *3 (D.D.C. July 16, 2007) (concluding "with little hesitancy that [plaintiff's] remedies pursuant to subsection (1)(B) are adequate and that her fiduciary-duty claim must be dismissed"); Hurley v. Life Ins. Co. of N. Am., 2005 U.S. Dist. LEXIS 43038, at *32 (D.D.C. July 7, 2005) (concluding that "the claim for ERISA breach of fiduciary duty [under § 502(a)(2)] is preempted by the existence of a valid claim in Count I for denial of benefits"). Because the gravamen of plaintiff's complaint is that she was improperly denied benefits, the remedies under § 502(a)(1)(B) would make plaintiff whole if she were to prevail on her claim. Plaintiff therefore has an adequate remedy under § 502(a)(1)(B), and accordingly her § 502(a)(3) claim must be dismissed.[1]

---

[1] Moreover, relief under § 502(a)(3) is limited to "appropriate equitable relief." 29 U.S.C. 1132(a)(3)(B). The Supreme Court has cautioned that a court must look past the label applied by the plaintiff to determine if the relief is appropriately framed in equity. "Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002) (quoting Bowen v. Massachusetts, 487 U.S. 879, 918-19 (1988) (Scalia, J., dissenting)). Here, plaintiff seeks such declaratory, "legal, equitable and remedial relief as the Court deems

### III.     Plaintiff's Claims Under § 502(a)(2)

Section 502(a)(2) provides that "a participant, beneficiary or fiduciary" may bring a civil action "for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Under 29 U.S.C. § 1109, a fiduciary "who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

In Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142 (1985), the Supreme Court held that § 502(a)(2) provides relief for the plan itself and not for individual beneficiaries. See also Conley v. Pitney Bowes, 176 F.3d 1044, 1047 (8th Cir. 1999) (stating that § 502(a)(2) "provides relief only to a plan and not to individual beneficiaries"); Parker v. BankAmerica Corp., 50 F.3d 757, 768 (9th Cir. 1995) ("Any recovery for a violation of [§ 1132(a)(2)] must be on behalf of the plan as a whole, rather than inuring to individual beneficiaries.") (citation omitted); Lee v. Burkhart, 991 F.2d 1004, 1009 (2d Cir. 1993) ("Russell therefore bars plaintiffs from suing under Section 502(a)(2) because plaintiffs are seeking damages on their own behalf, not on behalf of the Plan.").

Hence, a § 502(a)(2) claim may only be pursued by an individual plaintiff when the claim

---

appropriate to ensure the Plaintiff's receipt of all retirement benefits." Since the equitable relief requested by plaintiff is essentially "a claim for benefits expressed in equitable language," plaintiff has not sought "appropriate equitable relief" under § 502(a)(3). Fairview Health Servs. v. Ellerbe Becket Co. Employee Med. Plan, 2007 WL 978089, at *6 (D. Minn. Mar. 28, 2007).

is brought derivatively on behalf of a plan. A plaintiff "may bring a claim under § 502(a)(2) in a 'representative capacity on behalf of the plan as a whole,' requesting, for example, that a breaching fiduciary return funds to the plan." Cook v. Campbell, 482 F. Supp. 2d 1341, 1357 (M.D. Ala. 2007) (quoting Russell, 473 U.S. at 142). But a plaintiff may not seek to recover for herself under § 502(a)(2).

Here, plaintiff's amended complaint fails to reference § 502(a)(2) or any proposed recovery sought on behalf of the Plan. To the contrary, plaintiff's amended complaint viewed in its entirety resonates the theme of seeking individualized relief. See, e.g., Am. Compl. at 1 (alleging that defendants' actions "caused the Plaintiff to lose nearly one-half of the value of her retirement benefits"); id. ¶ 17 (claiming plaintiff "reserved the right to pursue any difference between that distribution and the value of her accrued benefits"); id. ¶ 19 (stating that plaintiff "hand-delivered a formal written appeal of her benefit calculation"); id. ¶ 20 (stating that plaintiff's appeal regarding her benefit calculation was denied); id. ¶ 21 (stating that plaintiff "requested reconsideration of the denial" of her benefits claim); id. ¶ 27 (alleging that plaintiff was paid "only a little over one-half of those benefits" to which she was entitled); id. ¶ 33 (alleging that plaintiff's benefits distribution was "approximately 47%" short of the amount she was due); id. at p. 12 (requesting all appropriate relief "to ensure the Plaintiff's receipt of all retirement benefits").

Before plaintiff indicated that she was in fact seeking relief under § 502(a)(2), defendants' motion stated: "Plaintiff cannot seriously argue that Count III of the Amended Complaint asserts a claim for breach of fiduciary duty under Section 502(a)(2) of ERISA. Such a claim would have to be brought on behalf of the Plan and for the benefit of the Plan. Here, . . . Plaintiff seeks only

individualized relief . . . ."  Defs.' Mot. at 9, n.2 (citations omitted).  In response, plaintiff merely asserts that "[w]hile [defendants' arguments] may foreshadow a defense, these types of assertions are clearly insufficient to justify a Rule 12(c) dismissal."  Pl.'s Opp. at 18, n.3.  Thus, while plaintiff's amended complaint focuses on individualized relief and does not request that any losses be restored to the Plan as a whole, plaintiff's opposition fails to make any argument or allegation that she is in fact seeking relief on behalf of the Plan.  Accordingly, Claim III of plaintiff's amended complaint is not cognizable under § 502(a)(2).  See, e.g., Fairview Health Servs., 2007 WL 978089, at *5 -6 (dismissing plaintiff's § 502(a)(2) claim because the injunctive and compensatory relief that plaintiff sought required payment to the plaintiff and would benefit the plaintiff rather than the plan); Hurley, 2005 U.S. Dist. LEXIS 43038, at *33 (determining plaintiff's § 502(a)(2) claim was not cognizable under ERISA because the plaintiff requested individualized relief instead of relief for the plan as a whole).

## CONCLUSION

Plaintiff's amended complaint revolves around her claim that she was improperly denied almost one-half of the benefits to which she was entitled under the FS&B Plan.  In her amended complaint, plaintiff has sufficiently alleged a cause of action under § 502(a)(1)(B) -- and defendants have conceded as much.  Thus, plaintiff may go forward with Claims I and II arising under § 502(a)(1)(B).  Because § 502(a)(1)(B) provides an adequate remedy for plaintiff's alleged denial of benefits, however, her § 502(a)(3) claims are preempted.  And because plaintiff's lawsuit is not brought derivatively on behalf of the Plan seeking recovery for the Plan as a whole, Claim III of plaintiff's amended complaint is not cognizable under § 502(a)(2).

Accordingly, defendants' motion for judgment on the pleadings will be granted in part and denied in part. A separate order will be issued herewith.

**SO ORDERED**.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Dated: December 17, 2007