IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| DENISE M. CLARK, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 07-CV-00470 - JDB |
| FEDER SEMO and BARD, P.C., *et al.*, | ) |
|       Defendants | ) |

**DEFENDANTS' MOTION TO STRIKE THE STATEMENT
OF GERALD M. FEDER FOR NONVERIFICATION & INVALIDITY**

Defendants Feder, Semo and Bard, P.C., Feder, Semo and Bard, P.C. Retirement Plan and Trust, Joseph Semo and Howard M. Bard, (collectively "Defendants"), by and through their undersigned counsel, hereby move to strike the statement of Gerald M. Feder in support of Plaintiff's Motion to Amend/Correct Complaint (Docket Entry No. 19). Mr. Feder's purported "affidavit" is unsworn, unverified and not under oath, and it does not comply with Local Rule 5.1(h) of the Local Rules of United States District Court for the District of Columbia and/or 28 U.S.C. § 1746. As such, the statement is not proper supporting evidence, and this Court should not consider it in determining whether to permit Plaintiff's Motion to Amend/Correct Complaint.

Dated: February 11, 2008        Respectfully submitted,

*//s// Jason H. Ehrenberg*
_____
Jason Ehrenberg
James C. Bailey
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
T:  202.465.4729
F:  202.318.7071
E:  jhe@becounsel.com

**Attorneys for Defendants**

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February 2008, a copy of the foregoing was served on the following via the District Court's ECF electronic filing system:

Stephen R. Bruce
805 15th Street, N.W.
Suite 210
Washington, D.C.  20005

*//s// Jason H. Ehrenberg*
_____
Jason H. Ehrenberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| DENISE M. CLARK, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>FEDER SEMO and BARD, P.C., *et al.*, )<br>)<br>      Defendants )<br>_____) | Case No. 07-CV-00470 - JDB |

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
MOTION TO STRIKE "AFFIDAVIT OF GERALD M. FEDER"**

Defendants Feder, Semo and Bard, P.C., Feder, Semo and Bard, P.C. Retirement Plan and Trust, Joseph Semo and Howard M. Bard, (collectively "Defendants"), by and through their undersigned counsel, hereby move to strike the statement of Gerald M. Feder in support of Plaintiff's Motion to Amend/Correct Complaint (Docket Entry No. 19). In support, Defendants state the following points and authorities:

1. On January 16, 2008, Plaintiff filed a motion to amend her complaint for a second time, and with that motion filed a statement entitled "Affidavit of Gerald M. Feder" that purports to be a statement in support of the amendment. [*See* Docket Entry No. 19.] As noted below, the "affidavit" is an improper and unsworn statement that should be stricken and disregarded.[1]

---

[1] In any event, even if the purported "affidavit" were to comply with the governing standards (it does not) it would be of no consequence to Plaintiff's Motion to Amend

2. In his statement, Mr. Feder purports to be filing an "affidavit." An affidavit is a written statement of facts "confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *See Montgomery v. Ruxton Health Care, IX, LLC*, Civ. No. 3:06-024, 2006 U.S. Dist. LEXIS 90643 (E.D. Va. Dec. 14, 2006), citing Black's Law Dictionary 58 (6th ed. 1990). *Compare In the Matter of Muscatell*, 1989 Bankr. LEXIS 1823, 106 B.R. 307, 308-09 (Bankr. M.D. Fla. Oct. 23, 1989) (stating that an "affidavit" is "defined as a sworn statement reduced to writing, subscribed and sworn to before some person having the authority to administer an oath or affirmation").

3. Mr. Feder's statement was not sworn, and was not subscribed or sworn before a person having the authority to administer oaths or affirmations. As such, (1) it was not an affidavit, and the representations by both counsel and the maker of the statement, Mr. Feder, that it constituted an affidavit are inaccurate on their face, and (2) it is not within the range of evidence that the Court may consider in support of Plaintiff's Motion to Amend. *See*, *e.g.*, *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306-07 (5th Cir. 1988) (where affidavit was not notarized at time it was filed, such that affiant was not subject to perjury penalties, affidavit was not within range of evidence that court could consider).

---

because (as is demonstrated in Defendants' forthcoming Opposition to the Motion to Amend) compelling reasons exist to deny Plaintiff's Motion to Amend.

