IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

DENISE M. CLARK,           )
                           )
        Plaintiff,         )
                           )
vs.                        )   Case No. 07-CV-00470 - JDB
                           )
FEDER SEMO and BARD, P.C., *et al.*,  )
                           )
        Defendants         )
_____)

**OPPOSITION TO MOTION TO AMEND**

Defendants Feder, Semo and Bard, P.C., Feder, Semo and Bard, P.C. Retirement Plan and Trust, Joseph Semo and Howard M. Bard, (collectively "Defendants"), by and through their counsel, hereby oppose the Motion to Amend filed by the Plaintiff Denise M. Clark ("Plaintiff").

**I.    Introduction.**

Plaintiff – an experienced benefits practitioner – initiated this ERISA action approximately one year ago by filing a vague and confusing complaint that failed to state *any* cognizable claims under ERISA. Plaintiff now seeks leave to amend her complaint a second time to assert a fiduciary breach claim under ERISA *nine months* after the Court directed her to amend her initial complaint to clearly state the claims she sought to allege in this action. Plaintiff essentially ignored the Court's prior directive, by filing an Amended Complaint that was in almost all respects identical to her initial complaint, save for the addition of a claim for breach of fiduciary duty under ERISA. Defendants subsequently moved for

judgment on the pleadings as to Plaintiff's fiduciary breach claim and the Court subsequently dismissed that claim. In doing so, the Court correctly noted that Plaintiff, despite having been afforded the opportunity (nine months earlier) to consider whether she was bringing a claim for the benefit of the Plan or only an individual claim, chose to pursue only her individual claim.

Now that Defendants have succeeded in having the fiduciary breach claim dismissed, Plaintiff seeks to change the stripes of her argument and attempts to take another untimely bite at the apple (presumably believing that the argument will provide her added leverage in this litigation). The Court should not tolerate Plaintiff's latest effort to drive up the cost of this litigation and make the case something more than it is – a simple benefits case – where Plaintiff has convincingly demonstrated time and time again that she seeks to benefit only herself. Rather, the Court should exercise its discretion to deny the Motion to Amend.

## II. Factual and Procedural Background.

Plaintiff worked for Defendant Feder, Semo and Bard, P.C. (the "Firm") as an employee benefits attorney beginning in 1993. [Amended Complaint ("AC") at 3.] Plaintiff served as the Firm's Managing Partner from October 2000 until she voluntarily terminated her employment with the Firm in July 2002 to become the General Counsel for the Hotel Employees and Restaurant Employees International Union Welfare and Pension Funds. [AC at 3.] Defendant Feder, Semo and Bard, P.C. Retirement Plan and Trust (the "Plan") is a defined benefit retirement plan.

2

[AC at 5.] As a result of her service with the Firm, Plaintiff participated in the Plan. [AC at 7.]

The Firm ceased operations on September 30, 2005. [AC at 4.] On or around that same date, the Board of Directors of the Firm approved an amendment that terminated the Plan. [AC at 15.] On September 30, 2005, Plaintiff received a letter informing her that, due to the Plan's termination, all benefits would be distributed to the Plan's participants. [AC at 16.] Plaintiff subsequently exercised her right to review Plan records, challenged Defendant's calculation of her benefit entitlement, requested a lump sum retirement benefit from the Plan, and received a lump sum payment in the amount $166,541.71 (which resulted in Plaintiff receiving approximately $10,000.00 more than the value of her accrued benefit under the Plan due to ERISA's requirement to value lump sum benefits at a statutory interest rate). [AC at 17.] On October 17, 2005, Plaintiff exercised her right under the Plan and ERISA to formally appeal her benefit calculation (Plaintiff claimed entitlement to a higher quantum of benefits - $312,380.83). [AC at 19.] By letter dated December 14, 2005, Plaintiff's appeal was denied. [AC at 20.] Plaintiff subsequently requested "reconsideration" of the denial of her benefits appeal in January 2006 and again in June 2006. [AC at 21.] Even though Plaintiff already had exhausted all administrative remedies available to her under the Plan, and even though all contractual and statutory obligations owed to Plaintiff with regard to the handling of her benefits claim had been fulfilled, Plaintiff's reconsideration requests were considered and responded to, with the

responses clearly setting forth the legal and factual rationales for the denial of Plaintiff's claim. [AC at 21.]

