IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENISE M. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07 CV 470 (JDB) |
| ) | |
| FEDER SEMO and BARD, P.C., ) | |
| FEDER SEMO and BARD, P.C. ) | |
| RETIREMENT PLAN and TRUST, ) | |
| JOSEPH E. SEMO, and ) | |
| HOWARD M. BARD, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
<u>MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

Stephen R. Bruce
Allison C. Caalim
805 15th St., NW
Suite 210
Washington, D.C. 20005

Attorneys for Plaintiff

**Table of Contents**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  Defendants Have Not Demonstrated and Cannot Demonstrate That
    Amendment of This Complaint Is Futile. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Plaintiff Did Not Unduly Delay the Proposed Amendment, Show Bad
    Faith, or Repeatedly Fail to Cure Deficiencies; Defendants Are Not
    Prejudiced By an Amendment Clarifying Legal Theories or Making
    Technical Corrections at This Stage of the Proceedings. . . . . . . . . . . . . . . 5

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Introduction**

Plaintiff's proposed amended Complaint clarifies the allegations that the Defendant trustees breached their fiduciary obligations under ERISA Section 404, 29 U.S.C. § 1104, in the collection, accounting, and distribution of the Plan's assets and clarifies that Plaintiff seeks to recover the losses resulting from those breaches on behalf of the entire Plan under ERISA Section 502(a)(2), 29 U.S.C. §1132(a)(2).  See Prop. Am. Cmplt. ¶¶33-38 and Prayer for Relief D-E.  In support of her motion, Plaintiff attached an affidavit from Gerald Feder, the founder of the Defendant law firm, who confirms that the trustees' failure to adequately fund the plan resulted in decreased benefits for the Plaintiff and other Plan participants, including himself. Feder Affidavit ¶¶7-13.[1]

Defendants' opposition nowhere addresses or acknowledges the key allegations in the Complaint or in Mr. Feder's affidavit. Instead, Defendants appear to base their opposition on insults directed at Plaintiff and Plaintiff's counsel as well as unsupported assertions of undue delay, bad faith, and futility. Most critically, Defendants do not offer any evidence that they will be prejudiced by this amendment, especially given Rule 15's "liberal" standards.  See Tr. of 1/22/2008 Status Conf. at 3; <u>Davis v. Liberty Mut. Ins. Co.</u>, 871 F.2d 1134, 1136-37 (D.C.

---

[1] On February 25, 2008, Plaintiff filed a corrected affidavit from Mr. Feder (dkt. #22) in response to Defendants' motion to strike the affidavit for failure to include the verification prescribed by 28 U.S.C. §1746.

Cir. 1989) ("It is common ground that Rule 15 embodies a generally favorable policy toward amendments").

**I.    Defendants Have Not Demonstrated and Cannot Demonstrate That Amendment of This Complaint Is Futile**.

Defendants contend that Plaintiff's amended Complaint is futile because it "reasserts a fiduciary breach claim on which the court previously ruled." Opp. at 13. Defendants' argument appears to be confined to the allegations in Paragraph 39 of the proposed Complaint,[2] which allege that Defendants breached their fiduciary duties by "failing to protect accrued benefits" and "failing to disclose the plan's lack of insurance and the consequences of plan termination" as set forth in Claims One and Two. This Court's December 17, 2007 opinion found that Plaintiff could not pursue these fiduciary breach claims under ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3), in light of other circuit decisions holding that Section 502(a)(3) claims for equitable relief are preempted when an adequate monetary remedy is available under §502(a)(1)(B). Dkt. #17 at 6-7. Your Honor concluded that in this instance, "the remedies under §502(a)(1)(B) would make

---

[2] Paragraph 34 in the first amended Complaint was renumbered as Paragraph 39 in the proposed Complaint after the subparts to Paragraph 33 were broken out as separate paragraphs.

plaintiff whole if she were to prevail on her claim." *Id.* at 7.[3]

However, the breach of fiduciary duty claims set forth in Paragraph 33 of the Complaint (now Paragraphs 33-38 in the proposed amended Complaint) are separate from the claims about the trustees' failure to protect accrued benefits or provide adequate disclosures–a distinction which Defendants seem not to recognize. Those claims specifically assert that the trustees breached their fiduciary duties by:

- allowing "the Plan's funded status to dwindle from close to 100% funding at the end of 2001 to less than 55% funding without taking appropriate actions to maintain the Plan";

- failing to collect "all contributions due the Plan after the 2001 plan year and increasing their salaries to the exclusion of funding the Plan";

- miscalculating "the Plan's liabilities to the former owner and principal partner of Feder, Semo and Bard, P.C." and "counting some or all of the plan's liabilities to him twice"; and

- otherwise mishandling and negligently failing to "supervise or review the accounting of the Plan's liabilities to participants and the collection, marshaling, and distribution of its assets."

