IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| DENISE M. CLARK, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>FEDER SEMO and BARD, P.C., )<br>)<br>    *et al.*, )<br>)<br>    Defendants )<br>_____) | Case No. 07-CV-00470 - JDB |

## **MOTION FOR LEAVE TO FILE SURREPLY**

Defendants Feder, Semo and Bard, P.C., Feder, Semo and Bard, P.C. Retirement Plan and Trust, Joseph Semo and Howard M. Bard, (collectively "Defendants"), by and through their counsel, hereby respectfully move the Court for leave to file the attached Surreply in support of their Opposition to Plaintiff's Motion for Leave to Amend Complaint.

Defendants request leave to file the attached surreply to address Plaintiff's argument with respect to the recent Supreme Court decision in *LaRue v. DeWolff, Boberg & Assoc.*, No. 06-856, 2008 U.S. LEXIS 2014, 76 U.S.L.W. 4083 (Feb. 20, 2008), which Plaintiff raised for the first time in her Reply in Support of her Motion for Leave.  The Supreme Court's *LaRue* decision is inapplicable to the present case:  the Court was addressing remedies that may be available to a participant in a defined contribution pension plan; it clearly did not overrule established law applicable to defined benefit pension plans (such as the plan at

1

issue in this case). Moreover, Chief Justice Roberts' concurring opinion supports the futility argument offered by Defendants in their Opposition – namely, that Plaintiff's proposed amendment should be denied because Plaintiff's Section 502(a)(2) claim would not withstand a motion to dismiss.

Dated:  March 5, 2008　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*//s// Jason H. Ehrenberg*
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　James C. Bailey (D.C. # 462391)
　　　　　　　　　　　　　　　　　　　　Jason H. Ehrenberg (D.C. # 469077)
　　　　　　　　　　　　　　　　　　　　BAILEY & EHRENBERG PLLC
　　　　　　　　　　　　　　　　　　　　1155 Connecticut Avenue NW
　　　　　　　　　　　　　　　　　　　　Suite 1100
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　T:  (202) 465-4729
　　　　　　　　　　　　　　　　　　　　F:  (202) 318-7071
　　　　　　　　　　　　　　　　　　　　E:  jhe@becounsel.com

　　　　　　　　　　　　　　　　　　　　**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March 2008, a copy of the foregoing was served on the following via the District Court's ECF electronic filing system:

>Stephen R. Bruce
>805 15th Street, N.W.
>Suite 210
>Washington, D.C. 20005

>*//s// Jason H. Ehrenberg*
>_____
>Jason H. Ehrenberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | | |
|---|---|---|
| DENISE M. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 07-CV-00470 - JDB |
| FEDER SEMO and BARD, P.C., | ) | |
| | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**SURREPLY IN SUPPORT OF DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendants Feder, Semo and Bard, P.C., Feder, Semo and Bard, P.C. Retirement Plan and Trust, Joseph Semo and Howard M. Bard, (collectively "Defendants"), by and through their counsel, hereby submit their Surreply in support of their Opposition to Plaintiff's Motion for Leave to file a Second Amended Complaint (the "Motion to Amend").

**I.      Introduction**

Defendants file this surreply to address Plaintiff's argument with respect to the recent Supreme Court decision in *LaRue v. DeWolff, Boberg & Assoc.*, No. 06-856, 2008 U.S. LEXIS 2014, 76 U.S.L.W. 4083 (Feb. 20, 2008).  The Supreme Court's *LaRue* decision is inapplicable:  the Court was addressing remedies that may be available to a participant in a defined contribution pension plan; it clearly did not overrule established law applicable to defined benefit pension plans.

1

Indeed, Chief Justice Roberts' concurring opinion supports Defendants' futility argument – namely, that Plaintiff's proposed amendment should be denied because Plaintiff's Section 502(a)(2) claim would not withstand a motion to dismiss.

## II.   Discussion

Plaintiff argues in her reply brief that the Supreme Court's *LaRue* decision "reaffirms that Plaintiff's breach of fiduciary duty claim is not futile." [*See* Docket No. 23 at 4.]  Plaintiff chooses to ignore that the Court clearly limited its holding to defined contribution pension plans.

The *LaRue* case involved a lawsuit brought by a 401(k) plan participant, LaRue, against his former employer, DeWolff, Boberg & Associates ("DeWolff") and the ERISA-regulated 401(k) defined contribution plan DeWolff administered. LaRue brought a claim for breach of fiduciary duty under ERISA and alleged in the lawsuit that the value of the holdings in his 401(k) defined contribution account had decreased $150,000 when his former employer failed to follow his instructions to move his money to different investments.  *LaRue*, 2008 U.S. LEXIS 2015 at *5.  Unlike Plaintiff here, LaRue did not also assert a claim for pension benefits under Section 502(a)(1)(B) of ERISA.  The District Court granted the defendants' motion for judgment on the pleadings and dismissed LaRue's lawsuit.  Relying on the Supreme Court's prior decision in *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985), the Fourth Circuit affirmed the lower court's decision and held that Section 502(a)(2) of ERISA only authorizes breach

2

of fiduciary claims that affect an entire plan and the statute does not permit individualized recovery for alleged fiduciary breaches. *Id*. at \*5-7.

