UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DENISE M. CLARK,**<br><br>Plaintiff,<br><br>v.<br><br>**FEDER SEMO & BARD, P.C., et al.,**<br><br>Defendants. | Civil Action No.  07-0470 (JDB) |

## MEMORANDUM AND ORDER

Plaintiff Denise Clark has brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., regarding the Feder, Semo and Bard, P.C. Retirement Plan and Trust ("Plan").  Currently before the Court is Clark's motion for leave to amend the complaint.  Upon careful consideration of the motion, the parties' memoranda, the applicable law, and the entire record, the Court will grant Clark's motion for leave to amend.

### BACKGROUND

Clark filed a two-count complaint in this Court on March 13, 2007, against defendants Feder, Semo and Bard, P.C., the Plan, Joseph E. Semo, and Howard M. Bard, and defendants filed their answer on April 6, 2007.  See Docket Entry Nos. 1, 6.  At the Initial Scheduling Conference held with the Court on May 11, 2007, defendants noted their position that Clark's complaint did not assert any cognizable claims under ERISA.  Following the conference, the Court ordered Clark to file an amended complaint by not later than June 1, 2007, and Clark

1

complied. See May 11, 2007 Minute Order. Defendants thereafter moved for judgment on the pleadings.

In defendants' motion, they originally requested judgment on the pleadings for the entirety of Clark's amended complaint. Defendants asserted that Clark's first two causes of action had no basis in law and did not specify whether the claims arose under ERISA § 502(a)(1)(B), § 502(a)(2), or § 502(a)(3). Defendants also argued that the third cause of action for breach of fiduciary duty should be dismissed because the relief sought was otherwise available under § 502(a)(1)(B) as a claim for benefits. Clark's opposition asserted that her amended complaint sought relief pursuant to sections 502(a)(1)(B), 502(a)(2), and 502(a)(3), even though those provisions were never explicitly cited in the amended complaint. Defendants accepted Clark's posture and argued that the only claims that should remain were Clark's claims for benefits brought pursuant to § 502(a)(1)(B). As discussed in the Court's memorandum opinion from December 17, 2007, this Court agreed and dismissed Clark's section 502(a)(2) and 502(a)(3) claims. See Clark v. Feder Semo & Bard, P.C., 527 F. Supp. 2d 112 (D.D.C. 2007).

In dismissing Clark's § 502(a)(2) claim, the Court was reluctant to reach a conclusion that seemingly elevated form over substance, but Clark never gave any indication that she was seeking anything other than individualized relief. Even when defendants' motion for judgment on the pleadings argued that Clark was not seeking recovery for the Plan, Clark's opposition failed to assert to the contrary. Because the Supreme Court held in Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142 (1985), that § 502(a)(2) provides relief for the plan itself and not for individual beneficiaries, the Court was compelled to dismiss Clark's § 502(a)(2) claim where the complaint simply sought individualized relief. See also LaRue v. DeWolff, Boberg &

Associates, Inc., 128 S. Ct. 1020, 1026 (2008) (holding that "§ 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries"); Conley v. Pitney Bowes, 176 F.3d 1044, 1047 (8th Cir. 1999) (stating that § 502(a)(2) "provides relief only to a plan and not to individual beneficiaries"); Parker v. BankAmerica Corp., 50 F.3d 757, 768 (9th Cir. 1995) ("Any recovery for a violation of [§ 502(a)(2)] must be on behalf of the plan as a whole, rather than inuring to individual beneficiaries.") (citation omitted); Lee v. Burkhart, 991 F.2d 1004, 1009 (2d Cir. 1993) ("Russell therefore bars plaintiffs from suing under Section 502(a)(2) because plaintiffs are seeking damages on their own behalf, not on behalf of the Plan.").

