IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| DENISE M. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FEDER SEMO and BARD, P.C., | )   Case No. 07-CV-00470 - JDB |
| | ) |
| *et al.*, | ) |
| | ) |
| Defendants | ) |
| _____ | ) |

## ANSWER OF ALL DEFENDANTS TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Feder, Semo and Bard, P.C., Feder, Semo and Bard, P.C. Retirement Plan and Trust, Joseph Semo (incorrectly named as "Joseph E. Semo"), and Howard M. Bard, (collectively "Defendants"), by and through their counsel, Bailey & Ehrenberg PLLC, answer the second amended complaint (the "complaint") of Plaintiff Denise M. Clark ("Plaintiff") as follows:

The first, unnumbered, paragraph of the complaint contains assertions of law and characterizations of Plaintiff's action and therefore requires no response. To the extent a response is required, Defendants deny the allegations made in the first, unnumbered, paragraph of the complaint.

1.	The allegations contained in paragraph 1 of the complaint constitute a conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

1

2. The allegations contained in paragraph 2 of the complaint constitute a conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 of the complaint, and thereby deny the allegations therein. Defendants admit that Plaintiff worked in the District of Columbia for the law firm Feder, Semo and Bard, P.C. as an attorney beginning in 1993. Defendants further admit that Plaintiff became managing partner of the law firm in October 2000 and that she terminated employment with the firm on July 31, 2002. Defendants deny all remaining allegations contained in paragraph 3 of the complaint, because Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and the allegations call for a legal conclusion to which no response is required.

4. Defendants admit the allegations contained in the first, second and third sentences of paragraph 4 of the complaint, except that Defendants deny that Feder Semo and Bard, P.C. "specialized" in employee benefits law. Defendants deny all remaining allegations contained in paragraph 4 of the complaint because such averments call for a legal conclusion to which no response is required. To the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in the first two sentences of paragraph 5 constitute a conclusion of law to which no response is required; to the extent they

2

may be deemed allegations of fact, they are denied. Defendants deny the allegations in the third sentence of paragraph 5 of the complaint, except that Defendants admit that the Retirement Plan was administered in the District of Columbia.

6. The allegations contained in paragraph 6 constitute a conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Defendants admit that Plaintiff terminated her employment with Feder, Semo and Bard, P.C. on July 31, 2002. Defendants further admit that Plaintiff was vested under the Feder, Semo and Bard, P.C., Retirement Plan. Defendants deny the remaining allegations contained in paragraph 7 of the complaint.

8. Defendants deny the allegations contained in paragraph 8 except to state that the referenced Retirement Plan speaks for itself.

9. Defendants deny the allegations contained in paragraph 9 except to state that the referenced Retirement Plan speaks for itself.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in paragraph 10 of the complaint, and therefore deny the allegations therein.

11. Defendants admit that the Retirement Plan was amended on or about September 5, 2003. Defendants deny the remaining allegations contained in paragraph 11 except to state that the Retirement Plan speaks for itself.

12. Defendants admit that the Retirement Plan was amended on or about July 29, 2005. Defendants deny the remaining allegations contained in paragraph 12 except to state that Retirement Plan speaks for itself.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14 of the complaint and, therefore, deny the allegations in the first sentence of paragraph 14 of the complaint. Defendants deny the allegations contained in the remainder of paragraph 14 except to state that the writing referred to therein is a document that speaks for itself.

15. Defendants admit that the Retirement Plan was amended and terminated on or about September 26, 2005. Defendants deny the allegations contained in remainder of paragraph 15 except to state that the writing referred to therein is a document that speaks for itself.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of paragraph 16 of the complaint and, therefore, deny the averments in the first sentence of paragraph 16 of the complaint. Defendants deny the allegations contained in remainder of paragraph 16 except to state that the writing referred to therein is a document that speaks for itself.

17. Defendants deny the allegations in paragraph 17 of the complaint, except to admit that, on or after September 30, 2005, Plaintiff requested a lump sum distribution.

18. Defendants deny the allegations contained in paragraph 18 except to state that the writing referenced therein is a document that speaks for itself.

