# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| DENISE M. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| FEDER SEMO and BARD, P.C., | )  Case No. 07-CV-470 (JDB) |
| FEDER SEMO and BARD, P.C. | ) |
| RETIREMENT PLAN and TRUST, | ) |
| JOSEPH E. SEMO, and | ) |
| HOWARD M. BARD, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## JOINT RULE 16.3 REPORT

Pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3(a) and this Court's July 9, 2008 Order, Plaintiff Denise M. Clark and Defendants Feder Semo and Bard, P.C., Feder Semo and Bard, P.C. Retirement Plan and Trust, Joseph E. Semo and Howard M. Bard (collectively "Defendants"), conferred on August 6, 2008 through their undersigned counsel about the topics listed in LCvR 16.3(c) and respectfully submit the following Joint Rule 16.3 Report outlining the results of that conference.

As the Court knows, the parties previously submitted separate proposed scheduling orders on May 8, 2007. Dkt. #9.  The Court resolved the differences between those proposals by entering a minute order with the remainder of the schedule to be worked out following the resolution of Defendants' early dispositive motion. Tr. of 5/11/07 Conf. (dkt. #14) at 2, 11-12. Defendants' motion and the related motion by the Plaintiff to amend the Complaint to add the breach of fiduciary duty claim have now been decided.

Dkt. #18 and 26. However, as shown below, this has not led the parties to agree on the future course of this case.

Defendants recognize that this Court has ruled that Plaintiff has pled two claims under ERISA Section 502(a)(1)(B) and that the Court has separately permitted Plaintiff to amend her complaint to add back in her breach of fiduciary duty claim under ERISA 502(a)(2). But Defendants continue to maintain that this case should be exempt from the requirements of LCvR 16.3 and should be decided upon the administrative record developed below. *See* LCvR 16.3(b) (identifying exempted cases). To the extent any discovery beyond the administrative record is allowed, Defendants contend that the discovery should be narrowly tailored.

Plaintiff disagrees and believes that this case is not exempt from LCvR 16.3 or from discovery. As a result, the extent to which this report reflects joint positions is very limited. For the Court's convenience, Plaintiff is submitting her Proposed Order with this Report. For reference, the Plaintiff's Statement of the Case and the Defendants' response appear at the end of this document.

**LCvR 16.3 Topics:**

1) **Dispositive Motions**:

   Plaintiff does not intend to file any dispositive motion until after Rule 26(a)(1)(A) disclosures are exchanged and discovery is completed. As described below, Defendants oppose any discovery by Plaintiff and intend to file a motion for summary

judgment by November 10, 2008.

2) **Joinder of Parties/Amendment of Pleadings by**: Plaintiff proposes that the date for joinder of parties or any additional amendment of the pleadings be September 30, 2008, which is 15 days after the mandatory disclosures are exchanged. Defendants believe that the date for Plaintiff to join additional parties and/or further amend her complaint has long-since passed.

3) **Magistrate Judge**: Defendants do not consent to proceed before a Magistrate Judge.

4) **Possibility of Settlement**: Plaintiff does not rule out the possibility of settlement, but needs discovery to evaluate the number of participants who will be affected by a resolution and the amounts involved. Defendants do not believe that there is a realistic possibility of resolving this case through settlement until such time as the Court has ruled upon Defendants' forthcoming dispositive motion.

5) **Validity of ADR**: Plaintiff believes that ADR may be useful after discovery is substantially complete. After considering the matters in LCvR 16.3(c)(5)(i)-(v), Defendants do not believe that this case is a candidate for ADR.

6) **Dispositive Motions Deadlines**: Plaintiff proposes the following dispositive motion deadlines:

   a) **Motions**: February 27, 2009.

   b) **Oppositions**: March 16, 2009.

   c) **Replies**: March 30, 2009.

Defendants contend that Plaintiff is entitled to no discovery beyond the administrative record developed below. Defendants further contend that, to the extent any discovery beyond the administrative record is allowed, such discovery should be narrowly tailored. Defendants believe, therefore, that the discovery period in this action should be fairly short and propose the following dispositive motion deadlines: (a) Motions for Summary Judgment due on or before November 10, 2008; (b) Oppositions to Motions for Summary Judgment due on or before December 8, 2008; (c) Replies in Support of Motions for Summary Judgment due on or before December 22, 2008.

7) **Pre-Discovery Disclosures**: Plaintiff proposes that the Rule 26(a)(1)(A) disclosures, including documents, shall be exchanged on or before September 15, 2008. Defendants contend that this case is exempt from the requirements of LCvR 16.3 and should be decided based upon the administrative record developed below. *See* LCvR 16.3(b) (identifying exempted cases). Defendants propose that they submit the administrative record to the Court and to Plaintiff on or before September 15, 2008.