2

4. Federal procedural and substantive law concerning the validity of unsworn statements is unambiguous. In particular, Local Rule 5.1(h) of the Local Rules of the United States District Court for the District of Columbia provides:

> Whenever any matter is required or permitted by law or by rule to be supported by the sworn written statement of a person . . . the matter may, with the same force and effect, be supported by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed as true under penalty of perjury, and dated, in substantially the following form: . . . (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

Loc. Civ. R. 5.1(h) (2003). Similarly, 28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

28 U.S.C. § 1746.

5. Federal courts have consistently held that unless a statement is sworn or meets the unambiguous requirements of Section 1746 (or, by extension, Local Civil Rule 5.1(h)), such statement may not be considered by a court in support of a party's evidentiary basis for a pleading or motion. *See*, *e.g.*, *Thomas v. United States Dept. of Energy*, 719 F.2d 342, 344 n.3 (10th Cir. 1983)

(construing Section 1746); *Reed v. Tennessee State Bancshares, Inc.*, Civ. No. 3:05-498, 2007 U.S. Dist. LEXIS 58361 (E.D. Tenn. Aug. 9, 2007), (district court considered a similarly unsworn, unverified, and non-compliant statement, and held that "[g]iven the explicit language of the statute, these technically deficient declarations cannot be considered by the Court") (quoting cases); *Duke Energy Field Servs. Assets v. Ferc.*, 150 F. Supp. 2d 150, 154 (D.D.C. 2001) (stating that documents can be placed "under oath" in one of two ways: (1) the document may be notarized by a notary public; or (2) if a notary public is not used, the document may aver its information "under penalty of perjury").

   6. Here, that Mr. Feder (who is the founder of a law firm that specialized in federal legal matters) did not file a statement that either constitutes a proper, sworn affidavit, or a sworn declaration under Local Rule 5.1(h) and/or Section 1746, but nevertheless was willing to have that statement filed in a federal court representing that it was an "affidavit", raises inherent reliability questions about the contents of the statement. But in any event, because Section 1746 and Local Rule 5.1(h) are mandatory and the law unambiguous, the statement should be stricken and not considered in any manner in support of Plaintiff's Motion to Amend/Correct Complaint. *See*, *e.g.*, *Nissho-Iwai American Corp.*, 845 F.2d at 1306-07 (unsworn affidavit is incompetent to raise fact issue precluding summary judgment and while there is statutory exception to this rule under 28 U.S.C. § 1746, plaintiff's affidavit was not in substantial conformity with either formula because, as drafted, it allowed affiant to circumvent penalties for perjury in

4

signing onto intentional falsehoods); *Hogan v. Rent-A-Center, Inc.*, 228 F. Supp. 2d 802, 806 n.8 (S.D. Ohio 2002) (""[s]ince the document….is neither an affidavit nor a declaration, the Court cannot consider it in ruling upon the motions for summary judgment"); *Hale Propeller, L.L.C. v. Ryan Marine Prods. Pty., Ltd.*, 151 F. Supp. 2d 183, 200-201 (D. Conn. 2001) (striking unsworn affidavit that also failed to conform to statutory standard for unsworn declarations set forth at 28 U.S.C. 1746).

    7.    For the foregoing reasons, Defendants respectfully request that the Court strike Mr. Feder's statement from the record in this matter.

Dated:  February 11, 2008        Respectfully submitted,

*//s// Jason H. Ehrenberg*
_____
James C. Bailey
Jason H. Ehrenberg
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
T:  (202) 465-4729
F:  (202) 318-7071
E:  jhe@becounsel.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February 2008, a copy of the foregoing was served on the following via the District Court's ECF electronic filing system:

Stephen R. Bruce
805 15th Street, N.W.
Suite 210
Washington, D.C.  20005

*//s// Jason H. Ehrenberg*
_____
Jason H. Ehrenberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| DENISE M. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-CV-00470 - JDB |
| | ) |
| FEDER SEMO and BARD, P.C., *et al.*, | ) |
| | ) |
| Defendants | ) |
| _____ | ) |

**[PROPOSED] ORDER**

Having considered the Motion to Strike Affidavit of Gerald Feder (the "Motion") filed by Defendants Feder, Semo and Bard, P.C., Feder, Semo and Bard, P.C. Retirement Plan and Trust, Joseph Semo and Howard M. Bard, (collectively "Defendants"), and all submissions in support thereof, as well as Plaintiff Denise M. Clark's ("Plaintiff") submissions in opposition thereto, it is hereby ORDERED that

Defendants' Motion is hereby GRANTED and the Affidavit of Gerald Feder submitted by Plaintiff in support of her Motion to Amend/Correct Complaint (Docket Entry No. 19) is hereby stricken from the record.

Dated: _____          _____
                                                                                            Hon. John D. Bates
                                                                                            United States District Judge