Plaintiff initiated this action by filing a legally insufficient complaint approximately one year ago. [*See* Docket Entry No. 1.] At the initial case scheduling conference - approximately nine months ago – the Court directed Plaintiff to amend her initial complaint in order that the Court and opposing counsel could make sense of Plaintiff's confused and non-cognizable claims. [*See* May 11, 2007 Minute Order.] Given this chance by the Court to correct the "mistakes" in her first complaint, Plaintiff thereafter filed an Amended Complaint that was in all practical respects identical to her initial complaint, except that it added at Count III a claim for breach of fiduciary duty under ERISA sections 502(a)(2) and 502(a)(3). [*See* AC, Docket Entry No. 10].

Defendants answered the Amended Complaint and moved for judgment on the pleadings, asserting that Plaintiff failed to state a cognizable claim for breach of fiduciary duty under ERISA. [*See* Docket Entry Nos. 12, 16.] Plaintiff admitted in her Opposition to Defendants' Motion for Judgment on the Pleadings that the essence of her case was a claim for collection of pension benefits brought pursuant to Section 502(a)(1)(B) of ERISA. [*See* Docket Entry No. 15.] Plaintiff nevertheless also argued in her Opposition that she sought identical relief – namely the difference in the value of benefits she received and the benefits to which she claims entitlement – via her claim for breach of fiduciary duty brought

4

pursuant to both Sections 502(a)(2) and 502(a)(3) of ERISA.  [*See* Docket Entry No. 15.]

On December 17, 2007, the Court granted Defendants' Motion for Judgment on the Pleadings as to Plaintiff's claim for breach of fiduciary duty under Section 502(a)(2) and (a)(3) of ERISA.  [*See* Docket Entry Nos. 17 and 18.]  As relevant here, with regard to Plaintiff's Section 502(a)(2) claim, the Court noted:

> Here, plaintiff's amended complaint fails to reference § 502(a)(2) or any proposed recovery sought on behalf of the Plan.  To the contrary, plaintiff's amended complaint viewed in its entirety resonates the theme of seeking individualized relief.  Before plaintiff indicated that she was in fact seeking relief under § 502(a)(2), defendants' motion stated:  "Plaintiff cannot seriously argue that Count III of the Amended Complaint asserts a claim for breach of fiduciary duty under Section 502(a)(2) of ERISA.  Such a claim would have to be brought on behalf of the Plan and for the benefit of the Plan.  Here, … Plaintiff seeks only individualized relief…."  In response, plaintiff merely asserts that "[w]hile [defendants' arguments] may foreshadow a defense, these types of assertions are clearly insufficient to justify a Rule 12(c) dismissal.  Thus, while plaintiff's amended complaint focuses on individualized relief and does not request that any losses be restored to the Plan as a whole, *plaintiff's opposition fails to make any argument or allegation that she is in fact seeking relief on behalf of the Plan*.  Accordingly, Claim III of plaintiff's amended complaint is not cognizable under § 502(a)(2).

[*See* Docket Entry No. 17 at 9-10 (internal citations omitted) (emphasis added).]