---

[3] Plaintiff respectfully submits that if she prevails on Claims One and Two under Section 502(a)(1)(B), she will not necessarily be made whole if Defendants then contend that neither the Plan nor the Plan administrator (which is the Feder Semo law firm) has any assets. If that were to occur, her breach of fiduciary duty claim under §502(a)(3) for failure to protect accrued benefits and disclose the lack of insurance would not be remedied under §502(a)(1)(B). Plaintiff presumes that the Court will revisit this conclusion should she prevail on Claims One or Two but the remedies under §502(a)(1)(B) do not "make plaintiff whole."

3

These violations clearly resulted in "losses to the Plan as a whole," Prop. Am. Cmplt. ¶38, and cannot be remedied under Section 502(a)(1)(B) where relief is only against the Plan or Plan administrator. See, e.g., Crocco v. Xerox, 137 F.3d 105, 107 (2d Cir. 1998).[4] Accordingly, Plaintiff's amended Prayer for Relief asks the Court to order the Defendant trustees to "restore all losses to the Plan as whole and disgorge the contributions that should have been paid to the Plan." Prop. Am. Cmplt. ¶D. Although Defendants' counsel represented to the Court that the futility section in their opposition would "address the underlying merits" of these allegations in order to avoid bringing another motion for judgment on the pleadings, 1/22/2008 Tr. at 9, the opposition plainly did not do so.[5]

The Supreme Court's recent decision in LaRue v. DeWolff, Boberg, and Associates, __ S.Ct. __, 2008 WL 440748 (Feb. 20, 2008), reaffirms that Plaintiff's breach of fiduciary duty claim is not futile. In a 9-0 decision, the Court held that Section 502(a)(2) "authorize[s] recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." Id. at *5. In LaRue, the

---

[4] Under the terms of the Plan, the "Plan administrator" is the Feder Semo law firm, which is a dormant professional corporation.

[5] Defendants' motion to strike Mr. Feder's affidavit promised to show that his affidavit is "of no consequence" because "compelling reasons exist to deny Plaintiff's Motion to Amend." Mem. at 2 n.1 (dkt. #20). Defendants' opposition clearly fails to do this.

4

plaintiff claimed that defendant breached its fiduciary duties by failing to follow his instructions in allocating funds among investment options, thus causing a loss of approximately $150,000 to his interest in the plan. The Fourth Circuit held that the plaintiff did not have standing to pursue his claim under §502(a)(2) because he was seeking losses to his individual account rather than to the plan as whole. 458 F.3d 359, 362-63 (4th Cir. 2006). The Supreme Court vacated, finding that "the principal statutory duties imposed on fiduciaries by [ERISA Section 409] relate to the proper management, administration, and investment of fund assets with an eye toward ensuring that he benefits authorized by the plan are ultimately paid to participants and beneficiaries." *Id.* at *3. "Whether a fiduciary breach diminishes plan assets payable to all participants and beneficiaries, or only to persons tied to particular individual accounts, it creates the kind of harms that concerned the draftsmen of Section 409." *Id.* at *5.

II.  **Plaintiff Did Not Unduly Delay the Proposed Amendment, Show Bad Faith, or Repeatedly Fail to Cure Deficiencies; Defendants Are Not Prejudiced By an Amendment Clarifying Legal Theories or Making Technical Corrections at This Stage of the Proceedings.**

In addition to not establishing futility, Defendants' opposition does not demonstrate how they will be prejudiced by the proposed amendment, which is "the most important factor" to consider in a motion to amend. Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C. 2006); Nurriddin v. Goldin, 382 F. Supp. 2d 79, 91

5

(D.D.C. 2005) (whether prejudice will result is "the key issue"). Aside from having to respond to the amended Complaint, Defendants will not suffer any additional burden or harm at this point in the litigation. See Risteen v. Youth for Understanding, Inc., 245 F. Supp. 2d 1, 4-5 (D.D.C. 2002) ("no prejudice to defendants if the amendment is permitted" "[g]iven that this action is in an early stage").