The Supreme Court reversed the Fourth Circuit's decision. Writing for a majority of the Court, Justice Stevens reasoned that the Supreme Court's focus in *Russell* on protecting the "entire plan" from fiduciary misconduct reflected the fact that defined benefit plans (as opposed to defined contribution plans such as the 401(k) plan at issue in the case before it) were the predominant form of retirement plan for many years, and the fact that fiduciary misconduct impacts the overall solvency of a defined benefit plan. *Id*. at \*12-13. According to the majority opinion, defined contribution plans now predominate and, in connection with such plans, "fiduciary misconduct need not threaten the solvency of the entire plan to reduce benefits below the amount that participants would otherwise receive." *Id*. at \*13. Thus, the majority opinion concluded that, *in connection with defined contribution plans*, ERISA Section 502(a)(2) "does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's account." *Id*. at \*13-14.

Chief Justice Roberts, in a concurring opinion joined by Justice Kennedy, questioned whether Section 502(a)(2) of ERISA should even govern LaRue's claim and suggested that the claim may be better characterized as a claim for benefits, rather than a claim for breach of fiduciary duty.[1] Thus, Chief Justice

---

[1] This issue was raised in the *amicus* brief filed on behalf of the ERISA Industry Committee.

Roberts and Justice Kennedy posited that LaRue's claim may be more appropriately brought under Section 502(a)(1)(B) of ERISA, which allows a pension plan participant to recover benefits allegedly due him or her under the terms of a plan. *Id*. at *15. Chief Justice Roberts noted that (as the Defendants in the instant action have noted throughout this litigation) recasting a claim for benefits as a fiduciary breach claim could allow plan participants to circumvent safeguards for plan administrators – including the fact that ERISA plans (such as the one in the instant case) may grant administrators and fiduciaries discretion in determining benefit eligibility and the meaning of the plan terms, determinations that courts generally may review only for an abuse of discretion. *Id*. at *16-18.

Chief Justice Roberts also noted in his concurrence that if a plan participant such as LaRue could bring his claim under Section 502(a)(1)(B), it was likely that he could *not* do so under Section 502(a)(2) as well:

> Section 502(a)(2) provides for "appropriate" relief. Construing the same term in a parallel ERISA provision, we have held [in *Varity Corp. v. Howe*] that relief is not "appropriate" under § 502(a)(3) if another provision, such as § 502(a)(1)(B), offers an adequate remedy. Applying the same rationale to an interpretation of "appropriate" in § 502(a)(2) would accord with our usual preference for construing the "same terms [to] have the same meaning in different sections of the same statute," and with the view that ERISA in particular is a "comprehensive and reticulated statute" with "carefully integrated civil enforcement provisions"

*Id*. at *16-17 (citations omitted).

The *LaRue* decision does not support Plaintiff's proposed amendment in the instant case. At the outset, *LaRue* is distinguishable in that it involved a 401(k)

4

defined contribution plan (whereas here, the pension plan at issue was a defined benefit plan). More significantly, the logic of Chief Justice Roberts' concurring opinion in *LaRue* supports Defendants' futility argument at Part IV(B) of their Opposition – namely, that Plaintiff's proposed Section 502(a)(2) claim would not withstand a motion to dismiss due to the fact that Plaintiff has available, and continues to press, a Section 502(a)(1)(B) benefits claim.[2] [*See* Docket No. 22 at 15-17.]

As explained in Defendants' Opposition, and in their briefing in support of their Motion for Judgment on the Pleadings, the rationale for this outcome is clear. In *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996), the Supreme Court identified the danger that a plan participant or beneficiary – such as Plaintiff here – might attempt to "repackage his or her 'denial of benefits' claim as a claim for 'breach of fiduciary duty.'" *Varity*, 516 U.S. at 513. As also noted in Defendants' earlier briefing, all but one of the Circuit Courts that have decided the issue have interpreted the Supreme Court's decision in *Varity* to hold that a breach of fiduciary duty claim cannot stand where, as here, a plaintiff has available a claim for benefits under Section 502(a)(1)(B). *See* Docket Entry No. 12 (Memorandum of Law in Support Defendants' Motion for Judgment on the Pleadings) at 10-14.

---

[2] The Supreme Court in *LaRue* likely did not address this issue in its majority opinion because, as noted, (unlike the Plaintiff here) LaRue was only asserting a fiduciary breach claim and was not also pressing a claim for benefits under Section 502(a)(1)(B) of ERISA.

5

**III.    Conclusion**

For the foregoing reasons, and the additional reasons set forth in Defendants' Opposition, the Court should deny Plaintiff's Motion for Leave to Amend.

Dated:  March 5, 2008                    Respectfully submitted,

*//s// Jason H. Ehrenberg*

_____
James C. Bailey (D.C. # 462391)
Jason H. Ehrenberg (D.C. # 469077)
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
T:  (202) 465-4729
F:  (202) 318-7071
E:  jhe@becounsel.com

**Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March 2008, a copy of the foregoing was served on the following via the District Court's ECF electronic filing system:

>Stephen R. Bruce
>805 15th Street, N.W.
>Suite 210
>Washington, D.C.  20005

>*//s// Jason H. Ehrenberg*
>_____
>Jason H. Ehrenberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| DENISE M. CLARK, | ) |
|        Plaintiff, | ) |
| vs. | ) Case No. 07-CV-00470 - JDB |
| FEDER SEMO and BARD, P.C., *et al.*, | ) |
|        Defendants | ) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' Motion for Leave to File Surreply, it is hereby

ORDERED that Defendants' Motion for Leave to File Surreply is GRANTED; and

ORDERED that the Clerk of the Court shall enter the attached Surreply in Support of Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint on the docket.

_____
Hon. John D. Bates

Copies to:

Stephen R. Bruce
805 15th Street, N.W.
Suite 210
Washington, D.C. 20005

James C. Bailey
Jason H. Ehrenberg
Bailey & Ehrenberg PLLC
1155 Connecticut Ave, N.W.
Suite 1100
Washington, D.C. 20036