One month after the Court issued its decision, Clark filed a motion for leave to amend the complaint. In her proposed Second Amended Complaint, Clark continues to allege that the defendant trustees breached their fiduciary duties in the collection, accounting, and distribution of the assets of the Plan, but she clarifies that Claim III seeks recovery pursuant to § 502(a)(2) on behalf of the Plan. Defendants argue that Clark's motion should be denied because of "Plaintiff's undue delay, bad faith and dilatory motive, and repeated failure to cure her pleading deficiencies by previous amendments." Defs.' Opp. at 7. Additionally, defendants argue that Clark's proposed amendment is futile.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend is freely granted "when justice so requires." "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). In particular, when "an amendment would do no more than clarify legal theories or make technical corrections," leave is often granted. Harrison

3

v. Rubin, 174 F.3d 249, 253 (D.C. Cir. 1999).  In the Court's discretion, leave to amend may be denied when the Court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Foman, 371 U.S. at 182.

## DISCUSSION

"The key issue in considering a motion to amend is whether the non-movant will suffer any prejudice from the amendment."  Nurriddin v. Goldin, 382 F. Supp. 2d 79, 91-92 (D.D.C. 2005); see also Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C. 2006) (describing prejudice to the opposing party as the "most important factor the Court must consider when deciding whether to grant a motion for leave to amend").  Notably, defendants have failed to articulate any possibility of prejudice that could result if the Court permits the filing of the Second Amended Complaint.  Rule 26(a) disclosures have not yet been provided, and no discovery has been taken.  See Darbeau v. Progressive Tech. Fed. Sys., Inc., 2007 WL 744726, at *1 (D.D.C. Mar. 7, 2007) (granting leave to amend the complaint and finding no prejudice "[s]ince no discovery has been taken to date").  Nor could defendants assert surprise at the requested amendment because, as defendants concede in their opposition, the proposed Second Amended Complaint merely relies on and "restates the same facts as the original complaint."  Defs.' Opp. at 13.

Relying on the same facts that were originally alleged, Clark contends that the proposed Second Amended Complaint simply clarifies that her breach of fiduciary duty claim is brought on behalf of the Plan pursuant to § 502(a)(2).  Defendants take issue with this contention and argue that Clark instead is still seeking "only individualized relief in the form of additional

benefits." Defs.' Opp. at 13. A review of the proposed complaint, however, demonstrates that Clark has adequately clarified her legal theory and the recovery that is sought. First, she asserts that the alleged breaches of fiduciary duties affected the Plan at large. Specifically, Clark asserts that the trustees allowed the Plan's funded status to decline to less than 55%, that they failed to collect all contributions that were due after 2001, that they increased their salaries to the detriment of funding the Plan, that they miscalculated the Plan's liabilities, and that they mishandled and negligently failed to supervise or review the distribution of assets.[1] Second, for relief, Clark requests that this Court "[o]rder the trustees to restore all losses to the Plan as a whole and disgorge the contributions that should have been paid to the Plan pursuant to the authority in ERISA § 502(a)(2)" and "[a]ward such other legal, equitable and remedial relief as the Court deems appropriate to restore all losses to the Plan as a whole." Hence, Clark clarifies that she is asserting Claim III and seeking recovery on behalf of the Plan.[2]

      Defendants next argue that Clark's motion for leave to amend should be denied for undue

---

[1] Attached to Clark's motion for leave to amend is an affidavit from Gerald Feder, the founder of the law firm that became Feder, Semo and Bard, P.C., which supports the breach of fiduciary duty allegations. Defendants filed a motion to strike the affidavit of Mr. Feder for failure to comply with 28 U.S.C. § 1746 and Local Rule 5.1(h). Because Clark filed a corrected affidavit from Mr. Feder, which contains the verification language required by 28 U.S.C. § 1746 and Local Rule 5.1(h), the Court will deny the motion to strike as moot. See Kean v. NASA, 480 F. Supp. 2d 150, 155 (D.D.C. 2007) (denying motion to strike declarations as moot where defendant re-filed the declarations in compliance with 28 U.S.C. § 1746).