19. Defendants admit that Plaintiff hand-delivered a letter to Defendant Feder, Semo and Bard, P.C. on October 17, 2005. The remaining allegations contained in paragraph 19 constitute a conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. Defendants deny the allegations contained in paragraph 20 except to state that the writing referenced therein is a document that speaks for itself.

21. Defendants deny the allegations contained in paragraph 21 except to state that the writings referenced therein speak for themselves.

22. Defendants restate and incorporate by reference their previous responses to paragraphs 1 through 21 above as though set forth fully herein.

23. The allegations contained in paragraph 23 constitute a conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute a conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. Defendants deny the allegations in paragraph 25 of the complaint. Defendants further answer that the Retirement Plan and all amendments thereto are documents that speak for themselves.

26. The allegations contained in paragraph 26 constitute a conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute a conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute a conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. Defendants deny the allegations contained in paragraph 29 except to state that the SPD is a document that speaks for itself.

30. Defendants deny the allegations contained in paragraph 30 except to state that the summary annual report and actuarial reports are documents that speak for themselves.

31. Defendants deny the allegations contained in paragraph 31 except to state that the SPD is a document that speaks for itself.

32. Defendants deny the allegations contained in paragraph 32 except to state that the SPD is a document that speaks for itself.

33. Defendants deny the allegations contained in paragraph 33 of the complaint.

34. Defendants deny the allegations contained in paragraph 34 of the complaint.

35. Defendants deny the allegations contained in paragraph 35 of the complaint.

36. Defendants deny the allegations contained in paragraph 36 of the complaint.

37. Defendants deny the allegations contained in paragraph 37 of the complaint.

38. Defendants deny the allegations contained in paragraph 38 of the complaint.

39. Defendants deny the allegations contained in paragraph 39 of the complaint.

40. In response to the final, unnumbered, paragraphs of the amended complaint, and Prayer for Relief, Defendants deny that Plaintiff is entitled to the relief requested therein. Defendants further answer that Plaintiff is not entitled to any further or other relief.

41. Defendants deny any allegations in the complaint not specifically responded to above.

## **AFFIRMATIVE DEFENSES**

Defendants set forth the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff may be estopped to claim the relief sought in the complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff may have waived any right to claim the relief sought in the complaint.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Defendants had any duties with respect to the Retirement Plan and its participants and beneficiaries, Defendants have discharged their duties with respect to the Retirement Plan in the interests of the Retirement Plan's participants and beneficiaries and in accordance with relevant law and the instruments and documents governing the Retirement Plan.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint may be barred by applicable statutes of limitations and the doctrines of laches, waiver, unclean hands and payment.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Defendants exercised any discretion with regard to the Retirement Plan and its participants and beneficiaries, Defendants determinations were in accordance with the discretion afforded them by the Retirement Plan and were not arbitrary, capricious, or an abuse of discretion.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith as to all matters and at all times relevant to this action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks or may lack standing to assert some of the claims alleged in this matter.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to exhaust her administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

To the extent Defendants are found liable on any of the counts set forth in the complaint, Plaintiff may be liable to Defendants for contribution and indemnity.

WHEREFORE, Defendants respectfully request:

(a) that the complaint be dismissed with prejudice;

(b) that the Court award Defendants their reasonable attorneys' fees and costs; and

(c) that the Court award Defendants such further and other relief as it deems just and proper.

Dated:  June 10, 2008                    Respectfully submitted,

*//s// Jason H. Ehrenberg*

_____
James C. Bailey (D.C. # 462391)
Jason H. Ehrenberg (D.C. # 469077)
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
T:  (202) 465-4729
F:  (202) 318-7071
E:  jhe@becounsel.com

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June 2008, a copy of the foregoing was served on the following via the District Court's ECF electronic filing system:

Stephen R. Bruce
805 15th Street, N.W.
Suite 210
Washington, D.C.  20005

*//s// Jason H. Ehrenberg*
_____
Jason H. Ehrenberg