8) **Discovery**: Plaintiff proposes the following deadlines for discovery:

   a) All discovery completed by February 10, 2009.

   b) Last Interrogatories, Requests for Admissions and Requests for Production of Documents propounded by December 19, 2008.

   c) Depositions completed by February 10, 2009.

   Plaintiff further proposes that the discovery limitations imposed by the Federal Rules of Civil Procedure shall apply and that each side shall be limited to eight (8)

depositions.

Defendants contend that Plaintiff is entitled to no discovery beyond the administrative record developed below. Defendants further contend that, to the extent any discovery beyond the administrative record is allowed, such discovery should be narrowly tailored to the precise issues at hand. Defendants further contend that no depositions are necessary or warranted in this action. Should it become necessary, Defendants will file a motion for protective order to appropriately limit discovery in this action.

9) **Expert Deadlines**: Plaintiff has not retained expert witnesses, but reserves the right to use accounting and actuarial experts. Plaintiff proposes that any expert reports shall be completed and exchanged by January 16, 2009.

As noted, Defendants object to the taking of any discovery in this action and believe that any discovery beyond the administrative record should be narrowly tailored.

10) **Class Actions**: The parties agree that this case is not an appropriate candidate for class certification.

11) **Bifurcation**: The parties agree that neither discovery nor trial should be bifurcated.

12) **Date for Pre-Trial Conference**: Plaintiff requests that the date for the pretrial conference be set for the end of March 2009. Defendants contend that dates for a final pretrial conference and trial need not be scheduled because the action will be resolved by the Court on summary judgment.

13) **Trial Date**: Plaintiff requests that the Court set the trial date at the pretrial

conference. As noted, Defendants contend that dates for a final pretrial conference and trial need not be scheduled because the action will be resolved by the Court on summary judgment.

14) **Other Matters**: None at this time.

## Statement of the Case

**For the Plaintiff**: Denise Clark worked for Feder, Semo and Bard, P.C. as an attorney for nearly ten years until July 31, 2002. As a result of her employment, she was a participant in the Feder, Semo and Bard, P.C. Retirement Plan and Trust (the "Retirement Plan") and had a vested right to receive the benefits she accrued under the plan's benefit formula. Sections 8.3 and 8.4 of the Retirement Plan provided Ms. Clark with the option of receiving her accrued benefits in the form of: (1) an annuity, or (2) a lump sum based on the present value of that annuity five years after she terminated her employment. Based on her July 31, 2002 termination of employment, the date when this lump sum would be available was August 1, 2007.

On September 5, 2003, the Board of Directors of Feder, Semo and Bard, P.C. amended the Retirement Plan to freeze the accrual of future retirement benefits effective September 30, 2003. On July 29, 2005, a "Second Amendment" to the Retirement Plan was adopted removing the five-year restriction on the receipt of benefits in a lump sum form. As a result, Ms. Clark had the option of taking a lump sum distribution equal to the present value of her annuity on or after August 1, 2005. However, Ms. Clark was not

6

notified of this amendment until September 2, 2005, when she received a letter and benefit statement indicating that her accrued benefit was $4,860.55 per month beginning at age 65.

Less than a month later, on September 29, 2005, Ms. Clark received another letter advising her that the Board of Directors of Feder, Semo and Bard, P.C. had terminated the Retirement Plan effective September 26, 2005 and stating that "all benefits will be distributed" as a result. An attached benefits statement indicated that Ms. Clark's lump sum benefit would be $166,541.71. In a letter to Ms. Clark, outside counsel for the law firm admitted that the present value of her annuity was $312,380.83 as of October 31, 2005, but stated that her benefits had been "pro-rata reduced to match the plan's assets." Ms. Clark was, in other words, offered only a little over 53% of the value of her annuity. Her rights to an annuity of $4,860.55 per month or to a lump sum distribution of the present value of that annuity were reduced or eliminated.

The Summary Plan Description ("SPD") for the Retirement Plan did not describe any circumstances that could result in loss of the benefits that the Retirement Plan promised to provide. Furthermore, the SPD stated that "benefits under this Plan are insured by the PBGC if this Plan has more than 25 participants." The SPD went on to say that "on termination, if the Plan does not have sufficient assets to pay the benefit, the PBGC will provide all or part of that benefit." The SPD did not contain any statement that the Retirement Plan was "not insured" by the PBGC, nor did it describe any reason for a

lack of insurance.

On information and belief, the underfunding of the Retirement Plan that resulted in the approximately 47% shortfall in the lump sum distribution to Ms. Clark was due to the actions and inactions of the Plan's trustees, Joseph Semo and Howard Bard.  The trustees allowed the Plan's funded status to dwindle from close to 100% funding at the start of 2002 to less than 55% funding in the Fall of 2005, without taking appropriate actions to maintain the plan.  The trustees also failed to collect all contributions due the Plan after the 2001 plan year while at the same time increasing their salaries to the exclusion of funding the Plan.  The trustees further miscalculated the Plan's liabilities to the former principal partner of the law firm and otherwise mishandled and negligently failed to review the Plan's investments, the accounting for the Plan's liabilities to participants, and the collection, marshaling, and distribution of the Plan's assets.