Plaintiff filed her Motion to Amend and proposed Second Amended Complaint one month later, on January 16, 2008.  [*See* Docket Entry No. 19.] Although Plaintiff now purports to assert a Section 502(a)(2) fiduciary breach claim on behalf of the Plan and has added catch phrases such as "for the Plan" and

5

"on behalf of the Plan" to her re-pleaded Section 502(a)(2) claim, the substance of the proposed Second Amended Complaint remains the same and makes clear that all Plaintiff seeks in this action is money damages for herself.  Plaintiff's conduct in this case - pending now for almost one year - underscores that she took no procedural steps to bring this action for anyone's benefit but her own despite having clearly had the opportunity to consider whether to do so.  Plaintiff's argument that she should be permitted to act as a representative of the Plan is a charade to make this proceeding more cumbersome.  Significantly, although Plaintiff now purports to assert a claim "on behalf of the Plan," she has continued to include the Plan as a defendant and has continued to assert claims against the Plan.

### III.   Legal Standard.

Under Federal Rule of Civil Procedure 15(a), once a responsive pleading is filed, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The D.C. Circuit has held that denial of leave to amend is within the trial court's discretion and appropriate where sufficiently compelling reasons exist - including undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies by previous amendments or futility of amendment. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal citations omitted); *James Madison, Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *see also* 3 Moore's

6

Federal Practice § 15.15[3] (3d ed. 2000) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss").

IV.  **Argument.**

Here, compelling reasons exist to deny Plaintiff's Motion to Amend. The Motion should be denied because of Plaintiff's undue delay, bad faith and dilatory motive, and repeated failure to cure her pleading deficiencies by previous amendments. Separately, the Motion should be denied because the proposed amendment is futile.

    A.    **The Motion Should Be Denied Because of Plaintiff's Delay, Bad Faith and Repeated Failure to Cure Deficiencies.**

As a threshold matter, Plaintiff should not be allowed to re-plead her fiduciary breach claim because the claim already has been asserted, briefed, and dismissed by the Court. Plaintiff's late effort to re-plead the claim is consistent with her goal of driving up the cost of this litigation. As the Court is aware, it previously afforded Plaintiff the opportunity to amend her initial complaint – which looked more like a *pro se* filing than that of a seasoned ERISA practitioner – when it ordered her to amend the initial complaint *nine months ago*. Plaintiff brought two forms of claims in her Amended Complaint: (1) a claim for pension benefits under Section 502(a)(1)(B) of ERISA, and (2) claim for breach of fiduciary duty under Sections 502(a)(2) and 502(a)(3) of ERISA. Defendants

7

answered the amended complaint and moved for judgment on the pleadings. The Court granted judgment to Defendants as to Plaintiff's claim for breach of fiduciary duty. Rather than challenge the Court's well-reasoned Memorandum Opinion and Order via proper channels (a motion for reconsideration), Plaintiff has made an untimely and procedurally improper attempt to undo the Court's decision through her late-filed Motion to Amend.

Plaintiff cites the inapposite cases *B.R. v. District of Columbia*, Civ. No. 07-0578 (RMU), 2007 U.S. Dist. LEXIS 89309 (D.D.C. Dec. 3, 2007), *Openshaw v. Consol. Engineering Servs. Inc,* Civ. No. 06-1884, 2007 U.S. Dist. LEXIS 26280 (D.D.C. 2007), *Champaign v. Carter*, Civ. No. 06-01125 (GET), 2006 U.S. Dist. LEXIS 91480 (N.D. Georgia Dec. 19, 2006), *Darling v. Steelworkers Western Independent Shops Pension Plan*, Civ. No. 04-01672 (WHA) 2004 U.S. Dist. LEXIS 20383 (N.D. Cal. Sept. 29, 2004), and *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101 (D.D.C. 2002), in support of her argument that "if 'an amendment would do no more than clarify legal theories or make technical corrections,' it should be permitted." Motion to Amend at 4. But Plaintiff's amendment does not seek to clarify her theory or make technical corrections. And her reliance upon this case law illuminates her gamesmanship and demonstrates that the Court should exercise its discretion to deny the Motion to Amend.