Defendants have also failed to show that Plaintiff unduly delayed amendment, especially where the motion for leave to amend was filed a month after the Court's December 17, 2007 order, no Rule 26(a) disclosures have been provided, and no discovery has been taken in this case on any claim to date. See Darbeau v. Progressive Tech. Fed. Sys., 2007 WL 744726 *1 (D.D.C. 2007) ("Since no discovery has been taken to date," "delay of almost eight months" was not "undue").

In Harrison v. Rubin, 174 F.3d 249 (D.C. Cir. 1999), which Plaintiff cited on page 4 of her opening brief but which Defendants do not even discuss, a plaintiff sued for claims under the ADA and Title VII's discrimination and retaliation provisions. After the Treasury Department moved to dismiss her first claim on the basis that the ADA does not apply to noncongressional federal workers, plaintiff requested leave to amend to allege a disability discrimination claim under the

Rehabilitation Act of 1973. The district court denied the motion, finding that "years have passed since the filing of her complaint," the case was "nearing trial," and the "parties have almost concluded their pre-trial discovery." *Id*. at 252. This Circuit reversed, holding that "[w]here an amendment would do no more than clarify legal theories or make technical corrections, we have consistently held that delay, without a showing of prejudice, is not a sufficient ground for denying the motion." *Id*. at 253. The Court found that plaintiff was changing a "legal theory," not adding "new factual allegations," and "[i]n denying the motion, the government claimed no prejudice." *Id*.[6]

    Other than making unsupported accusations of "gamesmanship," Defendants also fail to show bad faith or a repeated failure to cure deficiencies. Opp. at 8-10. "The crux of the liberal concepts of notice pleading embodied in the Federal Rules is to make the defendant aware of the facts." Harrison v. Rubin, 174 F.3d at 253. "Although in a perfect world pleaders would get it right the first time, Rule 15(a)

---

[6] The district court and Eleventh Circuit cases Defendants cite in support of their position, see Opp. at 12, are inapposite. In Robinson v. Detroit News, 211 F.Supp.2d 101, 114 (D.D.C. 2002), Judge Urbina applied Rule 16(b)'s "good cause" standard and denied a motion to amend where plaintiff filed the motion eight months after the scheduling order's deadline and "the court conclude[d] that the new allegations would be futile." In Hester v. Int'l Union of Operating Eng'rs, 941 F.2d 1574, 1578-79 (11th Cir. 1991), the court found undue delay where the plaintiff did not move to amend a complaint to address the court's concerns about his fair representation claim until two years after a decision dismissing that claim and four months after the district judge reaffirmed the disposition of that claim.

exists in order to give litigants the opportunity to fix mistakes or omissions, such as the one in this case, rather than allow technical flaws to penetrate a case before a court may resolve it on the merits." Dove v. Wash. Metro. Area Transit Auth., 221 F.R.D. 246, 248 (D.D.C. 2004). That the amendments proposed here are technical is perhaps best shown by the fact that in their instant opposition, Defendants now admit that notice of the breach of fiduciary duty claim under §502(a)(2) was provided by the first amended Complaint–a point which their earlier motion to dismiss had categorically denied. Compare id. at 5 and 7 with Defs. 6/22/2007 Br. (dkt. #12) at 9 n.2.

As Plaintiff explained in her opening brief, the first amended Complaint set forth the ways in which the Defendant trustees breached their fiduciary duties in Paragraph 33 and prayed that the Court declare that the trustees "failed to comply with their fiduciary duties in the collection, accounting, and distribution of the plan's assets" and "[a]ward such other legal, equitable, and remedial relief...to give effect to the Court's declarations."  Your Honor held, however, that Plaintiff's allegations were insufficient to assert a claim under Section 502(a)(2) because the Complaint did not specifically request "losses to the Plan as a whole" or that Plaintiff is "seeking relief on behalf of the Plan."  Slip Op. at 10.