[2] Although the Plan was terminated on September 26, 2005, that fact does not preclude Clark from seeking recovery on its behalf. In Pfahler v. Nat'l Latex Products Co., 517 F.3d 816, 828 (6th Cir. 2007), the defendant argued "that plaintiffs should not be able to recover on behalf of a defunct plan because there is no plan to receive benefits if the plaintiffs are successful, making any relief granted personal, rather than derivative." This Court agrees with the Sixth Circuit's conclusion that "the appointment of an independent fiduciary to hold any amounts recovered from defendants in trust would ensure that all recovery went to the Plan and not to plaintiff[]." Id.

delay. Although defendants are correct in asserting that Clark's clarification took longer than was necessary because Clark did not seize the opportunity to clarify her legal claims in her first amended complaint or even when initially pressed by defendants, the contention of undue delay is less persuasive in light of the lack of any prejudice. "Where an amendment would do no more than clarify legal theories or make technical corrections, [the D.C. Circuit has] consistently held that delay, without a showing of prejudice, is not a sufficient ground for denying the motion." Harrison, 174 F.3d at 253.

Lastly, defendants argue that Clark's proposed amendment should be denied as futile because she continues to assert her § 502(a)(1)(B) benefits claim. To support this argument, defendants rely on a recent concurring opinion from Chief Justice Roberts in LaRue v. DeWolff, Boberg & Associates, Inc., 128 S. Ct. 1020, 1026 (2008). In LaRue, the plaintiff was a participant in a defined contribution plan, also known as an individual account plan. Id. at 1022 n.1. LaRue argued that the value of his 401(k) account had decreased by $150,000 when his former employer failed to follow the investment instructions he provided for his individual contributions. Id. at 1022-23. Therefore, LaRue claimed his employer's failure to heed his instructions amounted to a breach of fiduciary duty under ERISA. Considering that the landscape of employee benefit plans has largely changed from defined benefit plans to defined contribution plans, the Supreme Court determined that a fiduciary breach could diminish defined contribution plan assets even if only tied to a particular individual's account. Id. at 1025. The Court therefore held "that although § 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." Id. at 1026.

Because LaRue's § 502(a)(2) claim asserted a breach of fiduciary duty that affected solely his individual account and would recover only the benefits that would otherwise be due him if his instructions were followed, the Chief Justice stated that it was "at least arguable that a claim of this nature properly lies only under § 502(a)(1)(B) of ERISA." Id. at 1026 (Roberts, C.J., concurring).  The Chief Justice questioned whether the plaintiff should have brought his claim under § 502(a)(1)(B) as a claim for benefits, and if so, whether that would preclude him from asserting his claim under § 502(a)(2) since the courts are reluctant to allow a claim for benefits to be repackaged as a claim for breach of fiduciary duty.  Id.  In asserting this possibility, the Chief Justice noted that the Supreme Court had previously "held that relief is not 'appropriate' under § 502(a)(3) if another provision, such as § 502(a)(1)(B), offers an adequate remedy." Id. (citing Varity Corp. v. Howe, 516 U.S. 489, 515 (1996)).  Therefore, the Chief Justice similarly reasoned that relief may not be "appropriate" under § 502(a)(2) if § 502(a)(1)(B) offers an adequate remedy.

Because the plaintiff in LaRue was in a different posture, as a defined contribution plan participant, than Clark is, as a participant in a defined benefit pension plan, this matter is distinguishable from LaRue.  Clark's § 502(a)(1)(B) claim, asserted on her own behalf, challenges the calculation of her accrued benefits.  The § 502(a)(2) claim, asserted on behalf of the Plan, asserts that the defendant trustees' breaches of fiduciary duties resulted in significant losses to the Plan's assets as a whole.  The recovery for these two claims would therefore appear to differ, unlike the plaintiff's potential recovery in LaRue.  And there is no concern that Clark has manufactured the § 502(a)(2) claim to evade the exhaustion of administrative remedies requirement that applies to suits under § 502(a)(1)(B) because defendants concede that Clark has

already exhausted all available administrative remedies.  Hence, at this stage of the proceedings, and in the absence of any controlling precedent, the Court is unwilling to conclude that Clark's proposed amendment would be futile.

## CONCLUSION

Accordingly, for the foregoing reasons and to allow Clark an opportunity to test the merits of her § 502(a)(2) claim, it is hereby

**ORDERED** that [19] plaintiff's motion for leave to amend the complaint is **GRANTED**; and it is further

**ORDERED** that the Second Amended Complaint shall be deemed filed as of this date.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Dated: May 28, 2008