Plaintiff alleges three grounds for relief under ERISA:

1.     The "anti-cutback" rule in ERISA §204(g), 29 U.S.C. §1054(g), does not permit the reduction or elimination of an optional form of benefit, including any reduction or elimination as a result of a plan termination.  See Treas. Reg. 1.411(d)-3(a)(1). Optional forms of benefits are also protected against changes that are made "directly or indirectly" or by "multiple" or "serial" amendments.  Treasury Reg. 1.411(d)-3(a)(2)(ii) and (iii); Treas. Reg. 1.411(d)-4, Q&A-2(c).  Thus, Ms. Clark's right to receive her $4,860.55 in accrued benefits as an annuity or as a lump sum actuarial equivalent could

not be reduced or eliminated.

2.  The SPD did not "clearly identify[] circumstances that may result in [the] loss of the benefits" that the Retirement Plan promised to provide as required by the Department of Labor's regulations at 29 C.F.R. 2520.102-3(l). The Department of Labor regulations further provide that when a plan is "not insured" by the PBGC, the SPD "shall contain a statement of this fact, and [the] reason for the lack of insurance." 29 C.F.R. 2520.102-3(m)(1). The SPD for the Retirement Plan did not "contain a statement of this fact" or the "reason for the lack of insurance" and to the contrary suggested that the Plan was insured.

3.  The Plan's trustees have breached their fiduciary duties under ERISA §404, 29 U.S.C. §1104, in the collection, accounting, and distribution of the Plan's assets, resulting in losses to the Plan and its participants. The trustees also breached their fiduciary duties under ERISA §404(a)(1)(D) by failing to protect accrued benefits, including benefit options, and failing to reveal the Plan's lack of insurance and the consequences of a plan termination.

**For the Defendants**:

Defendants contend that they acted in accordance with any obligations imposed upon them by ERISA and/or the relevant plan documents and, therefore, Plaintiff is not entitled to any relief.

Dated:      August 6, 2008.

Respectfully submitted,

<u>/s/ Stephen R. Bruce</u>
Stephen R. Bruce (D.C. # 289066)
Allison C. Pienta (D.C. # 494372)
805 15th St., NW, Suite 210
Washington, D.C. 20005
Tel: (202) 371-8013
Fax: (202) 371-0121
stephen.bruce@prodigy.net

**Attorneys for Plaintiff**

<u>/s/ Jason H. Ehrenberg</u>
Jason H. Ehrenberg (D.C. # 469077)
James C. Bailey (D.C. # 462391)
Bailey & Ehrenberg PLLC
1155 Connecticut Ave., NW, Suite 1100
Washington, D.C. 20036
Tel: (202) 465-4729
Fax: (202) 318-7071
jhe@becounsel.com

**Attorneys for Defendants**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| DENISE M. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| FEDER SEMO and BARD, P.C., | )   Case No. 07-CV-470 (JDB) |
| FEDER SEMO and BARD, P.C. | ) |
| RETIREMENT PLAN and TRUST, | ) |
| JOSEPH E. SEMO, and | ) |
| HOWARD M. BARD, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### PLAINTIFF'S PROPOSED SCHEDULING ORDER

Upon consideration of the Joint Report submitted pursuant to LCvR 16.3, this Court's July 8, 2008 Minute Order and the entire record in this case, it is hereby

**ORDERED** that:

1. The parties shall exchange their Rule 26(a)(1)(A) disclosures, including the documents themselves, on or before September 15, 2008.

2. Motions to join third parties or to amend the pleadings based on the mandatory disclosures shall be filed no later than September 30, 2008.

3. Each party shall be limited to eight (8) depositions.

4. Each party shall be limited to a maximum of twenty-five (25) interrogatories, including discrete subparts, and to a maximum of twenty-five (25) requests for admissions, including discrete subparts.

5. The last date for propounding requests for production, interrogatories, and requests

for admissions shall be December 19, 2008.

6. Each party may retain an actuarial and an accounting expert. Any expert reports shall be completed and exchanged by January 16, 2009.

7. All depositions and other discovery shall be completed by February 10, 2009.

8. Any dispositive motions shall be filed no later than February 27, 2009; oppositions shall be filed no later than March 16, 2009; and replies no later than March 30, 2009.

9. The final pre-trial conference shall be held on March ___, 2009 at ____ am/pm in Courtroom 8.

10. The date for trial shall be set at the pre-trial conference.

   **SO ORDERED.**

Date: _____, 2008

                                             _____
                                             JOHN D. BATES
                                             United States District Judge