*B.R. v. District of Columbia* and *Openshaw v. Consol. Engineering Servs. Inc*. are procedurally distinguishable and entirely inapposite to the instant action. The courts in *B.R.* and *Openshaw* were faced with motions to dismiss claims that

8

were vague, ambiguous and/or inartfully pled. Rather than dismiss the claims outright, the courts determined that the proper course was to order the plaintiffs to amend their claims to cure their pleading deficiencies. *See B.R.*, 2007 U.S. Dist. LEXIS 89309 at *14-16; *Openshaw*, 2007 U.S. Dist. LEXIS 26280 at *13-15. Thus, unlike the present case, the courts were not faced with motions to amend filed by plaintiffs who were experienced legal practitioners and who previously had been ordered by a court to amend their complaints to clarify their claims. Similarly, unlike the present case, the courts were not faced with plaintiffs who sought to re-plead claims that previously had been dismissed. In sum, the courts in *B.R.* and *Openshaw* had no opportunity or cause to consider the application of Rule 15 of the Federal Rules of Civil Procedure.

Plaintiff also relies upon *Champaign* and *Darling* in support of her proposed amendment, arguing that she should be allowed to amend her complaint because the courts in those cases "specifically permitted plaintiffs to re-plead their breach of fiduciary duty claims under Section 502(a)(2)." *See* Motion to Amend at 5. As was the case with *B.R.* and *Openshaw*, *Champaign* and *Darling* are distinguishable and lend Plaintiff no support. The courts in *Champaign* and *Darling* were faced with motions to dismiss claims for breach of fiduciary duty brought under Section 502(a)(3) of ERISA. Unlike Plaintiff here, the plaintiffs in *Champaign and Darling* had not brought their fiduciary breach claims under *both* Sections 502(a)(3) and 502(a)(2) of ERISA. In response to the defendants' motions to dismiss, the plaintiffs in *Champaign and Darling* admitted in their

9

opposition briefs that their fiduciary breach claims were improperly brought under Section 502(a)(3) and should have been brought pursuant to Section 502(a)(2). Thus, the courts ordered the plaintiffs to amend their complaints and treated the motions to dismiss as moot. *See Champaign,* 2006 U.S. Dist. LEXIS 91480 at *4-5*; Darling,* 2004 U.S. Dist. LEXIS 20383 at *9-10.

The procedural posture and history of the instant case stand in stark contrast to those of *B.R.*, *Openshaw*, *Champaign* and *Darling*. In contrast to the aforementioned cases, the Court here previously ordered Plaintiff to amend her complaint to clarify her claims – *nine months ago*. Plaintiff then amended her complaint to add a claim for breach of fiduciary duty brought pursuant to *both* Section 502(a)(2) and Section 502(a)(3) of ERISA. In contrast to the plaintiffs in the aforementioned cases, when the Defendants here moved for judgment on the pleadings as to the fiduciary breach claim, Plaintiff intentionally chose not to assert her Section 502(a)(2) claim on behalf of anyone other than herself though the availability of that claim only for the benefit of the Plan was known to her (*i.e.*, Plaintiff made a strategic decision not to argue that she sought something other than individualized relief via that claim or that she was pursuing that claim on behalf of the Plan). In sum, whereas the courts in the aforementioned cases had no cause to undertake a Rule 15 analysis, the circumstances here present compelling reasons for the denial of the proposed amendment.[1]

---

[1] The Court can also take notice of Plaintiff's cavalier approach to her pleadings, as in her proposed Second Amended Complaint she makes no effort to clarify that her

Plaintiff also cites to *Robinson v. Detroit News, Inc.*, 211 F. Supp.2d 101 (D.D.C. 2002) in support of her Motion to Amend. Plaintiff's reliance on *Robinson* is surprising, as *Robinson* favors a denial of Plaintiff's Motion to Amend. In that case, the plaintiff attempted to amend her complaint in response to the defendant's dispositive motion. The Court denied the motion to amend, noting:

> The plaintiff seeks leave to amend her complaint to clarify and respond to the defendant's argument that the initial amended complaint included employment discrimination not only in the area of training but also in the plaintiff's salary, termination, evaluation, and time of receipt of account list. The plaintiff alleges that "pursuant to the notice pleading requirements of Rule 8 the plaintiff is only required to provide 'a short and plain statement' of the claim." *In this instance, the motion to amend is both futile and unauthorized. The court agrees with the defendant that the plaintiff disregarded the court's Initial Scheduling and Procedures Order* dated September 4, 2001. Because the plaintiff filed her proposed motion to amend after the date specified in the court's order, the court applies the more rigorous for "good cause" Rule 16 standard to the plaintiff's amendment. *The court strikes the plaintiff's amendment filed eight months after the date specified in the scheduling order because of undue delay.*

*Robinson*, 211 F. Supp. 2d at 114 (emphasis added).

Here, as in *Robinson*, Plaintiff's Motion to Amend is both futile (as discussed below) and unauthorized. Here, Plaintiff essentially ignored the Court's May 11, 2007 order to amend her complaint to clearly set forth her claims. Instead she filed an Amended Complaint that was in most respects identical to her initial complaint – save for her addition of a vague fiduciary breach claim.

---

benefits claim is asserted under Section 502(a)(1)(B), and against the same Plan she seeks to represent via her re-pleaded Section 502(a)(2) claim (certainly calling into question her fitness to assert claims for others).

11

Plaintiff subsequently forewent the opportunity to clarify her Section 502(a)(2) claim in response to Defendants' Motion for Judgment on the Pleadings – stating in her responsive briefing only that "[w]hile [defendant's arguments] may foreshadow a defense, these types of assertions are clearly insufficient to justify a Rule 12(c) dismissal." [*See* Docket Entry No. 16 (Plaintiff's Reply to Defendant's Motion for Judgment on the Pleadings) at 18, n.3.] Under such circumstances, the Court would be warranted in denying the Motion to Amend. *See Robinson*, 211 F. Supp. 2d at 114 (denying motion to amend and striking proposed amended complaint); *Hester v. International Union of Operating Engineers, AFL-CIO*, 941 F.2d 1574, 1578-79 (11th Cir. 1991) (finding undue delay and upholding denial of motion to amend "to address [the] court's concerns" where, as here, plaintiff previously had ample opportunity to amend his complaint); *Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298 (5th Cir. 1995) (finding possible bad faith and dilatory motive and affirming denial of motion to amend where, as here, plaintiff had previously amended complaint and had chosen to abandon claim).

### B.   Plaintiff's Motion Should Be Denied As Futile.

The Court should deny the Motion to Amend for a second, independent reason – namely, the proposed amendment is futile. A proposed amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss. *See Robinson*, 211 F. Supp. 2d at 114 (citations omitted). Here, as noted above, Plaintiff's proposed Second

Amended Complaint merely restates the same facts as the original complaint in different terms, reasserts a fiduciary breach claim on which the court previously ruled, and cannot withstand a motion to dismiss.

At the outset, the Motion to Amend should be denied because the proposed amendment merely restates the same facts as the original complaint in different terms and reasserts a fiduciary breach claim on which the court previously ruled. Although Plaintiff purports to bring her re-plead Section 502(a)(2) claim "on behalf of the Plan" and purports to seek "relief for the Plan," it is clear that Plaintiff still seeks only individualized relief in the form of additional benefits. An analysis of the cases Plaintiff cites in support of her futility argument, *Pfahler v. National Latex Products Co.*, Nos. 06-3677/3678. 2007 U.S. App. LEXIS 28886 (Dec. 14, 2007), *Graden v. Conexant Systems*, 496 F.3d 291 (3d Cir. 2007), and *Harzewski v. Guidant*, 489 F.3d 799 (7th Cir. 2007), highlights this fact and demonstrates that Plaintiff does not have standing to assert her re-pleaded Section 502(a)(2) claim.