The Supreme Court's recent decision in LaRue suggests that Plaintiff's

8

breach of fiduciary duty claim may be sufficient under notice pleading. In LaRue, the Plaintiff did not even raise ERISA §502(a)(2) as a basis for his claim until he appealed to the Fourth Circuit. 2008 WL 440748 at *3. Likewise, in Tullis v. UMB Bank, __ F.3d __, 2008 WL 215535 (6th Cir. Jan. 28, 2008), another case holding that individuals have standing to sue under ERISA §502(a)(2), the Sixth Circuit held that "although the face of the complaint does not include the exact words 'losses to the plan'," "it clearly indicates that the plaintiffs" "are seeking recovery for losses to their plan accounts caused by fiduciary breaches." Id. at *5.  The court concluded: "That the plaintiffs are seeking recovery on behalf of their plans is, therefore, implied by the language of the complaint." Id. at *2.

In this instance, Plaintiff is not interested in re-arguing the adequacy of her pleading under Rule 8 through a motion for reconsideration or in preserving any issue for appeal. Plaintiff simply wants to move forward to a resolution of this case on the merits. Accordingly, Plaintiff's proposed amended Complaint seeks to clarify her breach of fiduciary duty claim and the relief sought under Section 502(a)(2) in accordance with this Court's December 17th opinion. In Harrison v. Rubin, 174 F.3d at 253, this Circuit held that an amendment is permissible if "it would do no more than clarify legal theories or make technical corrections." The proposed amendments certainly qualify under that standard.

Although Defendants pick and choose statements from the previous and the proposed Complaint in an effort to perpetuate their argument that Plaintiff only seeks relief for herself and not on behalf of the Plan, see Opp. at 15, they are clearly in denial of the pleadings. Defendants cannot seriously contend that the breaches in collection and accounting of plan assets, which clearly affect all participants in the Plan, are brought solely on behalf of an individual. Moreover, Defendants never acknowledge the affidavit of the firm's founder, Gerald Feder, who supports many of the allegations in the Complaint and states that his own benefits, as well as Ms. Clark's and other participants', were reduced by "approximately 45%" as a result of the breaches. Feder Aff. ¶¶5-13.

Defendants completely fail to address or distinguish this Circuit's controlling precedent in Harrison v. Rubin or to persuasively distinguish B.R. v. District of Columbia and Openshaw v. Consol. Engineering Servs." See Opp. at 8-9 (characterizing the latter as "procedurally distinguishable"). All of these cases hold that amendments are permissible to clarify existing allegations. See Pls. Mem. at 4.[7] Defendants' effort to distinguish Champaign v. Carter and Darling v. Steelworkers W. Independent Shop Pension Plan is equally unavailing. See Opp. at 9-10. In Champaign, 2006 U.S. Dist. LEXIS 91480 (N.D. Ga. 2006), plaintiffs

---

[7] See also I.A.M. Nat'l Pension Fund v. TMR Realty, 2006 WL 544012, *4-5 (D.D.C. 2006); Nwachukwu v. Karl, 222 F.R.D. 208, 211-12 (D.D.C 2004).

10

brought their breach of fiduciary claims under ERISA Sections 502(a)(2) and 502(a)(3), although the claim under Section 502(a)(2) was alleged "generally, without reference to a particular section." *Id.* *4. The Court permitted plaintiffs to amend their complaint under Rule 15. In Darling, 2004 WL 2203558 *3 (N.D. Cal. 2004), the court allowed the plaintiffs to amend their complaint to allege a Section 502(a)(2) claim where the existing complaint alleged a fiduciary breach based on a Board's interpretation of a pension eligibility rule and the plaintiff sought "declaratory and monetary relief."

**Conclusion**

     For the foregoing reasons, Plaintiffs' motion for leave to amend the Complaint should be granted.

DATED: February 28, 2008

                              Respectfully submitted,

                              /s/ Stephen R. Bruce
                              Stephen R. Bruce (D.C. Bar. No. 289066)
                              Allison C. Caalim (D.C. Bar No. 494372)
                              805 15th St., NW, Suite 210
                              Washington, D.C. 20005
                              (202) 371-8013
                              (202) 371-0121 (f)
                              stephen.bruce@prodigy.net

                              Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 28th day of February, 2008, a true and correct copy of (1) Plaintiff's Reply in Support of Motion for Leave to Amend the Complaint and (2) this Certificate of Service was sent via CM/ECF electronic filing, addressed to the following attorneys:

>Jason H. Ehrenberg
>James C. Bailey
>BAILEY & EHRENBERG PLLC
>1155 Connecticut Ave NW
>Suite 1100
>Washington, D.C. 20036
>
>Attorneys for Defendants

/s/ Stephen R. Bruce