In *Pfahler*, *Graden* and *Harzewski*, the courts were called on to determine whether individual plaintiffs had standing to assert claims for breach of fiduciary duty under Section 502(a)(2) of ERISA against various plan fiduciaries. In holding that the plaintiffs in those cases did have standing, the courts made clear that their holdings were based on the fact that the plaintiffs were seeking to recover losses to the plans for the benefit of the plans. The courts noted that the mere fact that the plaintiffs might tangentially benefit from the restoration of

13

losses to the plans did not bar the plaintiffs in those cases from asserting Section 502(a)(2) claims on behalf of the plans, because it was clear to the courts that the plaintiffs truly sought recovery for the plans and not simply for themselves. Key to the courts' decisions was the fact that the plaintiffs therein were not also pressing individual claims for benefits under Section 502(a)(1)(B) of ERISA. *See*, *e.g.*, *Pfahler*, 2007 U.S. App. LEXIS 28886 at *16 ("That plaintiffs do, indeed, aim to recover on behalf of the Plan is evident from their amended complaint and supplemental briefing to the district court…[plaintiffs] acknowledge on appeal *that they are only attempting to recover on the Plan's behalf"*) (emphasis added). Indeed, to demonstrate that they sought plan relief and not individualized relief, the plaintiffs in *Pfahler* went so far as to propose as a remedy an appointment of an independent fiduciary to hold any amounts recovered from to defendants in trust to ensure that all recovery went to the plan and not to the plaintiffs. *Pfahler*, 2007 U.S. App. LEXIS 28886 at *23.

Here, in contrast, although Plaintiff purports to assert a Section 502(a)(2) claim on behalf of the Plan, the essence of Plaintiff's case is still her individualized claim for benefits brought pursuant to Section 502(a)(1)(B) and it is clear that all she truly seeks is money damages for herself. Significantly, although Plaintiff has added to her proposed Second Amended Complaint phrases such as "for the Plan" and "on behalf of the Plan," the proposed Second Amended Complaint still sounds in individualized relief. There is no question that all Plaintiff truly seeks in her proposed Second Amended Complaint is the difference

14

between the $166,541.71 paid to her from the Plan (which, as previously noted, was approximately $10,000.00 more than the value of Plaintiff's accrued benefit under the Plan) and the $312,380.83 to which she believes she is entitled from the Plan. *See*, *e.g.*, proposed SAC at Introduction (alleging that Defendant's actions "caused the Plaintiff to lose nearly one-half of the value of her retirement benefits"); proposed SAC at 17 (alleging that Plaintiff "reserved the right to pursue any difference between that distribution and the value of her accrued benefit"); proposed SAC at 19 (noting that on October 17, 2005, Plaintiff "hand-delivered a formal written appeal of her benefits calculation to Defendant Feder, Semo and Bard, P.C."); proposed SAC at 20 (noting that Plaintiff's appeal of her benefits claim was denied); proposed SAC at 21 (noting that Plaintiff requested reconsideration of the denial of her benefits claim and appeal); proposed SAC at 27 (alleging that Plaintiff was paid "only a little over one-half" of the benefits to which she allegedly was entitled under the Plan); proposed SAC at 33 (alleging that Plaintiff was denied "approximately 47%" of the distribution to which she alleges she was entitled). In sum, Plaintiff does not have standing to assert her Section 502(a)(2) claim on behalf of the Plan because she stands in stark contrast to the plaintiffs in *Pfahler*, *Graden* and *Harzewski* who sought plan-wide, and not individualized, relief.[2]

---

[2]   Plaintiff's assertion that she seeks to benefit the Plan through this lawsuit is disingenuous. If Plaintiff really wanted to benefit the Plan she would not continue to press her Section 502(a)(1)(B) claim against the Plan and she would dismiss the Plan as a defendant from this case. Similarly, if Plaintiff truly sought to benefit the Plan shouldn't,

Plaintiff's proposed amendment is also futile because Plaintiff's repackaged Section 502(a)(2) claim would not withstand a motion to dismiss due to the fact that Plaintiff continues to press her Section 502(a)(1)(B) benefits claim in her proposed Second Amended Complaint. In this regard, this case is on all fours with *Hurley v. Life Ins. Co. of North America*, Civ. No. 04-0252 (CKK), 2005 U.S. Dist. LEXIS 43038 (D.D.C. July 7, 2005). In that case, as was initially the case here, it was unclear from the plaintiff's amended complaint exactly what ERISA claims he sought to assert against the defendant. The court determined that, as here, although inartfully pleaded, the amended complaint stated a claim for benefits pursuant to Section 502(a)(1)(B) of ERISA. *Hurley*, 2005 U.S. Dist. LEXIS 43038 at *14-16. There, as here, the plaintiff also attempted to assert a claim for breach of fiduciary duty under Section 502(a)(2) of ERISA. *Id*. at *31. In ruling on the defendant's motion to dismiss, the Court held that the plaintiff's 502(a)(2) claim was preempted by the existence of a valid claim under ERISA Section 502(a)(1)(B) for wrongful denial of benefits. *Id*. at *32-33. Because the plaintiff in *Hurley* had available, and in fact was asserting, a claim for benefits under Section 502(a)(1)(B) of ERISA, the court in *Hurley* granted the defendant's motion to dismiss as to the Section 502(a)(1)(B) claim. *Id*.

As explained in Defendants' briefing in support of their Motion for Judgment on the Pleadings, the rationale for this outcome is clear. In *Varity Corp.*

---

she have sought relief on behalf of the Plan at the time she was shepherding her benefits claim through the administrative process?

*v. Howe*, 516 U.S. 489, 515 (1996), the Supreme Court identified the danger that a plan participant or beneficiary – such as Plaintiff here – might attempt to "repackage his or her 'denial of benefits' claim as a claim for 'breach of fiduciary duty.'" *Varity*, 516 U.S. at 513. The Supreme Court found this risk "unlikely to materialize," however, in part because "[w]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief would normally not be 'appropriate.'" *Id*. at 514-515. As also noted in Defendants' earlier briefing, all but one of the Circuit Courts that have decided the issue have interpreted the Supreme Court's decision in *Varity* to hold that a breach of fiduciary duty claim cannot stand where, as here, a plaintiff has available an adequate remedy via a claim for benefits under Section 502(a)(1)(B). [*See* Docket Entry No. 12 (Memorandum of Law in Support Defendants' Motion for Judgment on the Pleadings) at 10-14.]

The fact that Plaintiff has made a last ditch effort to recast her action as one for breach of fiduciary duty for the benefit of the Plan does not change the fact that benefits in the form of money damages are what she ultimately seeks, that benefits in the form of money damages are what she has sought since the inception of this case one year ago, or that redress is available to her under Section 502(a)(1)(B). To grant Plaintiff's proposed amendment to permit this suit to proceed as a breach of fiduciary duty action would encourage parties to avoid the implications of Section 502(a)(1)(B) by artful pleading.

**V.      Conclusion.**

For the foregoing reasons, the Court should deny Plaintiff's Motion for Leave to Amend/Correct Complaint.


Dated:  February 12, 2008                    Respectfully submitted,

*//s// Jason H. Ehrenberg*
_____
James C. Bailey
Jason H. Ehrenberg
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
T:  (202) 465-4729
F:  (202) 318-7071
E:  jhe@becounsel.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of February 2008, a copy of the foregoing was served on the following via the District Court's ECF electronic filing system:

Stephen R. Bruce
805 15th Street, N.W.
Suite 210
Washington, D.C.  20005

                                            *//s// Jason H. Ehrenberg*
                                            _____
                                            Jason H. Ehrenberg